# WARD NORRIS HELLER & REIDY LLP
## ATTORNEYS AT LAW

300 STATE STREET
ROCHESTER, NEW YORK 14614
585.454.0700
Fax: 585.423.5910

Thomas S. D'Antonio
(585) 454-0715
Email: tsd@wnhr.com

February 21, 2008

Hon. Gustave J. DiBianco
United States Magistrate Judge
United States District Court
for the Northern District of New York
100 South Clinton
Syracuse, New York 13261

Re: Grant v. National Board of Medical Examiners, Federation of State Medical Boards
07-cv-0996 (GJD/TJM)

Dear Judge DiBianco:

Our Firm has been asked to represent the defendants in the above matter, which I understand has been assigned to you and to Judge McAvoy. On Tuesday, February 19 I received from defendant National Board of Medical Examiners ("NBME") an image of a letter that apparently was sent *ex parte* to the Court on February 13, 2008 by plaintiff's counsel, Mr. Berg, seeking an extension of time to serve the Complaint in this matter upon NBME.[1] The Court granted this request on February 14, 2008.

I respectfully request that the Court vacate that Order, because there is a condition precedent to filing this lawsuit that Dr. Grant has ignored. Specifically, in November 2000, District Judge David Doty of the United States District Court for the District of Minnesota issued an Order, adopting the recommendation of Magistrate Judge Arthur Boylan, that Dr. Grant's Complaint against NBME and one of its employees be dismissed without prejudice, and "[a]ny new complaint against defendants in this matter may be served and filed only upon plaintiff's payment of all monetary sanctions that are imposed in this case, to include $750.00 pursuant to Order dated June 15, 2000 and the additional amount of $3,000.00 as reasonable attorneys fees and expenses incurred in bringing the motion to dismiss." Copies of Judge Doty's November 29, 2000 Order, and Magistrate Boylan's November 7, 2000 Report and Recommendation, are attached as Exhibits A and B, respectively.

---

[1] I note that Mr. Berg's request to the Court only references the NBME. To my knowledge, no effort has been made to serve or contact the Federation of State Medical Boards.

Hon. Gustave J. DiBianco
February 21, 2008
Page 2

      Dr. Grant has not paid either of these sums. While Mr. Berg's recent letter to the Court notes that the November 29, 2000 Order which "relates to the instant case" was provided to him by NBME and was reviewed by him with Dr. Grant, that Order was not furnished to the Court by Mr. Berg, nor was the condition precedent set forth in it recited. In addition, as I understand it plaintiff received, at the time the Complaint was filed, a copy of General Order 25, which directed that service on all defendants be completed within 60 days of filing (*i.e.*, on or before November 26, 2008). Rule 4.1 (b) of the Local Rules directs, moreover, that "[i]n no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." Plaintiff first requested the Court to extend the time within which to effect service on NBME *after* the 120 day period under Rule 4 had expired, and that the first effort he made to serve NBME also was made after the expiration of that period. I respectfully suggest that the rationale for belatedly seeking an after-the-fact extension, which is that Dr. Grant was evaluating whether to "withdraw the complaint," does not suffice as a basis to excuse his failure to timely proceed or his failure to abide by General Order 25 or Local Rule 4.1 (b).

      Considering the foregoing, NBME respectfully requests that, as a result, the Court grant the following relief:

      1) vacate its February 14, 2008 Order granting Plaintiff an extension of time to effectuate service;

      2) direct Dr. Grant to satisfy the $3,750.00 sanction previously imposed by the District Court of Minnesota as a precondition to any new filing that he may choose to make;

      3) direct Dr. Grant, as part of any such new filing, to concurrently file written proof that the sanction referenced above has been satisfied.

      I am available at the Court's convenience should there be any questions or should the Court need further information. I also affirm the factual statements made herein to be true, pursuant to 28 U.S.C. § 1746, but in the interest of expedience I have brought these issues to the Court's attention by letter. I can certainly bring a formal motion if that is the Court's desire. I thank the Court for its consideration.

                                        Respectfully submitted,

                                          s/ Thomas S. D'Antonio

                                          Thomas S. D'Antonio
                                          Bar No. 510890

cc: Stefan Berg, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

C. Earl Grant,   Civil No. 99-66 DSD/AJB

Plaintiff,

v.

