# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

C. EARL GRANT,

                                                Plaintiff,

                - vs -

NATIONAL BOARD OF MEDICAL EXAMINERS AND
FEDERATION OF STATE MEDICAL BOARDS,

                                                Defendant.

**Civil Action No.:**

**7:07-cv-00996
(GJD/TJM)**

---

**IT IS HEREBY ORDERED that**, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Gustave J. DiBianco, United States Magistrate Judge, on March 12, 2008 at 11:00 A.M. The conference will be held telephonically.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 15th day of April, 2008.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 15th day of April, 2008.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 30th day of September, 2008. **(Discovery time table is to be based on the complexity of the action).**

4) **MOTIONS:** All motions, including discovery motions, shall be made on or before the 30th day of October, 2008. (**Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____ day of _____, _____. It is anticipated that the trial will take approximately 1-2 days to complete. The parties request that the trial be held in Syracuse or Binghamton, N.Y. (**The proposed date for the commencement of trial must be within 18 months of the filing date).**

6) **HAVE THE PARTIES FILED A JURY DEMAND:** ____(YES) / _X_(NO).

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?** Plaintiff believes that the Court has jurisdiction. Plaintiff alleges, as one claim, damages that appear to exceed the jurisdictional threshold applicable to diversity proceedings, although defendants deny that plaintiff has been damaged in any way. Both defendants have been served, although as the Court is aware defendants, through counsel, have raised certain objections to the filing of the Complaint due to plaintiff's failure to comply with a condition precedent to suit, and they further have objected to plaintiff's failure to comply with General Order 25 and Local Rule 4.1 in seeking to effect service.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?** Plaintiff claims that defendants inaccurately graded the USMLE Step 3 Examinations required for him to progress toward licensure as a physician, and that he was damaged as a result. Defendants deny those allegations. There have been no counterclaims asserted to date.

9) **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?** Whether defendants improperly graded his USMLE Step 3 Examinations? Whether plaintiff asserted one or more cognizable claims? Whether plaintiff's claims are timely?

10) **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?** The parties believe that certain issues may be narrowed through various pre-trial proceedings and stipulations, although at this juncture they cannot identify with specificity those issues. At an appropriate point, defendants anticipate that some or all of the claims will be the subject of dispositive motions.

11) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?** Plaintiff seeks to have his USMLE Step 3 Examinations "rescored"; he also has claimed money damages. Defendants will seek dismissal of these claims.

12) **DISCOVERY PLAN:**

    A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before the 1st day of May 2008.

    B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

To the extent discovery proceeds, the parties anticipate that it will focus on the testing provided to plaintiff, and the scoring of that testing.

    C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Phased discovery does not appear necessary.

    D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

To the extent discovery proceeds, written demands in the form of interrogatories and document demands will be served on or before May 15, 2008.

    E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties anticipate the need for fewer than five depositions: the plaintiff and two to three representatives of defendants. Depositions will likely be completed by August 15, 2008. Plaintiff's deposition will be taken in the District; defendants are located out of State, and depositions will take place at their respective places of business (Pennsylvania and Texas), or at a location to be agreed on by the parties.

**F.      Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Experts do not appear to be necessary in this case.

**G.      Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Responsive ESI will be produced in paper format, or as elected by the producing party, and will be produced as part of the documents furnished in response to the document demands served herein.

**H.      Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

None necessary at this time.

**I.      Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None anticipated at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It appears at this point to be possible to reduce the trial length using appropriate stipulations, but the parties anticipate a short trial, if necessary, in any event.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?** No

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

    Not applicable

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

    1-------2------3 ---- 4 ---- 5---- 6 ---- 7 ----8---- 9 ---- 10
                                      X
    (VERY UNLIKELY) →→→→→→→→→→→→→→→→ (LIKELY)

    CANNOT BE EVALUATED PRIOR TO _____ (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

    Court intervention may assist settlement efforts at the appropriate time.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

17) **IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____ ARBITRATION

_____ MEDIATION

_____ EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on March 3, 2008 at 11:00 a.m. and was attended by:

Stefan Berg, Esq  for plaintiff

Thomas S. D'Antonio  for defendants

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*