UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

                Plaintiff,

vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

                Defendants.

**ANSWER AND COUNTERCLAIM**

Civil Action No.
7:07-cv-00996
(TJM-GJD)

---

        Defendants, National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB") for their Answer to plaintiff's Complaint, state that they:

        1.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny the same.

        2.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

        3.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

        4.    Deny the allegations of paragraph 4.

        5.    Deny the allegations of paragraph 5, except admit that FSMB is a not-for-profit organization which, along with NBME, sponsors the United States Medical Licensing Examination ("USMLE").

        6.    Deny the allegations of paragraph 6, except admit that NBME is a not-for-profit organization which, along with FSMB, sponsors the USMLE.

7. Deny the allegations of paragraph 7, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that there is diversity of citizenship, and therefore deny the same.

8. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny the same.

9. Deny the allegations of paragraph 9.

10. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny the same.

11. Deny the allegations of paragraph 11, except admit that plaintiff has received passing scores on Steps 1 and 2 of the USMLE.

12. Deny the allegations of paragraph 12, except admit that NBME publishes a USMLE Bulletin of Information which includes, among other things, procedures for requesting and performing score rechecks of USMLE examinations.

13. Deny the allegations of paragraph 13, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is an individual with a disability, and therefore deny the same.

14. Deny the allegations of paragraph 14, except admit that on or around July 1, 1998, plaintiff and NBME entered into a settlement agreement resolving a lawsuit filed by plaintiff against NBME in the United States District Court for the District of Minnesota, Third Division, Civil File No. 3-96-310 (the "Settlement Agreement").

15. Deny the allegations of paragraph 15.

16. Deny the allegations of paragraph 16, except admit that subsequent to the Settlement Agreement, plaintiff received a passing score on Step 2 of the USMLE.

17. Admit the allegations of paragraphs 18.

18. Deny the allegations of paragraph 19, except admit that plaintiff has not received a passing score on Step 3 of the USMLE.

19. Deny the allegations of paragraph 20.

20. Deny the allegations of paragraph 21, except admit that NBME has not performed a score recheck on four of plaintiff's five Step 3 examinations because plaintiff failed to request a score recheck in a timely fashion as required by the USMLE Bulletin of Information.

21. Deny the allegations of paragraph 22, except admit that plaintiff took Step 3 of the USMLE on July 9, 2003, and subsequently received a two-digit score of 65.

22. Deny the allegations of paragraph 23, except admit that plaintiff took Step 3 of the USMLE on July 21, 2004, and subsequently received a two-digit score of 67.

23. Deny the allegations of paragraph 24, except admit that plaintiff took Step 3 of the USMLE on December 7, 2004, and subsequently received a two-digit score of 66.

24. Deny the allegations of paragraph 25, except admit that plaintiff took Step 3 of the USMLE on July 25, 2005, and subsequently received a two-digit score of 64.

25. Deny the allegations of paragraph 26, except admit that plaintiff took Step 3 of the USMLE on November 1, 2006, and subsequently received a two-digit score of 65.

26. Deny the allegations of paragraph 27, except admit that with respect to the Step 3 examinations administered by NBME on July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006, the USMLE Step 3 Committee identified a

minimum pass-score of 75 on the two-digit scale and recommended that score to state licensing authorities.

27. Deny the allegations of paragraph 28.

28. Deny the allegations of paragraph 29.

29. Deny the allegations of paragraph 30.

30. Deny the allegations of paragraph 31.

31. Deny the allegations of paragraph 32.

32. Deny the allegations of paragraph 33.

## AS TO THE FIRST CAUSE OF ACTION

33. Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

34. Deny the allegations of paragraph 35.

## AS TO THE SECOND CAUSE OF ACTION

35. Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

36. Deny the allegations of paragraph 37.

## AS TO THE THIRD CAUSE OF ACTION

37. Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

38. Deny the allegations of paragraph 39.

## AS TO THE FOURTH CAUSE OF ACTION

39. Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

40. Deny the allegations of paragraph 41.

41. Deny each and every other allegation of plaintiff's Complaint not expressly admitted or denied herein.

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by plaintiff must be barred or diminished by reason thereof.

## SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, by reason of public policy.

## SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or part, by reason of a release.

## COUNTERCLAIM BY NBME

49. Defendant NBME repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 41 of plaintiff's Complaint, as though fully set forth at length herein.

50. The Settlement Agreement entered into between plaintiff and NBME provides at section 6(c) as follows:

> In the event that Grant pursues a suit or charge of retaliation or for breach of this Agreement, the prevailing party may seek reimbursement of all attorneys' fees and costs incurred in pursuit or defense of such action from the unsuccessful party by bringing a motion for attorneys' fees to the presiding judge of the litigation.

51. In his Complaint, plaintiff alleges that defendant NBME has breached the Settlement Agreement.

52. NBME has not breached the Settlement Agreement and is entitled to dismissal of plaintiff's claims as they are without merit.

53. NBME has incurred, and will continue to incur, attorneys' fees and other costs in the defense of this matter.

54. Accordingly, pursuant to the terms of the Settlement Agreement, NBME is entitled and intends to seek reimbursement from plaintiff of all attorneys' fees and costs incurred in defense of plaintiff's Complaint.

**WHEREFORE**, defendants NBME and FSMB request that plaintiff's Complaint be dismissed with prejudice, that plaintiff's claims for relief be denied, that judgment be entered in favor of NBME and FSMB, that NBME and FSMB be awarded their expenses, costs and attorneys' fees incurred in defense of this action, and that NBME and FSMB be afforded all other relief this Court deems just and proper.

DATED: July 9, 2008                 WARD NORRIS HELLER & REIDY LLP


By:   s/ Heidi S. Martinez
      Thomas S. D'Antonio (Bar Roll No. 510890)
      Heidi S. Martinez (Bar Roll No. 507390)
      300 State Street
      Rochester, New York 14614
      (585) 454-0700
      Fax: (585) 423-5910
      hsm@wnhr.com

      *Attorneys for defendants National Board of Medical Examiners and Federation of State Medical Boards (sued here as Federation of States Medical Board)*