

DEPARTMENT OF THE ARMY
HEADQUARTERS, US ARMY MEDICAL DEPARTMENT ACTIVITY
9501 FARRELL ROAD, SUITE E-14
FORT BELVOIR, VIRGINIA 22060-9501

REPLY TO
ATTENTION OF:

18 August 2008

Hon. Magistrate Gustave J. DiBianco
U.S. Courthouse
100 South Clinton Street
P.O. Box 7396
Syracuse, N.Y. 13261-7396



U.S. MAGISTRATE JUDGE-N.D. OF N.Y.
RECEIVED
AUG 29 2008
AT_____O'CLOCK_____
Hon. Gustave J. DiBianco

RE:  **Case # 7:07-CV-996 (TMJ/GJD)**

Hon. Magistrate Gustave J. DiBianco:

In response to the letter from the court dated July 29, 2008, I hereby request an extension of the time deadline by which to find alternate counsel or be declared in the continuation of this case.

As an active duty officer in the United States Army I was recently reassigned to a new duty location at Fort Belvoir, Virginia effective June 15, 2008. In the interest of seeking justice and my willingness to continue to serve the US Army in the capacity as a fully trained, qualified physician I intend to see this case heard before a jury trial to establish and enforce corrective actions to the defendants whom have, over the past 14 years have continued with reprisal and discriminatory tactics aimed at denying my access to the medical profession.

I have been a legal resident and citizen of the United States for over 30 years functioning as a productive citizen. I received a scholarship from the Army Medical Department to attend medical school and have done well to prepare myself as a physician throughout medical school and three years of internal medicine residency training. The US armed forces are engaged in battle on several fronts presently, with many casualties and a severe shortage of adequately trained physicians and other medical professionals to care for the wounded and their families.

The defendants' reckless actions and disregard for my human rights have caused tremendous personal financial, mental and emotional strains in addition to the burden to the Army which paid for my entire medical school cost with the expectation that I would fulfill my obligation as a physician. I joined the Army fully aware that I might be called upon at anytime to be on the battle field. I never envisioned that I would be fighting a battle in the court to prove that I am worthy of being a physician.

Prior to attending medical school I earned a Ph.D., Ms, MBA and BS in this country with GPA above 3.5 on a 4.0 scale. I completed my medical school and residency training requirements feeling very confident and competent as a thoroughly trained physician having had the privilege to undergo training at some of the nation's finest training institutions.

Since March 2008, I have paid the required fees mandated by the court and requested that the defendants properly graded or re-graded my State Board Examination. Similarly, I have had to make several requests for the defendants to properly re-grade my examination in reference to the USMLE Step 1, and USMLE Step 2 exams after the defendants intentionally issued failing grades, apparently without having graded those exams. I only received passing grades on the two previous exams after considerable delays in progressing with my career, and only after filing complaints in the federal court on both occasions.

In 1997, while the first case was pending in the court the defendants requested and out-of court settlement to avoid the negative publicity and public embarrassment. After a settlement conference on December 29, 1997, the defendants insisted on inserting additional restrictive terms into the settlement agreement. In 1998, the defendants filed several motions for the court to force my acceptance of those additional terms, and further sent threats through their legal counsel that I would not receive a passing grade unless the case was dropped.

I signed the settlement agreement on June 19, 1998, at the defendants' request and promised that all reprisal and discriminatory behavior would be discontinued, that they would also sign the agreement on June 19, and re-graded my Step 2 exam on time for me to begin my residency on June 24, 2998. The defendants instead, signed the agreement on July 1, 1998, after ensuring that I could not begin my residency training that year.

A second case to address continued reprisal and inconsistencies with the Step 2 exams had to the filed in January 1999, after the Step 2 exam documents were examined by attorney Larry Reed and a representative attorney of the NBME in my presence and inconsistencies were discovered. The NBME claimed then that the USMLE Step 2 examinations taken by me three times were hand-scored and that the scores originally reported were accurate. Only the first of the three exams was partially hand-scored. The second and third exam documents which the NBME claimed by **two** and **one** points, respectively, had no markings to indicate that hand-scoring was ever attempted. The partially hand-scored test which the NBME claimed that I had failed by **four** points revealed 474/600 (79 %) with several columns of test responses un-scored.

The defendants have continued their reprisal and discriminatory actions throughout my residency training in reference to the in-service examination and up to the present time with the USMLS Step 3 (State Board Examination).

The defendants have proposed a settlement agreement whereby I must agree to dismiss all claims and in return the defendants promise to re-check their computers to determine

if there were software problems that prevented me from obtaining passing grades. I have no reason to believe that the software programs malfunctioned. It will be in the court's and everyone's best interest to have the defendants furnish the examination answer keys and my exam responses for the USMLE Step 2 and USMLE Step 3, to an expert witness who will objectively grade the exams and provide the results to the court to make its decision.

Respectfully,

*C. Earl Grant, M.D.*

MAJ C. Earl Grant, M.D., Ph.D.
US Army Medical Department
DHCN-Fort Belvoir, VA
Phone: (703) 805-0665
Mobile: 561-537-0229