UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

C. EARL GRANT

                            Plaintiff,

      vs.

                                           7:07-CV-996
                                         (TJM/GJD)

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD
                                 Defendants.
_____

C. EARL GRANT, Plaintiff *Pro Se*
THOMAS S. D'ANTONIO, ESQ. for Defendants
HILDRETH J. MARTINEZ, ESQ. for Defendants

## ORDER

The court has recently received a letter-motion including a lengthy submission which the now-*pro se* plaintiff labels an "Amended Complaint."  (Dkt. No. 25). Attorney Martinez, counsel for the National Board of Medical Examiners, requests an opportunity to oppose the filing of this "Amended Complaint" if the court is going to consider the document.  (Dkt. No. 26).

As defense counsel points out, since defendants have answered the complaint (Dkt. No. 18), plaintiff must file a motion to amend his complaint that complies with the Local Rules of this district and FEDERAL RULE OF CIVIL PROCEDURE 15, since defendants do not consent.  If plaintiff makes a motion, defendants will then have the opportunity to oppose that motion.  Because plaintiff's submission is not in proper form, the court will ***deny*** plaintiff's motion without prejudice to re-filing.

In his letter of September 19, 2008, plaintiff refers to a "recent communication

with Mr. Stefan Berg, my former legal counsel . . ." (Dkt. No. 25).  On September 16, 2008, this court issued an order raising questions about plaintiff's forwarding a copy of a communication to the court to Mr. Stefan D. Berg.  (Dkt. No. 24).  This court **specifically stated in the Order that it was unclear why Mr. Berg is receiving copies of  communications to this court since he is not entitled to practice law**.  (Dkt. No. 24).

It is probably the case that plaintiff did not receive this court's September 16, 2008 order before he mailed his letter dated September 19, 2008.  The court makes **no** finding about that issue.  Nevertheless, plaintiff's September 19, 2008 letter causes even more concern for the court since plaintiff has stated in that letter that he has been informed by Mr. Berg about aspects of the complaint.  This court, therefore, will direct that plaintiff file an affidavit about the recent communications with Mr. Berg.  This affidavit must **specifically state** the following:

      a.  Who initiated this communication(s) and on what date(s)
      b.  What was the purpose of the communication(s)
      c.  The length of the conversation(s) and the subject matters discussed

**WHEREFORE** it is hereby

**ORDERED,** that plaintiff is directed to file, **in affidavit form**, a statement about the "recent" communication(s) with Mr. Stefan Berg.  This affidavit must be filed **no later than Friday, October 17, 2008**; and it is further

**ORDERED,** that the clerk send a copy of this order to Mr. Stefan Berg; and it

is further

ORDERED, that the court **DENIES** plaintiff's request to amend his complaint

(Dkt. No. 25) without prejudice to re-filing the request; and it is further

ORDERED, that plaintiff's affidavit must be filed *no later than Friday,*

*October 17, 2008*.

Date: September 26, 2008

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

3