C. EARL GRANT vs. NATIONAL BOARD OF MEDICAL EXAMINERS and FEDERATION OF STATES MEDICAL BOARD

7:07-CV-996
(TJM/GJD)                           November 12, 2008

## MEMORANDUM TO FILE FROM JESSICA INDINGARO

On November 10, 2008, I received a call from the plaintiff. The plaintiff asked about his motion to amend the complaint dated October 22, 2008, and wanted to know if the court had received the motion and how long it might take to resolve the motion. I was unable to locate the motion on the docket, and explained that there were a number of reasons why the motion may not have made it to the docket. I also stated that I would attempt to locate the motion papers. I explained that the motion may take days or months to decide, but could not offer any suggestion as to how long the motion might take to resolve. I stated that I would call the plaintiff and tell him whether the motion papers had been located. Judge Di Bianco told me that any communication to plaintiff will be in writing.

The plaintiff also asked whether the defendants were required to send him copies of all items that the defendants file in this case. I confirmed that both parties were required to serve copies of all court filings on the other parties. The plaintiff stated that he had not received a copy of the defendants' "Letter Response in Opposition" (Dkt. No. 26) to his September 23, 2008 letter request/ motion (Dkt. No. 25). The plaintiff stated that he did not receive this court's order dated September 16, 2008 (Dkt. No. 24). Plaintiff stated that he was aware of the opposition response

and the order because both were referenced in this court's order dated September 26, 2008 (Dkt. No. 27), which he did receive. He requested that I send him copies of Docket Numbers 24 and 26. I told him that I will ask the clerk to send courtesy copies of the two documents to plaintiff.

I asked plaintiff about the Fort Drum address listed on the docket. I explained that Docket Number 26 indicated that defense counsel **did** send a copy to plaintiff, and that the clerk of the court traditionally served all orders on *pro se* plaintiffs. Plaintiff stated that all mail sent to the Fort Drum address would get to him at Fort Belvoir, and that his last submission to the court indicated that the Fort Belvoir address was the better address. Plaintiff asked that the copies of the documents be sent to him at the Fort Belvoir address.

An order from the court will follow.

Judge Di Bianco directs that this *Memorandum* be filed and served on all parties.

/s/ Jessica L. Indingaro, Esq.
Law Clerk to Hon. Gustave J. Di Bianco