# **EXHIBIT**

# **A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIRST DIVISION

C. Earl Grant and Celi V. Watts,

Plaintiffs,

vs.

National Board of Medical Examiners,

Defendants.

Civil No. CV 3-96-310

**COMPLAINT**

## INTRODUCTION

1. This is a disability discrimination lawsuit brought by C. Earl Grant and Celi Watts, two medical students who have diagnosed disabilities, against defendant National Board of Medical Examiners (hereafter "NBME") for failing to offer the United States Medical Licensing Examination - Step 1 (USMLE Step 1) in a manner that is accessible to the plaintiffs. The defendant refused to reasonably accommodate plaintiffs' disabilities by, among other things, allowing them additional time to take the USMLE Step 1 examination. In doing so, defendants violated federal and state anti-discrimination statutes, including the Americans With Disabilities Act (ADA), 42 U.S.A. 12101, *et seq.* and the Minnesota Human Rights Act, Minn. Stat. § 363.01, *et seq.*, specifically including 42 U.S.C. § 12189. Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages and statutory attorneys fees and expenses.

## JURISDICTION

2. This Court has jurisdiction over plaintiffs' case pursuant to 28 U.S.A. 1331 in that this is an action arising under the laws of the United States. Plaintiffs seek

declaratory, injunctive and monetary relief to redress the deprivation rights secured them by the Americans with Disabilities Act, 42 U.S.A. 12101, *et seq*. This Court has supplemental jurisdiction over those of plaintiffs' claims which arise under the laws of the State of Minnesota, pursuant to 28 U.S.A. 1367, since the federal and state claims arise out of the same operative facts, circumstances and transactions.

## PARTIES

3. Plaintiff C. Earl Grant is a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act (28 U.S.A. 12102 (2) and 12131 (2)) and by the Minnesota Human Rights Act (Minn. Stat. § 363.01, subd. 35). Specifically, he has been diagnosed with Attention Deficit Disorder (ADD).

4. Plaintiff Celi V. Watts is a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act (28 U.S.A. 12102 (2) and 12131 (2)) and by the Minnesota Human Rights Act (Minn. Stat. § 363.01, subd. 35). Specifically, she has been diagnosed with Attention Deficit Disorder (ADD).

5. The NBME is a public accommodation as that term is defined by the ADA (28 U.S.C. § ) and by the Minnesota Human Rights Act (Minn. Stat. Section § 363.01, subd. 33). It provides testing and certification services for the purpose of licensing physicians.

6. The NBME is an entity that offers examinations related to applications, licensing, certification or credentialling for post-secondary education, professional or trade purposes, as those terms are used by 42 U.S.C. § 12189.

## FACTS

7. Plaintiffs are students enrolled at the University of Minnesota Medical School.

8. In order to become licensed physicians, plaintiffs must take certain licensing examinations offered by defendant NBME, including the USMLE Step I examination.

9. Plaintiff Grant notified NBME of his disability and requested that NBME reasonably accommodate his disability by allowing him additional time to take the Step I examination on two occasions: March 23, 1995 and August, 1995.

10. Defendant NBME refused to accommodate both of Grant's requests for reasonable accommodation. It notified Grant of its decisions on May 19, 1995 and September 11, 1995.

11. Plaintiff Watts notified NBME of her disability and requested that NBME reasonably accommodate her disability by allowing her additional time to take the Step I examination on June 15, 1995.

12. Defendant NBME refused to accommodate Watts' request for reasonable accommodation. It notified Watts of its decisions on September 11, 1995.

13. Defendant NBME informed both of the plaintiffs that it was refusing to grant their requests for reasonable accommodation because it disagreed with their doctors' diagnoses that plaintiffs have ADD.

14. Grant attempted to take the USMLE Step I examinations offered in June and November, 1995 without having the necessary accommodation for his disability.

He was not able to complete all of questions in the examination due to his disability and did not pass the examination.

15. Watts attempted to take the USMLE Step 1 examination offered in September, 1995 without having the necessary accommodation for her disability. She was not able to complete all of the questions in the examination due to her disability and did not pass the examination.

16. Grant and Watts intend to take the USMLE Step I examination again when it is offered in the future.

17. Grant recently made a new request that the NBME reasonably accommodate his disability by allowing him additional time for taking the examination. Watts intends to make another request for accommodation when she applies to take the examination again. The plaintiffs do not expect that defendant NBME will grant their requests for reasonable accommodation.

