UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GRANT v. NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL. | 7:07-CV-996 (TJM/GJD) |

_____

C. EARL GRANT, *Pro Se* Plaintiff
THOMAS S. D'ANTONIO, ESQ., For Defendants
HILDRETH J. MARTINEZ, ESQ., For Defendants

## ORDER

This court is issuing this order to correct some confusion that has apparently arisen in this case. Presently before the court is a document sent to my chambers by plaintiff labeled "Motion to Amend Complaint and Request Discovery." (Dkt. No. 33). The cover-letter for this document is dated November 13, 2008, and the "motion" is dated October 22, 2008. This document appears to be a copy of a document that was previously sent to my chambers on October 22, 2008. Plaintiff's submissions have caused a great deal of confusion because he insists on sending documents directly to my chambers instead of sending the materials to the Clerk's Office of the Northern District of New York. I issued an order on November 13, 2008 which should rectify this problem. (Dkt. No. 31).

The court notes that plaintiff did not start this case *pro se* and has not had the benefit of this court's orders explaining that all pleadings, motions and other documents relating to this action must be **filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S.**

*Clinton St., Syracuse, New York 13261-7367*.  Any paper sent by a party to the Court shall be accompanied by a certificate setting forth the date a true and correct copy of the document was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service *will be stricken* from the record.

On September 26, 2008, I issued an order in response to a letter-motion sent by plaintiff, requesting that the court accept his attached amended complaint. (Dkt. Nos. 25, 27).  This submission included a document that plaintiff labeled his "Amended Complaint."[1]  On September 25, 2008, defense counsel filed a letter, stating that since the defendants had answered the original complaint, plaintiff would have to make a motion to amend, to which the defendants would request an opportunity to respond. (Dkt. No. 26).

In my September 26, 2008 order, I told plaintiff that if he wished to amend his complaint, he would have to file a "motion" to amend, and I denied the plaintiff's request to accept the proposed amended pleading "without prejudice to refiling the request." (Dkt. No. 27 at p.3).  The September 26, 2008 order also dealt with other issues, not relevant to the motion to amend.[2]  Plaintiff's most recent submissions

---

[1] The Clerk of the Court only filed the cover-letter, however, the court has retained the entire document. (Dkt. No. 25).

[2] This court ordered plaintiff to submit an affidavit regarding his former counsel, and plaintiff has complied with that order.

2

appear to be his attempt to file a "motion" to amend, however, plaintiff has now filed only a "motion" and has not included the proposed amended complaint.[3] Plaintiff has also included a request for the court to permit "discovery." Plaintiff's mistake is understandable since he is now *pro se*, and this court's order stated that plaintiff should re-submit the "request." The Local Rules of the Northern District of New York require that

> [a] party moving to amend a pleading pursuant to FED. R. CIV. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supercede the original pleading in all respects.

LOCAL RULES N.D.N.Y. 7.1(a)(4). Plaintiff may not have understood that he should submit the "motion" together with the "proposed amended complaint."

Because plaintiff is *pro se*,[4] this court will order the proposed amended complaint filed together with the "motion" and will afford defendants until **Friday, December 5, 2008** to respond to plaintiff's motion to amend. The court would note that any request for the court to allow "discovery" must be denied as premature and unnecessary. There is no need to make "discovery" motions unless the parties are

---

[3] It is also unclear whether the "motion" has been served on defendants. Although the motion contains a certificate of service and appears to have been served on October 22, 2008, the date on the actual "certificate" has been left blank.

[4] The court has granted plaintiff extensions to obtain new counsel, but assumes that since plaintiff has made a motion to amend on his own behalf that he is going to proceed *pro se*. If plaintiff does obtain counsel in the future, counsel should file a notice of appearance with the court in order to take over representation of plaintiff.

having a dispute regarding discovery that they cannot resolve themselves.  *See* LOCAL RULES N.D.N.Y. 7.1(d).

**WHEREFORE** it is hereby

**ORDERED**, that the Clerk of the Court file plaintiff's "motion," dated October 22, 2008, a copy of which was also received by the court on November 13, 2008 with the proposed amended complaint and its exhibits, that were submitted by plaintiff on September 23, 2008, and it is

**ORDERED**, that the motion will be filed as a "Motion to Amend," and it is

**ORDERED**, that the portion of plaintiff's motion that requests the court to allow "discovery" is **DENIED AS PREMATURE AND UNNECESSARY**, and it is

**ORDERED**, that defendants will have until **DECEMBER 5, 2008** to file a response to plaintiff's motion, and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service *will be stricken*.

Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Motions must comply with Local Rule 7.1 of the Northern District of New York and are to be made returnable before the court on any business day with proper allowance for notice as required by the Rules. Plaintiff is also required to promptly notify the Clerk's Office and defense counsel of any change in his address.

Dated: November 19, 2008

*(signature)*
Hon. Gustave J. DiBianco
U.S. Magistrate Judge