UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

         Plaintiff,    **<u>DECLARATION</u>**

vs.

                 Civil Action No.
NATIONAL BOARD OF MEDICAL EXAMINERS and  7:07-cv-00996
FEDERATION OF STATES MEDICAL BOARD,    (TJM-GJD)

         Defendants.

---

  David A. Johnson, under penalty of perjury and pursuant to 28 U.S.C. §1746, declares as follows:

  1.  I am employed by the Federation of State Medical Boards ("FSMB") as Vice President for Assessment Services. I have personal knowledge of the facts set forth herein and if called could testify competently thereto.

  2.  In my position at FSMB, I am responsible for overseeing the registration of all applicants for the USMLE Step 3, production and reporting of USMLE transcripts to state medical boards, staffing of a customer service phone bank, and providing staff support for various USMLE committees.

  3.  FSMB is a national non-profit organization representing the 70 medical boards of the United States and its territories.

  4.  Under the Tenth Amendment of the U.S. Constitution, states have the authority to regulate activities that affect the health, safety and welfare of their citizens. To protect the public from unprofessional, improper, unlawful and

incompetent physicians, states enact laws and regulations that outline the requirements for the practice of medicine and establish medical boards to regulate that practice.

5. Public protection begins with the licensure process, which is designed to ensure that practicing physicians have the education, training and knowledge necessary to competently render medical care to their patients.

6. FSMB assists state medical boards in their licensure role through its co-sponsorship, with the National Board of Medical Examiners ("NBME"), of the United States Medical Licensing Examination ("USMLE").

7. FSMB does not have a role in the administration or scoring of Steps 1 or 2 of the USMLE. Nor is FSMB involved in scoring or performing score rechecks of the Step 3 examination. FSMB is, however, the registration entity responsible for administering the Step 3 USMLE application process and for receiving Step 3 score recheck requests from examinees.

8. Each individual wishing to take the Step 3 examination must complete and submit to FSMB an application, together with the required documentation. *See* App. Ex.1, p. 11; 2, at p. 11; 3, at p. 14; and 4, at p. 15.

9. The Step 3 application includes a certification in which the examinee must affirm that he or she has read and is familiar with the contents of the USMLE *Bulletin of Information* (the "*Bulletin*") and agrees to abide by its policies and procedures.

10. As described in the Declaration of Gerard F. Dillon, one of the policies set forth in the *Bulletin* is that all score recheck requests, together with a

required service fee, must be received by the examinee's registration entity (in the case of Step 3, FSMB) no later than ninety days after the examinee's score report is made available. *See* Dillon Decl., ¶ 37.

11. When FMSB receives a timely and complete score recheck request, it forwards that request to NBME, which performs the score recheck in accordance with its standard procedures. FSMB then communicates the results to the examinee.

12. If the recheck request is received by FSMB more than ninety days after the examinee's score report was released, FSMB advises the examinee that his or her score recheck will not be processed.

### Dr. Grant

13. Dr. Grant initially applied to take the Step 3 USMLE in January 2003. App. Ex. 28. In his application, he certified that he had "read the 2003 USMLE *Bulletin of Information*, that he was familiar with its contents, and that he agreed "to abide by the policies and procedures described therein." App. Ex. 28, p. 2.

14. Dr. Grant submitted subsequent applications to take the Step 3 examination in April 2004, August 2004, March 2005, November 2005, March 2007 and April 2008. In connection with each application, Dr. Grant certified that he had read the relevant *Bulletin*, that he was familiar with its contents, and that he agreed to abide by the policies and procedures described in the *Bulletin*. App. Ex. 29, at p. 3; 30, p. 3; 31, p. 3; 32; 33; and 34.

15. Dr. Grant took the Step 3 examination on July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006. Although he requested and

received test accommodations on each of those examinations, he did not pass any of them. App. Ex. 21, 22, 23, 24, 25.

16. Dr. Grant's results from the July 2004 Step 3 examination were released on August 18, 2004. On August 30, 2004, Dr. Grant requested that his July 2004 Step 3 examination be rescored by hand. App. Ex. 26.

17. Dr. Grant's request was received by FSMB within the ninety days time period set forth in the *Bulletin*. However, Dr. Grant submitted only $25.00 of the $50.00 service fee required for a score recheck. Accordingly, on September 7, 2004, FSMB informed Dr. Grant by letter that he must submit the full fee no later than November 16, 2004, in order for his request to be processed. App. Ex. 35.

18. Dr. Grant submitted the remainder of the required service fee within the ninety day period. Accordingly, FSMB forwarded his request to NBME, which performed a score recheck in accordance with its standard procedures.

19. That recheck confirmed that Dr. Grant's score on his July 21, 2004 Step 3 examination was accurate as originally reported. *See* Dillon Decl., ¶ 70.

20. FSMB issued the results of the recheck to Dr. Grant on October 28, 2004. App. Ex. 27.

21. On August 13, 2006, Dr. Grant requested rescoring of his July 2003, December 2004 and July 2005 Step 3 examinations. FSMB received Dr. Grant's request on August 17, 2006. App. Ex. 36.

22. Dr. Grant's results for the July 2003, December 2004 and July 2005 Step 3 examinations were released on August 6, 2003, January 12, 2005 and August 17, 2005, respectively.

23. Dr. Grant's August 13, 2006 request did not comply with the policies and procedures set forth in the *Bulletin*, in that it was made and received well over ninety days after his scores became available. Accordingly, on August 21, 2006, FSMB denied Dr. Grant's request. App. Ex. 37.

24. On July 25, 2007, Dr. Grant requested rescoring of his November 2006 Step 3 examination. FSMB received his request on July 30, 2007. App. Ex. 38.

25. Dr. Grant's results for the November 2006 examination were released on November 29, 2006.

26. Dr. Grant's July 25, 2007 request did not comply with the policies and procedures set forth in the *Bulletin*, in that it was made and received well over ninety days after his November 2006 scores became available. Accordingly, on August 2, 2007, FSMB denied Dr. Grant's request. App. Ex. 39.

## Prior Litigation with Dr. Grant

27. As described the declaration of Heidi S. Martinez submitted in support of defendants' motion for summary judgment, Dr. Grant has filed lawsuits concerning the USMLE process on two prior occasions. *See* Martinez Decl., ¶¶ 16-21; 24-25.

28. FSMB was not a party to either of those lawsuits. Nor was FSMB a party to any settlement agreements entered into in connection with those lawsuits.

Dated: December 5, 2008

s/David A. Johnson<br>
David A. Johnson