UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

                    Plaintiff,

vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

                    Defendants.

**DECLARATION**

Civil Action No.
7:07-cv-00996
(TJM-GJD)

---

Heidi S. Martinez, an attorney admitted to practice in New York and a member of the Bar of this Court, declares, under penalty of perjury and in accordance with 28 U.S.C. § 1746, the following to be true:

1. I am counsel at Ward Norris Heller & Reidy LLP, the attorneys for defendants National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB"). As such, I am familiar with the facts as set forth herein.

2. I submit this Declaration in opposition to plaintiff's motion to amend his complaint and in support of defendants' cross motion for summary judgment.

**The Current Litigation**

3. Plaintiff filed this lawsuit against NBME and FSMB on September 19, 2007. App. Ex. 40.

4. NBME was served with plaintiff's Complaint on February 26, 2008. FSMB was served on February 27, 2008.

5.      Thereafter, plaintiff and defendants attempted to resolve the present dispute. Those negotiations were unsuccessful and, on July 9, 2008, defendants filed an answer. NBME also raised a counterclaim for attorneys' fees pursuant to the terms of an earlier settlement agreement. App. Ex. 41.

6.      On July 29, 2008, defendants received notice that plaintiff's attorney could no longer represent him. App. Ex. 42.

7.      The Court gave plaintiff an opportunity to find new counsel but, upon information and belief, plaintiff has not retained an attorney to represent him. *Id.*

8.      By letter dated September 3, 2008, plaintiff requested that the Court order defendants to provide copies of his "examinations and answers with the answer keys" -- presumably to the court or some other third party -- for "rescoring." App. Ex. 43.

9.      In that same letter, plaintiff conceded he has "no reason to believe that there were problems with the computer programs used for grading the Step 2, or Step 3 exams." *Id.*, at p. 2.

10.     On September 16, 2008, the Court denied plaintiff's September 3 letter request for relief, as it was not in the proper form. App. Ex. 44.

11.     In a September 19, 2008 letter to the Court, plaintiff requested that his "complaint be amended as written herein with the supporting exhibits." Plaintiff included with his letter a copy of his so-called "Amended Complaint" and several exhibits. App. Ex. 45.

12.     On September 26, 2008, the Court denied plaintiff's request to file the proposed amended complaint on the grounds that it was not in the proper form. App. Ex. 46.

2

13. On October 22, 2008, plaintiff forwarded a purported "Motion to Amend Complaint and Request Discovery" to the Court for filing. App. Ex. 47.

14. That motion did not include a proposed amended complaint. App. Ex. 47.

15. On November 19, 2008, the Court issued an order directing the Clerk to file the "Amended Complaint" which accompanied his September 19, 2008 letter, together with his October 22, 2008 "Motion to Amend Complaint and Request Discovery," as a motion to amend. App. Ex. 48.

### Plaintiff's Prior Litigation

16. In addition to the present lawsuit, plaintiff previously filed two other lawsuits against NBME, as well as several complaints with the Minnesota Department of Human Rights ("MDHR").

**A.   The 1996 Lawsuit and 1998 Settlement Agreement**

17. In a lawsuit filed on April 3, 1996 (the "1996 Litigation") plaintiff alleged that NBME had violated the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") by denying his requests for test accommodation. App. Ex. 49.

18. NBME denied plaintiff's allegations and maintained that Dr. Grant had not submitted documentation sufficient to support a disability diagnosis. App. Ex. 50.

19. In an agreement executed by plaintiff and NBME in 1998, the parties resolved the 1996 Litigation (the "1998 Settlement Agreement"). App. Ex. 51.

20. In the 1998 Settlement Agreement, NBME agreed, without admitting liability, that it would (a) "not challenge the diagnosis of [Attention Deficit-Hyperactivity Disorder: Predominately Inattentive Type] which Grant has already

3

received, with respect to all future examinations it administers and for which it makes decisions whether an applicant will be granted examination accommodations;" (b) accommodate plaintiff in connection with future Step 2 examinations, provided that he "follows the NBME's usual procedure and timely applies for and formally requests accommodation for each test he takes in the future;" (c) copy and preserve certain of plaintiff's paper or electronic Step 2 examination results and test materials; and (d) not retaliate against plaintiff in connection with any future examination taken by him and administered or scored by NBME. *Id.*, ¶¶ 1 and 5.

