**40**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

      **Plaintiff,**

**vs.**

**NATIONAL BOARD OF MEDICAL EXAMINERS,**
**FEDERATION OF STATES MEDICAL BOARD,**
      **Defendants.**

**VERIFIED COMPLAINT**

**2007-CV-**

---

Plaintiff, by and through his attorney complains of the Defendants as follows:

## SUMMARY OF ACTION

This is an action to protect Plaintiff's rights to take all medical licensing examinations administered by the National Board of Medical Examiners and the Federation of States Medical Board and their associates and according to the rules of the United States Medical Licensing Examination, and for breach of the implied and express contract, and to protect his rights under the USMLE agreement with its test takers.

1. Plaintiff is an African American.

2. Plaintiff is a citizen of the United States.

3. Plaintiff is a resident of the county of Jefferson and state of New York.

4. Defendant USMLE is the entity that tests and certifies individuals for licensing as physicians in the United States.

1

5.  Defendant Federation of State is an entity affiliated with USMLE and NBME which tests and certifies individuals for licensing as physicians in the United States.

6.  National Board of Medical Examiners is an entity affiliated with USMLE that tests and certifies individuals for licensing as physicians in the United States.

7.  Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331, as there is diversity of citizenship.

8.  Jurisdiction is appropriate as the amount in controversy is in excess of $150,000.00

9.  Venue is appropriate in this district as Plaintiff is a resident of Jefferson County, and the State of New York.

10. Plaintiff has completed all of the requirements for graduation with an MD Degree.

11. Plaintiff has successfully completed steps I and II of the USMLE examination.

12. Defendants in their Information Bulletin for the USMLE examination set out a procedure for rescoring and regrading of the examination.

13. Plaintiff is an individual with a disability as established in a prior action between Plaintiff and Defendants.

14. Plaintiff and Defendants settled the prior case with a Settlement Agreement.

15. As part of that Agreement, Defendants agreed to rescore by hand examinations taken by Plaintiff.

16. Subsequent to that agreement, Plaintiff took and successfully passed Step II of the USMLE examination.

18. Subseqeunt to passing Step II of the USMLE examination, Plaintiff has taken the Step III

2

examination on five (5) separate occasions

19. On each of those testings, Plaintiff's score was just below the score deemed acceptable for passing.

20. After each of the testings, Plaintiff requested that his examinations be rescored and regraded by the procedure set out by the Defendants.

21. Defendants have refused to rescore and regrade Plaintiff's examinations.

22. On July 11, 2003, Plaintiff took Step III of the USMLE and received a score of 65+.

23. On July 21, 2004, Plaintiff took Step III of the USMLE and received a score of 67+.

24. On December 7, 2004, Plaintiff took Step III of the USMLE and received a score of 66+

25. On July 25, 2005, Plaintiff took Step III of the USMLE and received a score of 64+.

26. On November 1, 2006, Plaintiff took Step III of the USMLE and received a score of 65+.

27. A score of 75 was required on these examinations to achieve a rating of pass.

28. Dr. Grant would have received a passing grade on each of these examinations if they had been graded correctly.

29. Defendants have breached their agreement with test takers by not providing him with an accurate scoring of his test.

30. Defendants have breached the Settlement Agreement with Plaintiff by not rescoring the five (5) Step III examinations that he took.

31. Previously, Defendants agreed to rescore by hand Plaintiff's Step I and Step II examinations.

    A. Defendant informed Plaintiff that they had rescored the examinations and that the score he was given was accurate.

3

B.   In fact, Plaintiff, his attorney and a representative of Defendant reviewed the first, second and third examinations that Plaintiff took for USMLE Step II. They determined that contrary to their written position, the Defendants had not rescored by hand the examinations.

