**46**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

C. EARL GRANT

                              Plaintiff,

        vs.

                                                    7:07-CV-996
                                                    (TJM/GJD)

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD
                              Defendants.

_____

C. EARL GRANT, Plaintiff *Pro Se*
THOMAS S. D'ANTONIO, ESQ. for Defendants
HILDRETH J. MARTINEZ, ESQ. for Defendants

### ORDER

The court has recently received a letter-motion including a lengthy submission

which the now-*pro se* plaintiff labels an "Amended Complaint." (Dkt. No. 25).

Attorney Martinez, counsel for the National Board of Medical Examiners, requests

an opportunity to oppose the filing of this "Amended Complaint" if the court is going

to consider the document. (Dkt. No. 26).

As defense counsel points out, since defendants have answered the complaint

(Dkt. No. 18), plaintiff must file a motion to amend his complaint that complies with

the Local Rules of this district and FEDERAL RULE OF CIVIL PROCEDURE 15, since

defendants do not consent. If plaintiff makes a motion, defendants will then have the

opportunity to oppose that motion. Because plaintiff's submission is not in proper

form, the court will ***deny*** plaintiff's motion without prejudice to re-filing.

In his letter of September 19, 2008, plaintiff refers to a "recent communication

with Mr. Stefan Berg, my former legal counsel . . ." (Dkt. No. 25).  On September

16, 2008, this court issued an order raising questions about plaintiff's forwarding a

copy of a communication to the court to Mr. Stefan D. Berg.  (Dkt. No. 24).  This

court **specifically stated in the Order that it was unclear why Mr. Berg is receiving**

**copies of communications to this court since he is not entitled to practice law**.

(Dkt. No. 24).

It is probably the case that plaintiff did not receive this court's September 16,

2008 order before he mailed his letter dated September 19, 2008.  The court makes

**no** finding about that issue.  Nevertheless, plaintiff's September 19, 2008 letter

causes even more concern for the court since plaintiff has stated in that letter that he

has been informed by Mr. Berg about aspects of the complaint.  This court, therefore,

will direct that plaintiff file an affidavit about the recent communications with Mr.

Berg.  This affidavit must **specifically state** the following:

  a. Who initiated this communication(s) and on what date(s)
  b. What was the purpose of the communication(s)
  c. The length of the conversation(s) and the subject matters discussed

**WHEREFORE** it is hereby

**ORDERED,** that plaintiff is directed to file, **in affidavit form**, a statement

about the "recent" communication(s) with Mr. Stefan Berg.  This affidavit must be

filed **no later than Friday, October 17, 2008**; and it is further

**ORDERED,** that the clerk send a copy of this order to Mr. Stefan Berg; and it

2

is further

    **ORDERED,** that the court **DENIES** plaintiff's request to amend his complaint

(Dkt. No. 25) without prejudice to re-filing the request; and it is further

    **ORDERED**, that plaintiff's affidavit must be filed *no later than Friday,*

*October 17, 2008*.

Date: September 26, 2008

                                     Hon. Gustave J. DiBianco
                                      U.S. Magistrate Judge

**47**

 HEADQUARTERS, US ARMY MEDICAL DEPARTMENT ACTIVITY
9501 FARRELL ROAD, SUITE E-14
FORT BELVOIR, VIRGINIA 22060-9501

22 October 2008

The Clerk of the Court
US Dist. Court Northern Dist of New York
U.S. Courthouse
100 South Clinton Street
P.O. Box 7396
Syracuse, N.Y. 13261-7396

**RE:  Case # 7:07-CV-996 (TMJ/GJD)**

Please accept this Motion for filing in the above captioned-matter.

Respectfully,

C. Earl Grant, M.D., Ph.D.
Plaintiff, *Pro Se*
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

C. EARL GRANT

                Plaintiff,

    vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD

                Defendants.

---



7:07-CV-996
(TJM/GJD)

C. Earl Grant, Plaintiff *Pro Se*
Thomas S. D'Antonio, Esq. for Defendants
Hildreth J. Martinez, Esq. for Defendants

## MOTION TO AMEND COMPLAINT AND REQUEST DISCOVERY

    1.  Plaintiff respectfully petitions this Court to grant him permission to amend his Complaint, under Federal Rule of Civil Procedure (FRCP) 15(a)(2), to: a) name additional defendants;  b) plead additional facts in support of additional causes of action; and c)  request additional relief, including compensatory and punitive damages.

    2.  The Plaintiff requests leave to amend his complaint since his former counsel, Stefan D. Berg, did not adequately represent his interests in this matter in preparing the pleadings filed herein.

    3.  On or about 3 June 2007, the Plaintiff retained the services of Mr. Stefan Berg, an attorney licensed in the State of New York to assist him with this matter.  Despite the Plaintiff providing Mr. Berg a detailed chronology of facts underlying this matter, Mr. Berg did not prepare a Complaint that fully informed the Court and the Defendants of the

Plaintiff's allegations. Moreover, the Complaint filed by Mr. Berg did not specify all of the Plaintiff's causes of action. Nor did the Complaint adequately express the remedies sought by the Plaintiff.

4. In approximately June 2008, the Plaintiff believes that Mr. Berg was suspended from the practice of law, and since then, the Plaintiff has been unable to retain substitute counsel. Prior to Mr. Berg's suspension, the Plaintiff detailed the factual background of his cause to his attorney, explaining the wrongful actions of the various Defendants, and the relief the Plaintiff requested. In spite of these discussions, the Plaintiff's former counsel did not fully incorporate the facts into the Complaint filed herein, nor did the Plaintiff's former counsel request declaratory relief, injunctive relief, compensatory damages, punitive damages, or treble damages as authorized under statute. Because of these omissions, the Plaintiff's rights have been unjustly abridged.

5. In addition, the Plaintiff believes that his former counsel did not serve the Defendants with any requests for discovery, and that the time for such action has now expired under the Federal Rules for Civil Procedure. The denial of this fundamental right has likewise severely prejudiced the Plaintiff in this matter.

6. Given the problems presented to the Plaintiff following the suspension of his counsel, the Plaintiff believes that this Court should allow him to amend his Complaint under FRCP 15(a)(2) which provides in relevant part that courts should freely grant leave for parties to amend pleadings when justice so requires.