**ORDER**

Gerald S. Golden and National Board
of Medical Examiners,

Defendants.

Based upon the Report and Recommendation by United States Magistrate Judge Arthur J. Boylan dated November 7, 2000, along with all the files and records, and no objections having been filed to said Recommendation, **IT IS HEREBY ORDERED THAT** defendants' Motion for Sanction of Dismissal with prejudice is **granted in part and denied in part** [Docket No. 74]. Plaintiff's complaint is dismissed without prejudice. Any new complaint against defendants in this matter may be served and filed only upon plaintiff's payment of all monetary sanctions that are imposed in this case, to include $750.00 pursuant to Order dated June 15, 2000, and the additional amount of $3000.00 as reasonable attorneys fees and expenses incurred in bringing the motion to dismiss. Fed. R. Civ. P. 41(b). The $750.00 sanction pursuant to the June 15, 2000, Order has already been imposed and payment is required without respect to whether plaintiff files a later action.

Dated: 11/29/00

David S. Doty
United States District Court Judge

NOV 27 2000

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

C. Earl Grant,                                            Civil No. 99-66 DSD/AJB

              Plaintiff,

v.                                                 **REPORT AND RECOMMENDATION**
                                                   **ON MOTION TO DISMISS**

Gerald S. Golden and National Board
of Medical Examiners,

              Defendants.

The matter came before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion for dismissal of the action as sanction for plaintiff's failure to respond to discovery and noncompliance with a previous court order on discovery. Hearing was held on October 27, 2000, at the United States Courthouse, 316 No. Robert St., St. Paul, Minnesota 55101. Janie S. Mayeron, Esq., appeared on behalf of the defendants. Kenneth W. Saffold, Esq., appeared on behalf of the plaintiff.

Based upon the file, submissions of parties, and arguments and representations of counsel, **IT IS HEREBY RECOMMENDED** that defendants' Motion for Sanction of Dismissal with prejudice be **granted in part and denied in part** [Docket No. 74]. It is recommended that plaintiff's complaint be dismissed without prejudice to plaintiff's right and ability to re-commence this action against the defendants by re-filing and re-service of the complaint. As a condition for effective service of a new complaint against defendants in this matter, it is required that plaintiff have paid all monetary sanctions that are imposed in this case, to include $750.00 pursuant to Order dated June 15, 2000, and the additional amount of $3000.00

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D_____
DEPUTY CLERK_____

as reasonable attorneys fees and expenses incurred in bringing the present motion to dismiss. Fed. R. Civ. P. 41(b). The $750.00 sanction pursuant to the June 15, 2000, Order has already been imposed and payment is required without respect to whether plaintiff files a later action.

Dated: 11/7/00

_____
Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Plaintiff was previously assessed $750.00 as sanction for causing defendant to incur attorneys fees and expenses in bringing a discovery motion. The Court's Order dated June 15, 2000, explicitly advised plaintiff that failure to timely comply with the Order may result in imposition of additional sanctions, including but not limited to dismissal of the action. Plaintiff has not paid the sanction and has not responded to discovery as required by the June 15, 2000, Order. Furthermore, in response to the present motion to dismiss, plaintiff does not contend that the discovery has since been provided but simply argues against dismissal and seeks an amended order on discovery. Under the circumstances, the defendants' motion to dismiss is a proper procedural action which is necessitated by plaintiff's failure to comply with discovery obligations under the Rules of Civil Procedure and prior court order. The Court finds that $3,000.00 is a reasonable amount to assess plaintiff as sanction for causing defendants to bring the motion to dismiss, and which should be payable by plaintiff as a condition to further proceeding on the claims alleged in this case. Dismissal without prejudice does not preclude plaintiff from

prosecuting his claims in this case, but in the event that plaintiff elects to go forward on his allegations, in this Court or elsewhere, the motion to dismiss will have been rendered ineffective as a sanction and the $3000.00 penalty will provide the appropriate sanction for plaintiff's dilatory conduct which necessitated the motion to dismiss.

       Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 18, 2000.

       Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.