18. Defendant acted with willful disregard for the rights of plaintiffs.

19. As a result of defendant's refusal to accommodate plaintiffs' disabilities, both of the plaintiffs were subjected to discrimination by the defendant and were deprived of the full and equal use of the services and benefits of the NBME.

20. As a further result of defendant's refusal to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, each of the plaintiffs suffered mental and emotional damages, including humiliation, embarrassment, emotional distress, and mental and emotional pain and suffering.

21. As a further result of defendant's refusal to accommodate plaintiff Grant's disabilities by allowing him additional time to take the USMLE - Step 1

examination, plaintiff Grant has incurred, and expects to incur in the future, economic losses which he estimates to be in the amount of $55,000, in the form of:

    a. lost future income due to the delay in graduating from medical school and the resulting delay in becoming employed as a physician; and

    b. application fees for taking two USMLE - Step 1 examinations after defendant refused his request for reasonable accommodation.

22. As a further result of defendant's refusal to accommodate plaintiff Watts' disabilities by allowing her additional time to take the USMLE - Step 1 examination, plaintiff Watts has incurred, and expects to incur in the future, economic losses which she estimates to be in the amount of $55,000, in the form of:

    a. lost future income due to the delay in graduating from medical school and the resulting delay in becoming employed as a physician; and

    b. application fees for taking one USMLE - Step 1 examinations after defendant refused her request for reasonable accommodation.

## COUNT I

### VIOLATION OF THE ADA (42 U.S.C. § 12189)

23. Plaintiffs reallege Paragraphs 1 - 22.

24. By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated 42 U.S.A. § 12189.

25. As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in Paragraphs 19 - 22 of this Complaint.

## COUNT II

## VIOLATION OF THE ADA (TITLE III)

26. Plaintiffs reallege Paragraphs 1 - 25.

27. By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated Title II of the ADA (42 U.S.A. § 12131 *et seq.*).

28. As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in Paragraphs 19 - 22 of this Complaint.

## COUNT III

## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

29. Plaintiffs reallege Paragraphs 1 - 28.

30. By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, Defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated Minnesota Human Rights Act (Minn. Stat. § 363.03, subd. 4).

31. As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in paragraphs 19 - 22 of this Complaint.

## RELIEF REQUESTED

WHEREFORE, plaintiffs demand the following relief:

1. A declaratory judgment that:

    a. Defendant violated the ADA when it refused to accommodate plaintiffs' disabilities.

b.  Defendant violated the Minnesota Human Rights Act when it refused to accommodate plaintiffs' disabilities.

2. Directing to defendant to grant plaintiffs' requests for reasonable accommodation in connection with taking the USMLE Step I examination, including but not limited to, allowing them additional time for taking the examination.

3. Judgment against defendants jointly and severally and in favor of each plaintiff in the amount of $80,000 for plaintiff Grant and $80,000 for plaintiff Watts, as and for compensatory damages pursuant to the Minnesota Human Rights Act.

4. Judgment against defendants jointly and severally and in favor of Plaintiffs in the amount of $8,500 for each plaintiff, as and for punitive damages pursuant to the Minnesota Human Rights Act.

5. An award of Treble Damages in favor of each plaintiff and against each of the defendants pursuant to the Minnesota Human Rights Act (Minn. Stat. § 363.071, subd. 2).

6. Ordering each of the defendants to pay a civil penalty pursuant to the Minnesota Human Rights Act (Minn. Stat. § 363.071, subd. 2) and the ADA.

7. Ordering such other affirmative relief as may be necessary to correct the impact of the defendants' discriminatory conduct.

8. Ordering defendants to pay plaintiffs' reasonable attorneys fees and expenses.

9. For such other and further relief as the Court may determine to be just and equitable.

Respectfully submitted,

LEGAL AID SOCIETY OF MINNEAPOLIS

Dated: 3 April 1996

BY: Roderick J. Macpherson, III   (No. 66163)
Pamela S. Hoopes  (No. 208504)
Attorneys for Plaintiffs
MINNESOTA DISABILITY LAW CENTER
430 First Ave North, Suite 300
Minneapolis, MN 55401-1780
(612) 334-5785, ext. 237