21. In exchange for these and other agreements, plaintiff released "NBME and all of its parents, subsidiaries, affiliated corporations, and each of their past, present or future shareholders, members, directors, officers, employees, representatives, agents, predecessors, successors, assigns, attorneys and insurers," from all claims which he had, may have had, or may claim to have had for, among other things, "discrimination (including disability, sex, and age discrimination pursuant to the MHRA or ADA), breach of contract, promissory estoppel, defamation, negligent or intentional infliction of emotional distress, harassment, impairment of economic opportunity, fraud, misrepresentation, or any other theory of liability." *Id.*, ¶ 7.

**B.  The 1998 Minnesota Department of Human Rights Charge**

22. In August 1998, plaintiff filed a charge with the MDHR, alleging that NBME's conduct relative to a request he made for a Step 2 examination score recheck constituted unlawful retaliation. App. Ex. 52.

23. On November 19, 1998, the MDHR dismissed plaintiff's charge, finding that the evidence submitted was "not sufficient to substantiate whether the Respondent's

actions constitute a discriminatory practice within the meaning of the Minnesota Human Rights Act," and that "further use of Department resources is not warranted in this case." App. Ex. 53.

### C. The 1999 Litigation and 1999 Minnesota Department of Human Rights Charges

24. On January 19, 1999, plaintiff filed a new complaint in the United States District Court in Minnesota (the "1999 Litigation"). The complaint named NBME and two of its staff members, Gerald Golden and Inna Rozinsky, as defendants. App. Ex. 54.

25. In the 1999 Litigation, plaintiff alleged, among other things, that defendants "refused to be objective, non-retaliatory and non-discriminatory in the grading and scoring of [his] examinations," in violation of the ADA, the MHRA, the Civil Rights Act of 1964, and the 1998 Settlement Agreement. *Id.*, ¶¶ 47-48, 51, 54, and 57.

26. In September 1999, while the 1999 Litigation was pending, plaintiff filed another charge with the MDHR, alleging that NBME had discriminated against him on the basis of race and disability in connection with the grading and score recheck of his August 1998 Step 2 examination.

27. In February 2000, the MDHR dismissed the charge, finding that, in light of its dismissal of a previous charge alleging the same acts, as well as the plaintiff's federal court lawsuits in 1996 and January 1999, "the Department lacks jurisdiction to pursue this claim." App. Ex. 55.

28. In March 2000, plaintiff requested that the MDHR reopen his case. App. Ex. 56.

29. The MDHR denied this request on May 15, 2000, finding that "[n]o new evidence was presented in the Charging Party's reopen request which would indicate that

the Department initially erred when it determined it lacked jurisdiction in this matter because the last alleged discriminatory act fell outside of the Minnesota Human Rights Act's one year statute of limitations (1996), or now because it lacks jurisdiction in any matter pending in federal court." App. Ex. 57, p. 2

30. On November 7, 2000, Magistrate Judge Boylan recommended that the Court dismiss the 1999 Litigation without prejudice because of plaintiff's failure to respond to the defendants' discovery requests and his failure to comply with a court order regarding discovery. App. Ex. 58.

31. The Court adopted Magistrate Judge Boylan's recommendation on November 29, 2000, and the 1999 Litigation was dismissed. App. Ex. 59.

32. Monetary sanctions were also awarded against plaintiff in the 1999 Litigation.

33. Thus, Dr. Grant is no stranger to conflict with NBME, and has repeatedly demanded that NBME award him passing scores on his unsuccessful USMLE examinations to address allegedly discriminatory or improper conduct.

34. Importantly, that relief <u>never</u> has been afforded him. It should be denied here as well.

35. Defendants respectfully request that plaintiff's motion to amend be denied and that defendants' cross motion for summary judgment in all respects be granted.

December 5, 2008                    s/Heidi S. Martinez
                                                        Heidi S. Martinez