C.   One of the three examinations was partially regraded by hand. The others had not been regraded at all.

32.   Plaintiff has been harmed economically as a result of these mis-graded examinations.

33.   Plaintiff has lost at least $1,000,000.00 in wages due to Defendants' actions.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

34.   Plaintiff repeats as if specifically realleged the allegations in paragraphs numbered one through 33.

35.   Defendants violated Plaintiff's rights under the settlement agreement by not scoring his examinations objectively.

### AS AND FOR A SECOND CAUSE OF ACTION

36.   Plaintiff repeats as if specifically realleged the allegations in paragraphs numbered one through 33.

37.   Defendants breached its contract with Plaintiff, as a test taker, by not scoring his examination objectively.

4

## AS AND FOR A THIRD CAUSE OF ACTION

38.    Plaintiff repeats as if specifically realleged the allegations in paragraphs numbered one

through 33.

39.    Defendants breached their own internal rules by not rescoring Plaintiff's examinations

when requested.

## AS AND FOR A FOURTH CAUSE OF ACTION

40.    Plaintiff repeats as if specifically realleged the allegations in paragraphs numbered one

through 33.

41.    Defendants harmed Plaintiff in a sum exceeding $500,000.00 as his lost wages due to

Defendant's discriminatory scoring exceed that sum.

**WHEREFORE** Plaintiff respectfully requests that this Court

1.    Order the USMLE to rescore objectively his Step III examinations.

2.    Grant Plaintiff judgment in the amount of $500,000.00 or the amount determined at trial

to be his wages lost due to Defendants' inaccurate scoring of his examinations.

Dated:     September 18, 2007

/s/ Stefan D. Berg

Stefan D. Berg
*Attorney for Plaintiff*
Berg Law Office
309 Arnold Avenue
Syracuse, New York 13210
(315) 476-0806

5

## INDIVIDUAL VERIFICATION

**STATE OF NEW YORK**                )
**COUNTY OF ONONDAGA**         ) ss.:


      **C. Earl Grant,** being duly sworn, deposes and say that he is the **Plaintiff** in the within action; that the **Plaintiff** has read the foregoing **Verified Complaint** and knows the contents thereof; that the same is true to **Plaintiff's** own knowledge except as to the matters therein stated to be alleged upon information and belief and that as to those matters **Plaintiff** believes them to be true.

/s/ C. Earl Grant

_____
**C. Earl Grant**


Sworn to me on this
18th day of September, 2007

/s/ Stefan D. Berg

_____
Notary Public
State of New York
No. 50003899
Qualified in ONONDAGA COUNTY
Commission Expires November 2, 2010

6

**41**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

C. EARL GRANT,

                     Plaintiff,

    vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

                     Defendants.

———————————————————————

**ANSWER AND
COUNTERCLAIM**

Civil Action No.
7:07-cv-00996
(TJM-GJD)

      Defendants, National Board of Medical Examiners ("NBME") and Federation of

State Medical Boards ("FSMB") for their Answer to plaintiff's Complaint, state that they:

      1.     Are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1, and therefore deny the same.

      2.     Are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 2, and therefore deny the same.

      3.     Are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3, and therefore deny the same.

      4.     Deny the allegations of paragraph 4.

      5.     Deny the allegations of paragraph 5, except admit that FSMB is a not-for-

profit organization which, along with NBME, sponsors the United States Medical

Licensing Examination ("USMLE").

      6.     Deny the allegations of paragraph 6, except admit that NBME is a not-for-

profit organization which, along with FSMB, sponsors the USMLE.

7.    Deny the allegations of paragraph 7, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that there is diversity of citizenship, and therefore deny the same.

8.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny the same.

9.    Deny the allegations of paragraph 9.

10.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny the same.

11.    Deny the allegations of paragraph 11, except admit that plaintiff has received passing scores on Steps 1 and 2 of the USMLE.

12.    Deny the allegations of paragraph 12, except admit that NBME publishes a USMLE Bulletin of Information which includes, among other things, procedures for requesting and performing score rechecks of USMLE examinations.

13.    Deny the allegations of paragraph 13, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is an individual with a disability, and therefore deny the same.

14.    Deny the allegations of paragraph 14, except admit that on or around July 1, 1998, plaintiff and NBME entered into a settlement agreement resolving a lawsuit filed by plaintiff against NBME in the United States District Court for the District of Minnesota, Third Division, Civil File No. 3-96-310 (the "Settlement Agreement").