WHEREFORE, the Plaintiff asks that this Court permit him to amend his Complaint to allege additional facts and causes of action, and after the Amended Complaint has been filed, to serve the Defendants with discovery under the Federal Rules

of Civil Procedure, and the Rules of this Court. The Plaintiff also asks for such other and

further relief as the Court may determine to be just and equitable.


Respectfully Submitted,


Dated:   October 22, 2008

BY:   C. Earl Grant, M.D., Ph.D.
Plaintiff, *Pro Se*
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060
(561) 537-0229

## CERTIFICATE OF SERVICE

I, C. Earl Grant, the Plaintiff in this case, do hereby certify that on this _____ day of
October, 2008, I mailed a true copy of the foregoing by postage prepaid first class mail,
to all counsel of record.


Dated:   October 22, 2008

BY:   C. Earl Grant, M.D., Ph.D.
Plaintiff, *Pro Se*
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060
(561) 537-0229

C. Earl Grant, M.D., Ph.D.
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060

7006 3450 0001 8618 0396

24

RECEIVED

CERTIFIED MAIL

7006 3450 0001 8618 0396

1326147396

Clerk of the Court
USDC Northern Dist of New York
U.S. Courthouse
100 South Clinton Street
P.O. Box 7396, Syracuse, N.Y. 13261-7396



UNITED STATES
POSTAL SERVICE

0000

13261

U.S. POSTAGE
PAID
FORT BELVOIR, VA
22060
OCT 22, '08
AMOUNT
$4.12
00075669-06

**48**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

GRANT  v. NATIONAL BOARD OF          7:07-CV-996 (TJM/GJD)
    MEDICAL EXAMINERS, ET AL.

_____

C. EARL GRANT, *Pro Se* Plaintiff
THOMAS S. D'ANTONIO, ESQ., For Defendants
HILDRETH J. MARTINEZ, ESQ., For Defendants

## ORDER

This court is issuing this order to correct some confusion that has apparently

arisen in this case.  Presently before the court is a document sent to my chambers by

plaintiff labeled "Motion to Amend Complaint and Request Discovery." (Dkt. No.

33).  The cover-letter for this document is dated November 13, 2008, and the

"motion" is dated October 22, 2008.  This document appears to be a copy of a

document that was previously sent to my chambers on October 22, 2008.  Plaintiff's

submissions have caused a great deal of confusion because he insists on sending

documents directly to my chambers instead of sending the materials to the Clerk's

Office of the Northern District of New York.  I issued an order on November 13,

2008 which should rectify this problem. (Dkt. No. 31).

The court notes that plaintiff did not start this case *pro se* and has not had the

benefit of this court's orders explaining that all pleadings, motions and other

documents relating to this action must be *filed with the Clerk of the United States*

*District Court, Northern District of New York, 7th Floor, Federal Building, 100 S.*

*Clinton St., Syracuse, New York 13261-7367.* Any paper sent by a party to the

Court shall be accompanied by a certificate setting forth the date a true and correct

copy of the document was mailed to all opposing parties or their counsel. Any letter

or other document received by the Clerk or the Court which does not include a

proper certificate of service ***will be stricken*** from the record.

On September 26, 2008, I issued an order in response to a letter-motion sent

by plaintiff, requesting that the court accept his attached amended complaint. (Dkt.

Nos. 25, 27). This submission included a document that plaintiff labeled his

"Amended Complaint."[1] On September 25, 2008, defense counsel filed a letter,

stating that since the defendants had answered the original complaint, plaintiff would

have to make a motion to amend, to which the defendants would request an

opportunity to respond. (Dkt. No. 26).

In my September 26, 2008 order, I told plaintiff that if he wished to amend his

complaint, he would have to file a "motion" to amend, and I denied the plaintiff's

request to accept the proposed amended pleading "without prejudice to refiling the

request." (Dkt. No. 27 at p.3). The September 26, 2008 order also dealt with other

issues, not relevant to the motion to amend.[2] Plaintiff's most recent submissions

---

[1] The Clerk of the Court only filed the cover-letter, however, the court has retained the entire document. (Dkt. No. 25).

[2] This court ordered plaintiff to submit an affidavit regarding his former counsel, and plaintiff has complied with that order.

2

appear to be his attempt to file a "motion" to amend, however, plaintiff has now filed

only a "motion" and has not included the proposed amended complaint.[3]  Plaintiff

has also included a request for the court to permit "discovery." Plaintiff's mistake is

understandable since he is now *pro se*, and this court's order stated that plaintiff

should re-submit the "request."  The Local Rules of the Northern District of New

York require that

> [a] party moving to amend a pleading pursuant to FED. R.
> CIV. P. 14, 15, 19-22 must attach an unsigned copy of the
> proposed amended pleading to its motion papers.  Except if
> the Court otherwise orders, the proposed amended pleading
> must be a complete pleading, which will supercede the
> original pleading in all respects.

LOCAL RULES N.D.N.Y. 7.1(a)(4).  Plaintiff may not have understood that he should

submit the "motion" together with the "proposed amended complaint."

Because plaintiff is *pro se*,[4] this court will order the proposed amended

complaint filed together with the "motion" and will afford defendants until **Friday,**

**December 5, 2008** to respond to plaintiff's motion to amend.  The court would note

that any request for the court to allow "discovery" must be denied as premature and

unnecessary.  There is no need to make "discovery" motions unless the parties are

---

[3] It is also unclear whether the "motion" has been served on defendants.  Although the motion contains a certificate of service and appears to have been served on October 22, 2008, the date on the actual "certificate" has been left blank.

[4] The court has granted plaintiff extensions to obtain new counsel, but assumes that since plaintiff has made a motion to amend on his own behalf that he is going to proceed *pro se*.  If plaintiff does obtain counsel in the future, counsel should file a notice of appearance with the court in order to take over representation of plaintiff.

having a dispute regarding discovery that they cannot resolve themselves. *See*

LOCAL RULES N.D.N.Y. 7.1(d).

   **WHEREFORE** it is hereby

   **ORDERED**, that the Clerk of the Court file plaintiff's "motion," dated

October 22, 2008, a copy of which was also received by the court on November 13,

2008 with the proposed amended complaint and its exhibits, that were submitted by

plaintiff on September 23, 2008, and it is

   **ORDERED**, that the motion will be filed as a "Motion to Amend," and it is

   **ORDERED**, that the portion of plaintiff's motion that requests the court to

allow "discovery" is **DENIED AS PREMATURE AND UNNECESSARY**, and it is

   **ORDERED**, that defendants will have until **DECEMBER 5, 2008** to file a

response to plaintiff's motion, and it is further

   **ORDERED**, that all pleadings, motions and other documents relating to this

action shall be filed with the Clerk of the United States District Court, Northern

District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New

York 13261-7367.  Any paper sent by a party to the Court or the Clerk shall be

accompanied by a certificate setting forth the date a true and correct copy of same

was mailed to all opposing parties or their counsel.  Any letter or other document

received by the Clerk or the Court which does not include a proper certificate of

service *will be stricken*.

Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  Motions must comply with Local Rule 7.1 of the Northern District of New York and are to be made returnable before the court on any business day with proper allowance for notice as required by the Rules. Plaintiff is also required to promptly notify the Clerk's Office and defense counsel of any change in his address.

Dated: November 19, 2008

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

**49**

# United States District Court

_____ DISTRICT OF _____ MINNESOTA _____

C. Earl Grant and Celi V. Watts,

      Plaintiffs,

           **V.**

National Board of Medical
Examiners,

      Defendant.

## SUMMONS IN A CIVIL ACTION

**CASE NUMBER:**   3-96-310

**TO:** (Name and Address of Defendant)

Defendant National Board of Medical Examiners
           3750 Market Street
           Philadelphia, PA  19104

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)
          Roderick J. Macpherson, III
          Minnesota Disability Law Center
          430 First Avenue North
          Suite 300
          Minneapolis, MN  55401-1780

an answer to the complaint which is herewith served upon you, within __twenty__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

FRANCIS E. DOSAL
_____
CLERK

_____
BY DEPUTY CLERK

April 3, 1996
_____
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIRST DIVISION

---

C. Earl Grant and Celi V. Watts,

      Plaintiffs,

    vs.

National Board of Medical Examiners,

      Defendants.

Civil No. CV 3-96-310

**COMPLAINT**

---

## INTRODUCTION

1.    This is a disability discrimination lawsuit brought by C. Earl Grant and Celi Watts, two medical students who have diagnosed disabilities, against defendant National Board of Medical Examiners (hereafter "NBME") for failing to offer the United States Medical Licensing Examination - Step 1 (USMLE Step 1) in a manner that is accessible to the plaintiffs. The defendant refused to reasonably accommodate plaintiffs' disabilities by, among other things, allowing them additional time to take the USMLE Step 1 examination. In doing so, defendants violated federal and state anti-discrimination statutes, including the Americans With Disabilities Act (ADA), 42 U.S.A. 12101, *et seq.* and the Minnesota Human Rights Act, Minn. Stat. § 363.01, *et seq.*, specifically including 42 U.S.C. § 12189. Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages and statutory attorneys fees and expenses.

## JURISDICTION

2.    This Court has jurisdiction over plaintiffs' case pursuant to 28 U.S.A. 1331 in that this is an action arising under the laws of the United States. Plaintiffs seek

declaratory, injunctive and monetary relief to redress the deprivation rights secured them by the Americans with Disabilities Act, 42 U.S.A. 12101, *et seq.* This Court has supplemental jurisdiction over those of plaintiffs' claims which arise under the laws of the State of Minnesota, pursuant to 28 U.S.A. 1367, since the federal and state claims arise out of the same operative facts, circumstances and transactions.

**PARTIES**

3.      Plaintiff C. Earl Grant is a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act (28 U.S.A. 12102 (2) and 12131 (2)) and by the Minnesota Human Rights Act (Minn. Stat..§ 363.01, subd. 35). Specifically, he has been diagnosed with Attention Deficit Disorder (ADD).

4.      Plaintiff Celi V. Watts is a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act (28 U.S.A. 12102 (2) and 12131 (2)) and by the Minnesota Human Rights Act (Minn. Stat. § 363.01, subd. 35). Specifically, she has been diagnosed with Attention Deficit Disorder (ADD).

5.      The NBME is a public accommodation as that term is defined by the ADA (28 U.S.C. § ) and by the Minnesota Human Rights Act (Minn. Stat. Section § 363.01, subd. 33). It provides testing and certification services for the purpose of licensing physicians.

6.      The NBME is an entity that offers examinations related to applications, licensing, certification or credentialling for post-secondary education, professional or trade purposes, as those terms are used by 42 U.S.C. § 12189.

2

## FACTS

7.     Plaintiffs are students enrolled at the University of Minnesota Medical School.

8.     In order to become licensed physicians, plaintiffs must take certain licensing examinations offered by defendant NBME, including the USMLE Step I examination.

9.     Plaintiff Grant notified NBME of his disability and requested that NBME reasonably accommodate his disability by allowing him additional time to take the Step I examination on two occasions:  March 23, 1995 and August, 1995.

10.     Defendant NBME refused to accommodate both of Grant's requests for reasonable accommodation.  It notified Grant of its decisions on May 19, 1995 and September 11, 1995.

11.     Plaintiff Watts notified NBME of her disability and requested that NBME reasonably accommodate her disability by allowing her additional time to take the Step I examination on June 15, 1995.

12.     Defendant NBME refused to accommodate Watts' request for reasonable accommodation.  It notified Watts of its decisions on September 11, 1995.

13.     Defendant NBME informed both of the plaintiffs that it was refusing to grant their requests for reasonable accommodation because it disagreed with their doctors' diagnoses that plaintiffs have ADD.

14.     Grant attempted to take the USMLE Step I examinations offered in June and November, 1995 without having the necessary accommodation for his disability.

3

He was not able to complete all of questions in the examination due to his disability and did not pass the examination.

15.    Watts attempted to take the USMLE Step 1 examination offered in September, 1995 without having the necessary accommodation for her disability. She was not able to complete all of the questions in the examination due to her disability and did not pass the examination.

16.    Grant and Watts intend to take the USMLE Step I examination again when it is offered in the future.

17.    Grant recently made a new request that the NBME reasonably accommodate his disability by allowing him additional time for taking the examination. Watts intends to make another request for accommodation when she applies to take the examination again. The plaintiffs do not expect that defendant NBME will grant their requests for reasonable accommodation.

18.    Defendant acted with willful disregard for the rights of plaintiffs.

19.    As a result of defendant's refusal to accommodate plaintiffs' disabilities, both of the plaintiffs were subjected to discrimination by the defendant and were deprived of the full and equal use of the services and benefits of the NBME.