15.    Deny the allegations of paragraph 15.

16.    Deny the allegations of paragraph 16, except admit that subsequent to the Settlement Agreement, plaintiff received a passing score on Step 2 of the USMLE.

17.    Admit the allegations of paragraphs 18.

18.    Deny the allegations of paragraph 19, except admit that plaintiff has not received a passing score on Step 3 of the USMLE.

19.    Deny the allegations of paragraph 20.

20.    Deny the allegations of paragraph 21, except admit that NBME has not performed a score recheck on four of plaintiff's five Step 3 examinations because plaintiff failed to request a score recheck in a timely fashion as required by the USMLE Bulletin of Information.

21.    Deny the allegations of paragraph 22, except admit that plaintiff took Step 3 of the USMLE on July 9, 2003, and subsequently received a two-digit score of 65.

22.    Deny the allegations of paragraph 23, except admit that plaintiff took Step 3 of the USMLE on July 21, 2004, and subsequently received a two-digit score of 67.

23.    Deny the allegations of paragraph 24, except admit that plaintiff took Step 3 of the USMLE on December 7, 2004, and subsequently received a two-digit score of 66.

24.    Deny the allegations of paragraph 25, except admit that plaintiff took Step 3 of the USMLE on July 25, 2005, and subsequently received a two-digit score of 64.

25.    Deny the allegations of paragraph 26, except admit that plaintiff took Step 3 of the USMLE on November 1, 2006, and subsequently received a two-digit score of 65.

26.    Deny the allegations of paragraph 27, except admit that with respect to the Step 3 examinations administered by NBME on July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006, the USMLE Step 3 Committee identified a

minimum pass-score of 75 on the two-digit scale and recommended that score to state licensing authorities.

     27.     Deny the allegations of paragraph 28.

     28.     Deny the allegations of paragraph 29.

     29.     Deny the allegations of paragraph 30.

     30.     Deny the allegations of paragraph 31.

     31.     Deny the allegations of paragraph 32.

     32.     Deny the allegations of paragraph 33.

### AS TO THE FIRST CAUSE OF ACTION

     33.     Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

     34.     Deny the allegations of paragraph 35.

### AS TO THE SECOND CAUSE OF ACTION

     35.     Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

     36.     Deny the allegations of paragraph 37.

### AS TO THE THIRD CAUSE OF ACTION

     37.     Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

     38.     Deny the allegations of paragraph 39.

## AS TO THE FOURTH CAUSE OF ACTION

39.    Repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 33 of plaintiff's Complaint, as though fully set forth at length herein.

40.    Deny the allegations of paragraph 41.

41.    Deny each and every other allegation of plaintiff's Complaint not expressly admitted or denied herein.

### FIRST AFFIRMATIVE DEFENSE

42.    Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

43.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

44.    Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by plaintiff must be barred or diminished by reason thereof.

## SIXTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, by reason of public

policy.

## SEVENTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred, in whole or part, by reason of a release.


## COUNTERCLAIM BY NBME

49.     Defendant NBME repeats and incorporates by reference its responses to

the allegations contained in paragraphs 1 through 41 of plaintiff's Complaint, as though

fully set forth at length herein.

50.     The Settlement Agreement entered into between plaintiff and NBME

provides at section 6(c) as follows:

> In the event that Grant pursues a suit or charge of retaliation or for breach
> of this Agreement, the prevailing party may seek reimbursement of all
> attorneys' fees and costs incurred in pursuit or defense of such action from
> the unsuccessful party by bringing a motion for attorneys' fees to the
> presiding judge of the litigation.

51.     In his Complaint, plaintiff alleges that defendant NBME has breached the

Settlement Agreement.

52.     NBME has not breached the Settlement Agreement and is entitled to

dismissal of plaintiff's claims as they are without merit.

53.     NBME has incurred, and will continue to incur, attorneys' fees and other

costs in the defense of this matter.

6

54.     Accordingly, pursuant to the terms of the Settlement Agreement, NBME is

entitled and intends to seek reimbursement from plaintiff of all attorneys' fees and costs

incurred in defense of plaintiff's Complaint.