20.    As a further result of defendant's refusal to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, each of the plaintiffs suffered mental and emotional damages, including humiliation, embarrassment, emotional distress, and mental and emotional pain and suffering.

21.    As a further result of defendant's refusal to accommodate plaintiff Grant's disabilities by allowing him additional time to take the USMLE - Step 1

examination, plaintiff Grant has incurred, and expects to incur in the future, economic losses which he estimates to be in the amount of $55,000, in the form of:

        a.     lost future income due to the delay in graduating from medical school and the resulting delay in becoming employed as a physician; and

        b.     application fees for taking two USMLE - Step 1 examinations after defendant refused his request for reasonable accommodation.

22.     As a further result of defendant's refusal to accommodate plaintiff Watts' disabilities by allowing her additional time to take the USMLE - Step 1 examination, plaintiff Watts has incurred, and expects to incur in the future, economic losses which she estimates to be in the amount of $55,000, in the form of:

        a.     lost future income due to the delay in graduating from medical school and the resulting delay in becoming employed as a physician; and

        b.     application fees for taking one USMLE - Step 1 examinations after defendant refused her request for reasonable accommodation.

### COUNT 1

### VIOLATION OF THE ADA (42 U.S.C. § 12189)

23.     Plaintiffs reallege Paragraphs 1 - 22.

24.     By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated 42 U.S.A. § 12189.

25.     As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in Paragraphs 19 - 22 of this Complaint.

5

## COUNT II

## VIOLATION OF THE ADA (TITLE III)

26.     Plaintiffs reallege Paragraphs 1 - 25.

27.     By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination, defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated Title II of the ADA (42 U.S.A. § 12131 *et seq.*).

28.     As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in Paragraphs 19 - 22 of this Complaint.

## COUNT III

## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

29.     Plaintiffs reallege Paragraphs 1 - 28.

30.     By refusing to accommodate plaintiffs' disabilities by allowing them additional time to take the USMLE Step I examination,  Defendant NBME discriminated against plaintiffs on the basis of their disabilities, and thereby violated Minnesota Human Rights Act (Minn. Stat. § 363.03, subd. 4).

31.     As a result of the defendants' discriminatory actions, plaintiffs suffered the injuries set forth in paragraphs 19 - 22 of this Complaint.

## RELIEF REQUESTED

WHEREFORE, plaintiffs demand the following relief:

1.     A declaratory judgment that:

      a.     Defendant violated the ADA when it refused to accommodate plaintiffs' disabilities.

6

           b.      Defendant violated the Minnesota Human Rights Act when it refused to accommodate plaintiffs' disabilities.

2.      Directing to defendant to grant plaintiffs' requests for reasonable accommodation in connection with taking the USMLE Step I examination, including but not limited to, allowing them additional time for taking the examination.

3.      Judgment against defendants jointly and severally and in favor of each plaintiff in the amount of $80,000 for plaintiff Grant and $80,000 for plaintiff Watts, as and for compensatory damages pursuant to the Minnesota Human Rights Act.

4.      Judgment against defendants jointly and severally and in favor of Plaintiffs in the amount of $8,500 for each plaintiff, as and for punitive damages pursuant to the Minnesota Human Rights Act.

5.      An award of Treble Damages in favor of each plaintiff and against each of the defendants pursuant to the Minnesota Human Rights Act (Minn. Stat. § 363.071, subd. 2).

6.      Ordering each of the defendants to pay a civil penalty pursuant to the Minnesota Human Rights Act (Minn. Stat. § 363.071, subd. 2) and the ADA.

7.      Ordering such other affirmative relief as may be necessary to correct the impact of the defendants' discriminatory conduct.

8.      Ordering defendants to pay plaintiffs' reasonable attorneys fees and expenses.

9.     For such other and further relief as the Court may determine to be just and equitable.

Respectfully submitted,

LEGAL AID SOCIETY OF MINNEAPOLIS

Dated: 3 April 1996

BY:    Roderick J. Macpherson, III  (No. 66163)
Pamela S. Hoopes  (No. 208504)
Attorneys for Plaintiffs
MINNESOTA DISABILITY LAW CENTER
430 First Ave North, Suite 300
Minneapolis, MN 55401-1780
(612) 334-5785, ext. 237

8

**50**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MIINNESOTA**
**THIRD DIVISION**

-----------------------------------------------------

C. Earl Grant and Celi Watts,

        Plaintiffs,

Court File No. 3-96-310

v.

National Board of Medical Examiners,

        Defendant.

**ANSWER**

-----------------------------------------------------

     National Board of Medical Examiners ("NBME"), for its Answer to plaintiffs'

Complaint, states and alleges as follows:

## FIRST DEFENSE

     1.    Denies paragraph 1 of the Complaint, except to the extent that it admits

that plaintiffs have instituted a lawsuit alleging disability discrimination and  that

plaintiffs seek declaratory and injunctive relief, damages, attorneys fees and expenses

as part of this lawsuit.

     2.    With respect to paragraph 2, denies that plaintiffs are entitled to relief

under the Americans with Disabilities Act ("ADA"), or the laws of Minnesota, but states

that based on plaintiffs' allegations that they are entitled to relief under the ADA and

the laws of Minnesota, that this court has jurisdiction over plaintiffs' case pursuant to

28 U.S.C. §1331 and 28 U.S.C. §1367.

     3.    Denies paragraph 3, except to the extent that defendant admits that

plaintiff Earl Grant ("Grant") has submitted to defendant a diagnoses of ADD.

034/221 17205 6/10/96

Defendant affirmatively states that such diagnoses is not supported by the requisite clinical, psychometric and historical data.

4.      Denies paragraph 4, except to the extent that defendant admits that plaintiff Celi Watts ("Watts") has submitted to defendant a diagnoses of ADD. Defendant affirmatively states that such diagnoses is not supported by the requisite clinical, psychometric and historical data.

5.      Denies paragraph 5, except to the extent that it admits that among other services it provides, it provides testing and certification services for use in the licensing of physicians.

6.      Admits paragraph 6 as to Grant, and lacks sufficient information to admit or deny the allegations of paragraph 6 as to Watts, and therefore, on this basis, denies these allegations.

7.      Admits paragraph 7, and lacks sufficient information to admit or deny the allegations of paragraph 7 as to Watts, and therefore, on this basis, denies these allegations.

8.      Admits paragraph 8.

9.      With respect to paragraph 9, admits that Grant notified defendant that he had received a diagnosis of ADD and requested that defendant provide certain accommodations for his alleged disability on March 23, 1995 and in August, 1995.