**WHEREFORE**, defendants NBME and FSMB request that plaintiff's Complaint

be dismissed with prejudice, that plaintiff's claims for relief be denied, that judgment be

entered in favor of NBME and FSMB, that NBME and FSMB be awarded their expenses,

costs and attorneys' fees incurred in defense of this action, and that NBME and FSMB be

afforded all other relief this Court deems just and proper.


DATED:  July 9, 2008                    WARD NORRIS HELLER & REIDY LLP


                                By:  ___s/ Heidi S. Martinez_____
                                     Thomas S. D'Antonio (Bar Roll No. 510890)
                                     Heidi S. Martinez (Bar Roll No. 507390)
                                     300 State Street
                                     Rochester, New York 14614
                                     (585) 454-0700
                                     Fax:  (585) 423-5910
                                     hsm@wnhr.com

                                     *Attorneys for defendants National Board of*
                                     *Medical Examiners and Federation of State*
                                     *Medical Boards (sued here as Federation of*
                                     *States Medical Board)*

**42**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GRANT  v. NATIONAL BOARD OF
   MEDICAL EXAMINERS                    7:07-CV-996 (TJM/GJD)

---

STEFAN D. BERG, ESQ.
C. EARL GRANT, Plaintiff
HILDRETH J. MARTINEZ, ESQ. & THOMAS S. D'ANTONIO, ESQ.,
   For Defts.

## ORDER

It has come to the court's attention that Attorney Berg is no longer eligible to practice law.

WHEREFORE, it is hereby

ORDERED that the plaintiff, C. Earl Grant, shall have **thirty (30) days from the date of this Order to obtain substitute counsel or to proceed *pro se* in this action**, and it is further

ORDERED, that if no Notice of Appearance has been filed by ***August 29, 2008***, plaintiff will be considered *pro se* and communications may be sent directly to the plaintiff, and it is further

ORDERED, that the Clerk serve a copy of this Order upon the attorneys and plaintiff C. Earl Grant.

Dated: July 29, 2008

*E / D. Bianc.*

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

**43**



DEPARTMENT OF THE ARMY
EADQUARTERS, US ARMY MEDICAL DEPARTMENT ACTIVITY
9501 FARRELL ROAD, SUITE E-14
FORT BELVOIR, VIRGINIA 22060-9501

REPLY TO
ATTENTION OF:

03 September 2008



U.S. MAGISTRATE JUDGE-N.D. OF N.Y.

RECEIVED

SEP 12 2008

AT_____O'CLOCK_____
Hon. Gustave J. DiBianco

Hon. Magistrate Gustave J. DiBianco
U.S. Courthouse
100 South Clinton Street
P.O. Box 7396
Syracuse, N.Y. 13261-7396

## RE:  Case # 7:07-CV-996 (TMJ/GJD)

Dear Honorable Judge DiBianco:

I am writing to request your intervention in having my exams re-graded at an early date.

I have taken three Step Examinations which are part of the requirement for certification of physicians to practice medicine. These examinations are administered by the NBME and its subsidiary, the Federation of States Medical Boards.

I am confident that I have passed these examinations, but that they were not scored properly by the NBME. The manual of information provided to students, states that students may request that their examinations be re-scored by hand using the answer key and the candidate's test responses whether the test was done with pencil and paper or on a computer.

The step 1 and step 2 examinations which I took, were done with paper and pencil. The step 3 examination which I took five times, was taken once with pencil and paper electronically on four subsequent occasions. The first two days of the examination done electronically were multiple choice questions, which I answered on line. The third day was composed of clinical questions which were interactive and also done on line.  My former legal counsel had requested of the attorney for NBME that the part of the examination which was multiple-choice be printed with the answer key, and submitted to the court for objective rescoring. As of this date, the NBME has not responded to that request.

Providing copies of my examinations and answers with the answer keys to appropriately grade the exams will resolve the law suit.