10.      Denies paragraph 10, except to the extent that it admits that it notified Grant that it would not grant the accommodations requested on May 19, 1995 and September 11, 1995.

11.    With respect to paragraph 11, admits that Watts notified defendant that she had received a diagnosis of ADD and requested that defendant provide certain accommodations for her alleged disability on July 15, 1995.

12.    Denies paragraph 12, except to the extent that it admits that it notified Watts that it would not grant the accommodations requested on September 11, 1995.

13.    Denies paragraph 13, except to the extent that it admits that it refused to grant both plaintiffs' request for accomodation on grounds that the information provided by each plaintiff in support of the requests for accomodation did not adequately support a diagnosis of ADD.

14.    Denies paragraph 14, except to the extent that it admits that Grant took the USMLE Step 1 exam in June and September, 1995 and did not pass the exam on either occasion.

15.    Denies paragraph 15, except to the extent that it admits that Watts took the USMLE Step 1 exam in September, 1995 and did not pass the exam on this occasion.

16.    Lacks sufficient information to admit or deny the allegations of paragraph 16, and therefore, on this basis, denies these allegations.

17.    Lacks sufficient information to admit or deny the allegations of paragraph 17, and therefore, on this basis, denies these allegations, except to the extent that defendant admits that Grant has renewed his request that defendant grant certain accommodations in connection with the exam to be held on June 11 and 12, 1996.

18.    Denies paragraph 18.

19.     Denies paragraph 19.

20.     Denies paragraph 20.

21.     Denies paragraph 21.

22.     Denies paragraph 22.

23.     Paragraph 23 requires no response.

24.     Denies paragraph 24.

25.     Denies paragraph 25.

26.     Paragraph 26 requires no response.

27.     Denies paragraph 27.

28.     Denies paragraph 28.

29.     Paragraph 29 requires no response.

30.     Denies paragraph 30.

31.     Denies paragraph 31

32.     Except as otherwise admitted, denied or given a qualified answer, denies each and every allegation.

## SECOND DEFENSE

33.     Based upon the facts alleged, plaintiff's complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

34.     Defendant affirmatively states that it at all times acted properly towards plaintiffs and in conformance with its obligations under the law.  In addition, defendant specifically asserts that its actions at all times were consistent with its responsibility to

ensure the integrity and meaningfulness of the scores of the examinations taken throughout the country for medical licensure, and further states that its actions in carefully reviewing and ultimately denying plaintiffs' applications for accommodations were required in order for it to uphold its responsibility that the subject examinations are administered under standard conditions and that no examinee or group of examinees receives an unfair advantage over another on the examination.

## FOURTH DEFENSE

35.     Plaintiffs' failure to pass the USMLE Step 1 exam to date is due to the conduct of plaintiffs' or actions, facts and occurrences over which this defendant has no control.

## FIFTH DEFENSE

37.     Plaintiffs' claim for punitive damages is not properly before this court pursuant to Minn. Stat. §549.191 and should be dismissed as a matter of law.


WHEREFORE, defendant requests that plaintiffs' Complaint be dismissed with prejudice in its entirety and that it be granted reasonable attorneys fees, costs, disbursements and such other relief as this Court deems proper.

DATED:  June 10, 1996          **POPHAM HAIK SCHNOBRICH**
                               **& KAUFMAN, LTD.**

By _____
   Janie S. Mayeron, Reg. No. 69152
   3300 Piper Jaffray Tower
   222 South Ninth Street
   Minneapolis, Minnesota 55402
   (612) 334-2509

**ATTORNEYS FOR NATIONAL**
**BOARD OF MEDICAL EXAMINERS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MIINNESOTA**
**THIRD DIVISION**

---------------------------------------------------

C. Earl Grant and Celi Watts

          Plaintiffs,

v.

National Board of Medical Examiners,

          Defendant.

---------------------------------------------------

Court File No. 3-96-310

**AMENDED ANSWER**

National Board of Medical Examiners ("NBME") for its Amended Answer to plaintiffs' Complaint, states and alleges as follows:

<u>**FIRST DEFENSE**</u>

1.    Denies paragraph 1 of the Complaint, except to the extent that it admits that plaintiffs have instituted a lawsuit alleging disability discrimination and that plaintiffs seek declaratory and injunctive relief, damages, attorneys fees and expenses as part of this lawsuit.

2.    With respect to paragraph 2, denies that plaintiffs are entitled to relief under the Americans with Disabilities Act ("ADA"), or the laws of Minnesota, but states that based on plaintiffs' allegations that they are entitled to relief under the ADA and the laws of Minnesota, that this court has jurisdiction over plaintiffs' case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3.    Denies paragraph 3, except to the extent that defendant admits that plaintiff Earl Grant ("Grant") has submitted to defendant a diagnoses of ADD.

034/22117205 6/25/96

Defendant affirmatively states that such diagnoses is not supported by the requisite clinical, psychometric and historical data.

4.    Denies paragraph 4, except to the extent that defendant admits that plaintiff Celi Watis ("Watts") has submitted to defendant a diagnoses of ADD. Defendant affirmatively states that such diagnoses is not supported by the requisite clinical, psychometric and historical data.

5.    Denies paragraph 5, except to the extent that it admits that among other services it provides, it provides testing and certification services for use in the licensing of physicians.

6.    Admits paragraph 6.

7.    Admits paragraph 7 as to Grant, and lacks sufficient information to admit or deny the allegations of paragraph 7 as to Watts, and therefore, on this basis, denies these allegations.

8.    Admits paragraph 8.

9.    With respect to paragraph 9, admits that Grant notified defendant that he had received a diagnosis of ADD and requested that defendant provide certain accommodations for his alleged disability on March 23, 1995 and in August, 1995.

10.    Denies paragraph 10, except to the extent that it admits that it notified Grant that it would not grant the accommodations requested on May 19, 1995 and September 11, 1995.

11.    With respect to paragraph 11, admits that Watts notified defendant that she had received a diagnosis of ADD and requested that defendant provide certain

accommodations for her alleged disability on July 15, 1995.

      12.     Denies paragraph 12, except to the extent that it admits that it notified Watts that it would not grant the accommodations requested on September 11, 1995.

      13.     Denies paragraph 13, except to the extent that it admits that it refused to grant both plaintiffs' request for accomodation on grounds that the information provided by each plaintiff in support of the requests for accomodation did not adequately support a diagnosis of ADD.