To date, the attorneys for NBME and Mr. Berg have attempted to resolve the matter. They NBME/FSMB offered to check the software program which scores the

examinations. That does not answer my concern. Further, the manual published by
NBME states that they will rescore the examination by hand upon request and payment of
the associated fee. The NBME/FSMB has engaged in a vindictive behavior with the
intent to defame my character and deny my access to the medical profession. This fact
can be proven from the records of the Step 2 exam results copied and kept under seal
with the Law Firm of Leonard, Street and Dienard, Minneapolis, MN, which the
defendant claimed that I had failed on three occasions, had re-graded and found no
change from the originally reported scores.

Subsequent review of those test answer sheets that the defendant claimed to have re-
graded revealed that only one of those exams was partially hand-scored. The other two
Step 2 exams which the defendant claimed that I had failed by 2, and 1 points,
respectively, appeared to have been untouched without any sign of hand-scoring.

The defendant in its initial settlement proposal in 1997-1998, agreed to similar copying of
test answers to be kept in sealed envelopes for future exams taken by me, which it
administers whether done by pencil and paper or computerized. Prior to signing a
settlement agreement in 1998, the defendant claimed it was not responsible for
administering the Step 3 exams and further refused to copy the test answers to be kept in
sealed envelopes.

I have no reason to believe that there were problems with the computer programs used for
grading the Step 2, or Step 3 exams. I also do not have any reason to believe that I have
failed any of those examinations.

I appreciate your consideration in this matter.

Respectfully,

MAJ C. Earl Grant, M.D., Ph.D.
US Army Medical Department
DHCN-Fort Belvoir, VA
Phone: (703) 805-0665
Mobile: 561-537-0229


cc:   Heidi Martinez
      Ward Norris Heller & Reidy
      300 State Street
      Rochester, NY 14614

cc:   Stefan D. Berg



U.S. POSTAGE
PAID
FORT BELVOIR, VA
22060
SEP 10, 08
AMOUNT
$5.32
00042394-02

13261

0000



CERTIFIED MAIL

7006 3450 0001 8619 9838

Hon. Magistrate Gustave J. DiBianco
U.S. Courthouse
100 South Clinton Street
P.O. Box 7396
Syracuse, N.Y. 13261-7396

13261+7396

C. Earl Grant
US Army Medical Department
P.O. Box 1067
Fort Belvoir, VA 22060

RETURN RECEIPT
REQUESTED

44

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

C. EARL GRANT

                                        Plaintiff,

            vs.

                                                            7:07-CV-996
                                                            (TJM/GJD)

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD
                              Defendants.

_____

C. EARL GRANT, Plaintiff *Pro Se*
THOMAS S. D'ANTONIO, ESQ. for Defendants
HILDRETH J. MARTINEZ, ESQ. for Defendants

## ORDER

The court has received from the plaintiff C. Earl Grant, M.D., a letter request

seeking the court to intervene in this litigation. Specifically, plaintiff requests the

court to "hav[e] my exams re-graded at an early date." The court cannot assist

plaintiff in this regard since the request is not in proper form. Even if the request

were filed as a motion, it is not clear that the court could grant this injunctive relief

without a hearing and extensive proof on any request for injunctive relief.

The court understands that plaintiff is now *pro se* since his former counsel

cannot presently practice law. Although plaintiff is presently *pro se*, the court still

requires that requests be filed in proper form which is a motion, memorandum of law,

and supporting affidavit. *See* Northern District of New York Local Rule 7.1. This

court has granted plaintiff additional time to seek counsel. (Dkt. No. 22).

The court notes that plaintiff has sent a copy of his letter to the court to

opposing counsel, which is proper, but has also sent a copy to Stefan D. Berg. It is

unclear why Mr. Berg is receiving copies of communications to this court since he is

not entitled to practice law. Plaintiff is directed not to communicate about legal

matters with Mr. Berg since Mr. Berg is not allowed to practice law.

**WHEREFORE** it is hereby

**ORDERED**, that plaintiff's request that the court intervene in this litigation in

the manner requested is **DENIED**.

Date: September 16, 2008

Hon. Gustave J. DiBianco
U.S. Magistrate Judge