      14.     Denies paragraph 14, except to the extent that it admits that Grant took the USMLE Step 1 exam in June and September, 1995 and did not pass the exam on either occasion.

      15.     Denies paragraph 15, except to the extent that it admits that Watts took the USMLE Step 1 exam in September, 1995 and did not pass the exam on this occasion.

      16.     Lacks sufficient information to admit or deny the allegations of paragraph 16, and therefore, on this basis, denies these allegations.

      17.     Lacks sufficient information to admit or deny the allegations of paragraph 17, and therefore, on this basis, denies these allegations, except to the extent that defendant admits that Grant has renewed his request that defendant grant certain accommodations in connection with the exam to be held on June 11 and 12, 1996.

      18.     Denies paragraph 18.

      19.     Denies paragraph 19.

      20.     Denies paragraph 20.

21. Denies paragraph 21.

22. Denies paragraph 22.

23. Paragraph 23 requires no response.

24. Denies paragraph 24.

25. Denies paragraph 25.

26. Paragraph 26 requires no response.

27. Denies paragraph 27.

28. Denies paragraph 28.

29. Paragraph 29 requires no response.

30. Denies paragraph 30.

31. Denies paragraph 31

32. Except as otherwise admitted, denied or given a qualified answer, denies each and every allegation.

## SECOND DEFENSE

33. Based upon the facts alleged, plaintiff's complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

34. Defendant affirmatively states that it at all times acted properly towards plaintiffs and in conformance with its obligations under the law.  In addition, defendant specifically asserts that its actions at all times were consistent with its responsibility to ensure the integrity and meaningfulness of the scores of the examinations taken throughout the country for medical licensure, and further states that its actions in

4

carefully reviewing and ultimately denying plaintiffs' applications for accommodations were required in order for it to uphold its responsibility that the subject examinations are administered under standard conditions and that no examinee or group of examinees receives an unfair advantage over another on the examination.

## FOURTH DEFENSE

35.    Plaintiffs' failure to pass the USMLE Step 1 exam to date is due to the conduct of plaintiffs' or actions, facts and occurrences over which this defendant has no control.

## FIFTH DEFENSE

37.    Plaintiffs' claim for punitive damages is not properly before this court pursuant to Minn. Stat. §549.191 and should be dismissed as a matter of law.


WHEREFORE, defendant requests that plaintiffs' Complaint be dismissed with prejudice in its entirety and that it be granted reasonable attorneys fees, costs, disbursements and such other relief as this Court deems proper.

DATED:  June 25, 1996      **POPHAM HAIK SCHNOBRICH
     & KAUFMAN, LTD.**

By _Janie S Mayeron_

Janie S. Mayeron, Reg. No. 69152
3300 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, Minnesota 55402
(612) 334-2509

**ATTORNEYS FOR NATIONAL
BOARD OF MEDICAL EXAMINERS**

# AFFIDAVIT OF SERVICE

State of Minnesota )
                    :ss.
County of Hennepin )

     Mary Kae Vandeputte, being first duly sworn on oath, deposes and states that on June 25, 1996, she served the attached Answer on Roderick J. Macpherson, III, attorney for plaintiffs, at: 430 First Avenue North, Suite 300, Minneapolis, MN 55401, by depositing in the United States Mail, a true and correct copy to him at the above address, in Minneapolis, Minnesota.

                                                   Mary Kae Vandeputte

Subscribed and sworn to
before me 25 day of June, 1996.

Notary Public

TERESA M. KNIGHT
NOTARY PUBLIC-MINNESOTA
HENNEPIN COUNTY
My Commission Expires Jan. 31, 2000

**51**

GRANT

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into between C. Earl Grant and the National Board of Medical Examiners ("NBME").

**WHEREAS,** NBME administers and scores Step I and Step II of the three-step United States Medical Licensing Examinations ("USMLE") to eligible students and graduates of United States and Canadian accredited medical schools; and

**WHEREAS,** NBME has informed Grant that it does not determine accommodation for Step III of the USMLE; and

**WHEREAS,** Grant has received a diagnosis of Attention Deficit-Hyperactivity Disorder: Predominantly Inattentive Type ("ADD") and has asserted that he is disabled as defined by the Minnesota Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA"); and

**WHEREAS,** Grant requested accommodation from NBME in connection with Step I and Step II of the USMLE, and

**WHEREAS,** NBME, after reviewing Grant's submitted documentation of ADD and concluding that it was insufficient to support a diagnosis of ADD, denied Grant the accommodation he requested; and

**WHEREAS,** Grant is one of the plaintiffs in a lawsuit against NBME entitled *C. Earl Grant and Celi Watts v. National Board of Medical Examiners*, United States District Court, District of Minnesota, Third Division, Civil File No. 3-96-310 ("lawsuit"), in which he has asserted claims against NBME pursuant to the MHRA and ADA; and

**WHEREAS,** NBME denies all of Grant's claims and asserts that at all times its actions with respect to Grant were proper and lawful; and

**WHEREAS**, Grant and NBME have previously entered into an agreement concerning accommodations concerning Grant's request for accommodations made in connection with the Spring 1996 Step I examination (hereafter referred to as "the Spring 1996 Agreement"); and

**WHEREAS**, NBME later granted the request for accommodation which Grant submitted in connection with his application to take the Fall 1997 Step II examination based upon all of the documentation provided by Grant to support his request for accommodation, including the additional documentation which he submitted in connection with that request for accommodation; and

**WHEREAS**, in the interest of settlement and compromise of the charges and claims made by Grant, and in order to avoid the costs and expenses of trial and in order to resolve Grant's concerns of potential damage to his character and reputation, without any admission of liability, it is the mutual desire of NBME and Grant to settle amicably any and all claims that have been or could have been raised by Grant in regard to potential accommodation on Step I and Step II Examinations of the USMLE; and

**WHEREAS**, in the interest of avoiding disagreement and unnecessary litigation in the future, it is the mutual desire of the parties to agree upon accommodations to be provided in connection with future Step II examinations applied for by Grant, and which are determined by NBME.

**NOW, THEREFORE**, in consideration of the mutual promises, terms and conditions made below, the parties agree as follows:

1.     <u>Accommodation</u>.  NBME will not challenge the diagnosis of ADD which Grant has already received, with respect to all future examinations it administers and for which it makes

2

decisions whether an applicant will be granted examination accommodations. In addition, NBME agrees to continue the accommodation it provided Grant in connection with the Fall 1997 Step II examination in connection with any future Step II examination administered by the NBME and for which he is eligible to take and which he takes, in the same manner it has accommodated Grant in the last Step I and Step II taken by him, *i.e.* with time and one-half to take the examination and a low-distraction room in which to take it, provided that Grant follows the NBME's usual procedure and timely applies for and formally requests accommodation for each test he takes in the future. However, Grant will not be required to provide any additional documentation of his disability, nor shall Grant be required to resubmit information previously accepted by NBME.

2.      Settlement Payment.  Upon execution of this Agreement, NBME agrees to pay Grant and Grant agrees to accept the sum of Twenty-one Thousand Dollars ($21,000.00) as settlement of all Grant's claims, including his claims for compensatory damages, to be paid as follows: one check shall be issued to "C. Earl Grant and the Legal Aid Society of Minneapolis".

3.      Taxes.    NBME will issue a Form 1099 to Grant. It is specifically understood and agreed that any tax liability for payment by Grant of taxes on the Settlement Payment is solely Grant's responsibility. NBME is not waiving any rights it may have to seek relief from Grant if Grant fails to pay any tax due on the Settlement Payment and if any taxing authority seeks payment of Grant's taxes from NBME. Similarly, Grant is not waiving any rights he may have against NBME if any taxing authority seeks payment from Grant for NBME's failure to comply with the requirements of any applicable tax law or regulation.

4.    <u>Nondisclosure</u>.  NBME hereby agrees not to affirmatively disclose Grant's ADD diagnosis including but not limited to:  any of the documentation Grant submitted in support of his requests for accommodation and the reports concerning Grant's condition prepared by agents, representatives and/or employees of NBME to any residency program, potential employer or any other person, except by consent of Grant or by order of a court.  However, when requested by Grant or authorized by Grant to provide score reports or transcripts, NBME will disclose on such documents the fact of Grant's accommodation and will disclose upon inquiry the nature of the accommodation.

5.    <u>Preservation of Examination Results</u>.

(a)  For any Step II examination Grant takes in a pencil and paper format which is administered by NBME in the Twin Cities (Minneapolis/St. Paul area) and for which Grant has requested that a sealed copy of the answers be made pursuant to this subparagraph, NBME agrees to have copies made of Grant's answer sheets immediately after he submits them, and seal the copy in an envelope containing on the outside of the envelope Grant's name, the date when the envelope is sealed and the name of the person who sealed the copy of Grant's answer sheets in the envelope.  The sealed answer sheets shall then be hand-delivered to the law firm of Leonard, Street and Deinard (or to any other law firm which NBME may designate), or sent via overnight mail to the law firm of Leonard, Street and Deinard (or to any other law firm which NBME may designate).

For any Step II examination administered by NBME in the Twin Cities (Minneapolis/St. Paul area) which Grant takes by computer and not in a pencil and paper format, NBME will make all reasonable and necessary efforts to copy and seal the computerized

4

examination answers and forward them to counsel for NBME.  Grant understands that the copying of his computerized answers may only be possible at a central location (which may be at NBME) and not at the site where Grant takes his examination.  In the event that copying his computerized answers can only take place at a central location different from his examination site, Grant agrees that the copying may take place at the central location, so long as the copying takes place as soon as is reasonably practicable following the transmission of the examination answers.

In the event that Grant seeks to have his answer sheets copied and sealed or his computerized answers copied and sealed pursuant to this subparagraph, he shall make this request in writing to Janet Carson, general counsel for NBME, Janie S. Mayeron at Leonard, Street and Deinard, or any other third party designated by NBME, no later than thirty days prior to the date of the exam for which he wants his examination answers copied.

(b)   For any Step II examination Grant takes in a pencil and paper format which is administered by NBME, NBME agrees to preserve the following:  (1) Grant's answer sheets; (2) the sealed copy of Grant's answer sheets (if applicable pursuant to subparagraph 5 (a) above); (3) Grant's examination booklet; and (4) the answer key for the examination Grant took.  These materials are hereafter referred to as the "Test Materials."  In addition, for any Step II examination administered by NBME which Grant takes by computer and not in a pencil and paper format, NBME agrees to preserve the computerized equivalent of the Test Materials.  The Test Materials or their computerized equivalent shall be preserved for ten years or upon Grant's receipt of a license to practice medicine in any state or territory in the United States, whichever occurs first.

(c)   By agreeing to copy answer sheets or the computerized equivalent (if applicable pursuant to subparagraphs 5(a) above) and preserve the Test Materials or their computerized equivalent, except as otherwise provided by this Agreement, the parties agree that this copying and preservation of materials or computerized equivalent shall not, however, give Grant any right or privilege to use these materials or computerized equivalent in a way that other examinees are not entitled to use their materials or computerized equivalent, and in no event shall his examination be scored or evaluated with regard to any marks made in his examination booklet.

6.    Non-Retaliation.

(a)   NBME agrees not to retaliate against Grant in any manner in connection with the testing or scoring of any future examination taken by Grant and administered or scored by NBME, or in connection with the exercise of Grant's rights under this Agreement.

(b)   As part of this agreement not to retaliate, if Grant requests a manual recheck of his examination score in connection with any examination administered or scored by NBME, which examination program provides that the examinee may request a manual recheck by NBME, NBME shall review his score fairly and objectively and using exactly the same procedure as it would use to review any other examinee's score.

(c)   In the event that a sealed copy of Grant's Step II examination answers (whether in paper form or on the computer) have been made pursuant to Paragraph 5 of this Agreement, as part of the process of rechecking Grant's Step II examination score pursuant to subparagraph (b) of this section, if requested by Grant, NBME will allow Grant's attorney and its attorney to jointly compare the sealed copy of Grant's examination or computerized answers with the original answer sheets or computerized answers Grant submitted to determine if the sealed copy of the

6

answer sheets or computerized answers is different from the original answer sheets or computerized answers. If the sealed copy of the answer sheets or computerized answers is different from the original answer sheets or computerized answers, the copied answer sheets or computerized answers will be used for the manual recheck (instead of the original answer sheets or computerized answers). If the sealed copy of the answer sheets or computerized answers and the original answer sheets or computerized answers are the same, the original answer sheets or computerized answers will be used for the manual recheck.

(d) For the Step II examination, in the event that the manual recheck is performed pursuant to subparagraph 6(b), and the manual recheck identifies an error in the score originally reported, a new score report will be issued to Grant. For the Step II examination, in the event that the manual recheck performed pursuant to subparagraph 6(b), does not reveal an error in the score originally reported, NBME will send Grant a letter informing him that the original score was accurate as reported.

(e) In the event that Grant pursues a suit or charge of retaliation or for breach of this Agreement, the prevailing party may seek reimbursement of all attorneys' fees and costs incurred in pursuit or defense of such action from the unsuccessful party by bringing a motion for attorneys' fees to the presiding judge of the litigation. The presiding judge may grant or deny such a motion in whole or in part, in his or her discretion.

7. <u>Release.</u> In return for the payment and commitments made by NBME which are described in this Agreement, Grant hereby releases and discharges NBME (and the related persons who are identified in the subsection entitled, "Who Is Released") from liability for any

claim which he had or may have had against NBME  for its refusal to accommodate him in connection with any test administered by NBME.

WHO IS RELEASED:  This release covers NBME and all of its parents, subsidiaries, and affiliated corporations, and each of their past, present, or future shareholders, members, directors, officers, employees, representatives, agents, predecessors, successors, assigns, attorneys and insurers.

WHO IS RELEASING:  Grant and his heirs, administrators, executors, assigns, attorneys and all others claiming rights through him or acting on his behalf.

WHAT CLAIMS ARE INCLUDED BY RELEASE:  Grant is releasing claims which he may have or may claim to have had against NBME for its refusal to accommodate him in connection with any test administered by NBME.  They include, but are not limited to,  (a) all claims of discrimination (including disability, sex, and age discrimination pursuant to the MHRA or ADA), breach of contract, promissory estoppel, defamation, negligent or intentional infliction of emotional distress, harassment, impairment of economic opportunity, fraud, misrepresentation, or any other theory of liability; (b) all claims for mental anguish, pain and suffering, damage to reputation, punitive damages, attorneys' fees, or lost employment compensation; and (c) all charges, complaints, claims, liabilities, obligations, promises, agreements, damages (money or otherwise), actions, causes of actions, suits, debts, costs, expenses (including but not limited to attorneys' fees) and rights of any nature whatsoever, state or federal, in law or in equity, known or unknown, asserted or unasserted, suspected or unsuspected, including those claims asserted in this lawsuit.  Grant agrees that he will not sue in court or file an administrative claim, complaint

or charge of any nature against NBME for a claim filed against NBME and released in this Agreement, except for the purpose of seeking enforcement of this Agreement.

       8.    <u>Confidentiality</u>.  The terms of this Settlement Agreement shall forever be treated as confidential by Grant and NBME and the counsel of each party, who shall not disclose its terms to anyone, except that (1) Grant may disclose the fact and terms of this settlement to his legal counsel, to Dr. Ann Baldwin (who Grant has represented to NBME he has consulted for advice during settlement negotiations), his financial adviser(s) and accountant(s) (collectively referred to as "Confidential Persons"); (2) Grant may disclose the fact of and the non-monetary terms of this settlement to representatives of medical licensing and regulatory authorities (also collectively referred to as "Confidential Persons"); and (3) NBME may disclose the fact and the terms of this Agreement to its members, officers and directors, outside auditors, and to employees or agents of NBME or related entities who have a legitimate need to know the terms of the Agreement in the course of performing their duties (also referred to as "Confidential Persons"). In addition, in the event that NBME is contacted by any representative of a medical licensing or regulatory authority to confirm or deny the accuracy of a representation made by Grant to any persons listed in subparagraphs (1) or (2) above concerning any of the terms of the Settlement Agreement, NBME may confirm or deny the accuracy of Grant's representations and may accurately report the terms of the Settlement Agreement to that person.  Both parties may also disclose the terms of the Agreement to representatives of the Internal Revenue Service (IRS), the Minnesota Department of Revenue, or to any other governmental entity responsible for collecting taxes; or if they are required by a court of law to do so.  Confidential Persons shall be bound by the duties of confidentiality applicable to the party disclosing the information to the Confidential

9

Person.  In the event that NBME or Grant is asked by any person other than Confidential Persons the outcome of this lawsuit or Grant's claims against NBME, Grant, Grant's attorneys, and NBME attorneys and representative shall be permitted only to state that "the matter has been resolved."

9.   Dismissal of Lawsuit.  NBME and Grant agree that their respective counsel shall execute and file with the Court for signature by the Court a Stipulation of Dismissal with Prejudice Without Costs or Disbursements and Order, of this lawsuit.

10.   Non-Admission.  NBME specifically denies any liability to Grant for any and all claims asserted by Grant against NBME.  Nothing contained in this Agreement shall be construed as an admission by NBME of any violation of state, federal, or local statute, regulation, ordinance, or principle of common law, or that it has engaged in any wrongdoing.  Similarly, nothing in this agreement shall be construed as an admission by Grant that his claims were not legitimate or that he is relinquishing any right to enforce his rights under this settlement, or to enforce any other rights he has not released in this agreement.

11.   Assignment.   The parties agree that the rights and obligations under this Agreement shall insure to and be binding upon NBME and its successors and assigns, but the rights and obligations of Grant hereunder are personal and may not be assigned to any other person.

12.   Integration.  This Agreement contains the full agreement of the parties and may not be modified, altered or changed in any respect except upon the express written consent of both parties.

13.   Voluntary and Knowing Action.  Grant acknowledges that he has been represented by his own attorney, that he has read and understands the terms of this Agreement, and that he

10

is voluntarily entering into the Agreement based upon the advice and recommendation of his attorney.

14.    Governing Law.  This Agreement will be construed and interpreted in accordance with the laws of the State of Minnesota.

15.    Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

Dated:  June _19_, 1998

_C. Earl Grant_ _____
C. Earl Grant

Dated:  June ___, 1998          **National Board of Medical Examiners**

By_____

   Its_____

is voluntarily entering into the Agreement based upon the advice and recommendation of his attorney.

14.     <u>Governing Law</u>.  This Agreement will be construed and interpreted in accordance with the laws of the State of Minnesota.

15.     <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

Dated:  June ___, 1998

_____
C. Earl Grant

Dated:  ~~June~~ July 1, 1998

**National Board of Medical Examiners**

By _L Thompson Bowles MD._

Its _PRESIDENT_