**52**



# CHARGE OF DISCRIMINATION

Department of Human Rights
Army Corps of Engineers Centre
190 E. 5th Street, Suite 700
St. Paul, MN  55101
612/296-5663
Toll-Free 1-800/657-3704
TTY 612/296-1283

Any person claiming to have been discriminated against because of race, color, creed, religion, national origin, sex, sexual orientation, marital status, disability, age, public assistance status or familial status, as provided for in Chapter 363 of the Minnesota Statutes in the areas of employment, real property, public accommodations, public services, education, credit or business contracts may file a charge within one year after the alleged discriminatory act with the Minnesota Department of Human Rights at the above address.

**DEPARTMENT OF HUMAN RIGHTS USE ONLY**

Case Number:   31073

Acknowledged by:

*Karen Z Ferguson*

Date Filed:                              Date Docketed:

8|14|98                              AUG 14 1998

---

**1. CHARGING PARTY**

Earl Grant
3142 Pillsbury Avenue South
Minneapolis, MN  55408-3035

**2. RESPONDENT**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

---

**3. The discrimination was because of:**

**4. The discrimination was in the area of:**

Reprisal

---

**5. Describe the discriminatory act, setting forth in statutory language the violation of Minnesota Statutes, Section 363.03:**

I am a male with a disability, attention deficit hyperactivity disorder, who applied for examination for medical licensing with the above-named Respondent.

In 1996, I filed a law suit in United States District Court, District of Minnesota, court file number 3-96-310. My suit alleged a failure to accommodate my qualified disability. On December 30, 1997, the court was advised that the parties had reached a settlement in the action. As part of the settlement, the National Board of Medical Examiners agreed not to retaliate in any manner in the testing or scoring of any future test taken by me and administered by NBME. In March 1998, I re-took the Respondent's step 11 exam. Respondent notified me I failed the exam by 2 points. I requested that my exam be re-scored per Respondent's standard procedure which normally takes 2-3 weeks. Respondent did not comply with this request. On Thursday June 18, 1998, I was informed that if I signed the settlement agreement by June 19, 1998, Respondent would proceed to rescore my exams using the procedures contained in the settlement agreement which stated that an original and sealed copy of my answer sheets from the fall 1997 and spring 1998 step II examinations would be mailed to the Respondent's attorney, for comparison in the presence of my attorney.   Instead, my USMLE step 11 examination was manually scored by the Respondent's standard procedure. Respondent is aware that the delays and refusal to adhere to the settlement agreement have caused major delay and disruption with plans for my residency.

(OVER)

I believe that Respondent is retaliating against me due to requests for accommodation and the discrimination laws that I filed against them. The Respondent has not complied with the settlement agreement to rescore and compare my USMLE step II examinations from fall 1997 and spring 1998. My residency is on hold until such time as my USMLE examinations are scored and a passing grade obtained.

I therefore allege that the above-named Respondent has discriminated against in the area of reprisal in violation of Minnesota Statutes, Section 363.03 Subd.7(1).

JWG0798

---

Subscribed and sworn to before me this

4th day of ___August___ 19 98

_Denise M. Romero - Zasada_
Notary Public

I swear or affirm that I have read this charge and that it is true to the best of my knowledge, information, and belief. I understand that the data contained on this form may be made public.

_E. Earl Guest_
(Signature of Charging Party)

DENISE M. ROMERO-ZASADA
NOTARY PUBLIC—MINNESOTA
RAMSEY COUNTY
My Comm. Expires Jan. 31, 2000



# Minnesota Department of Human Rights

August 14, 1998

Ref:  31073
      Earl Grant
      vs.
      Natl Bd of Medical Examiners

CEO,
Natl Bd of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

Dear CEO:

A charge has been filed with the Minnesota Department of Human Rights alleging that Natl Bd of Medical Examiners has committed an unfair discriminatory practice which is in violation of the Minnesota Human Rights Act (Minnesota Statutes Chapter 363). Carol Yerigan, Human Rights Aide, will coordinate the collection of information needed for an initial evaluation of the charge.

The Human Rights Act states that any person claiming to have been aggrieved by an unfair discriminatory practice may file a charge with the Department of Human Rights. Accepting a discrimination charge is in no way an indication that the Department has determined that a violation of the Human Rights Act has occurred, but merely signifies that the Department will conduct an impartial investigation to determine if there is evidence to support the allegations which have been made in the charge. When the initial information has been obtained, the case will be reviewed for further action. this could include referral to mediation (through the Minnesota Office of Dispute Resolution); dismissal of the case without further inquiry; or assignment to an Enforcement Officer for extended investigation. At the completion of the investigation the Department will issue a determination of "Probable Cause" or "No Probable Cause" to credit that allegation of discrimination.

If a determination of No Probable Cause is issued, the charge will be dismissed, subject to an appeal. In the event of a Probable Cause determination, the Department will attempt to obtain an appropriate remedy for the Charging Party through conciliation. If conciliation is not successful, the Department may issue a formal complaint and refer the case directly to State District court or to an Administrative Law Judge, who may order the payment or a civil penalty, assessment of compensatory and punitive damages, and an award for mental anguish and suffering.

### Answer to the charge and Initial Information Request (IIR)

Minnesota Statutes Chapter 363.06, subd. 1, requires that you submit within 20 days a written response to the charge. This response should sufficiently set forth the Respondent's position related to the allegations of the Charging Party.

The Respondent is also required to submit all documents which are identified in the enclosed Initial Information Request (IIR). If you would like to have the request clarified, you may contact Carol Yerigan at (612) 297-2783.

### Failure to Respond to the Charge or Information Request

If you fail to provide a written response, there are provisions in the Human Rights Act for the Commissioner to move the District Court for an order for a default judgment against the Respondent.

The Minnesota Supreme Court has stated that the party charged with unlawful discriminatory conduct must provide a legitimate, non-discriminatory reason for its actions. Danz v. Jones, 263 N.W. 2d 395, 399 (Minn. 1978); Sigurdson v. Isanti County, 386 N.W. 2d 715, 720-21 (Minn. 1986). A Respondent that does not articulate a legitimate, non-discriminatory reason in defense of the allegations has not met its burden to rebut the Charging Party's charge. Therefore, failure to respond to the above-referenced charge could lead to a Department determination of probable cause that discrimination occurred.

In addition to the IIR, the Department of Human Rights may request further information during the investigation. If information that has been requested is not provided, it is the policy of this Department to issue a subpoena. Minnesota Rules, Part 5000.2250, Subpart 1, requires that the Respondent retain all documents related to a charge of discrimination until notified by the Department the charge has been resolved. Investigation will also require the Charging Party and other possible sources to furnish relevant information, statements, and documentation. Failure to provide, upon request, case-related information believed to be within the possession or control of the Respondent, may lead the Department to conclude that such information supports the charge of discrimination.

### Extensions

If you have good cause to request an extension on the 20 days allowed for submission of the Respondent's answer, you may contact Carol Yerigan at (612) 297-2783 to discuss the circumstances. Only in exceptional situations will an extension be granted beyond 30 days.

cycom1-r

## Charging Party Access to Respondent Answer

The Human Rights Act requires that the Department of Human Rights provide the Charging Party with a copy of all materials which accompany the Respondent's answer. An "Answer to a Charge" has been defined in Minnesota Rules, Part 5000.0050, Subpart 5, to mean "Respondent's initial written reply to a charge that contains information sufficient to explain the Respondents defense."[emphasis added]. Minnesota case law has established that the "answer" also include any documents which are submitted with or referred to in the Respondent's statement of position. Therefore, a copy of any statement or documents which you submit with your answer will be copied and provided to the Charging Party. If you would like to supplement your answer with documents that you do not want disclosed to the Charging Party, you may not refer to them in your answer and you must mail them separately from your answer. Material submitted in response to the IIR must also be mailed separately from the response to the charge or it will be subject to access by the Charging Party. Your answer to the charge and response to the IIR should be submitted to the attention ofCarol Yerigan. Please mail the materials requested in the IIR separately from your answer to the charge.

## Verification of Response

Should you choose to answer the allegations in this charge through an attorney or representative from outside your organization, please have the appropriate Respondent officer or manager sign a statement which verifies that the answer to the charge prepared by the representative accurately represents the Respondent's position.

## Priority Charges

The Minnesota Human Rights Act requires that certain types of charges be given priority in processing. According to the criteria in Minnesota Statutes, § 363.06, subd. 4 or Department policy, this charge is a priority charge.

Please remember that the department is a neutral party during investigation. By promptly submitting the answer to the charge and any other information which has been requested by the Department, you can facilitate our processing of this case and expedite the resolution of this charge. All inquiries and correspondence should be directed to Carol Yerigan and should include the case reference number shown above.

cycom1-r

**Notice of Complex Case**

This case has been certified as complex, in accordance with Minnesota Statutes, section 363.071, subd. 1a, which provides that a case may be designated as complex if it involves multiple parties or issues, presents complex issues of fact, or complex or substantially new issues of antidiscrimination law.

Thank you for your cooperation.

Sincerely,

Dolores A. Fridge

Dolores Fridge
Commissioner

cycom1-r

2155909755          PAGE.07

AUG 19 '98 14:06

# BEFORE THE HUMAN RIGHTS DEPARTMENT
## OF THE STATE OF MINNESOTA

**IN THE MATTER OF A CHARGE FILED BY:**
|  |  |
|---|---|
|  |  |

**SUBPOENA**
**MDHR Case No.**

Earl Grant

31073

**AGAINST**

Natl Bd of Medical Examiners

**TO:**   CEO,
Natl Bd of Medical Examiners
3750 Market Street
Philadelphia, PA  19104

You are hereby commanded to appear before Carol Yerigan, Human Rights Aide, at the Minnesota Department of Human Rights, Army Corps of Engineers Centre, 190 East 5th Street, Suite 700, St. Paul, Minnesota  55101 on the 4th day of September, 1998 at 10:00 o'clock in the forenoon, pursuant to Minnesota Statute Section 363.05, Subdivision 1 (9)(1994).

(Check appropriate box)

[   ]   You are commanded to appear and give evidence.

[   ]   You are commanded to appear and give evidence and to bring and produce the documents identified on the attached Exhibit A.

[ X ]   You are commanded to appear only for the purpose of bring and producing the documents identified on the attached Initial Information Request.  Deliver the documents to «eoname» at the Department of Human Rights, on or prior to the date set forth above.

Failure to comply with this subpoena subjects you to the provisions of Minnesota Statute Section 363.05, Subdivision 2 (1994).

If you have any questions regarding this subpoena, contact Carol Yerigan, at the Department of Human Rights (651) 297-2782.

Dated:  August 14, 1998

By _____
Dolores H. Fridge, Commissioner

# MINNESOTA DEPARTMENT OF HUMAN RIGHTS

### INITIAL INFORMATION REQUEST

Charging Party: Earl Grant
vs.
Respondent: National Board of Medical Examiners

In the enclosed letter you have been asked to provide the Department with a position statement which sets out a full explanation of and response to the actions alleged and complained of in the above-captioned charge of discrimination.

Additionally, <u>and under separate cover</u>, you are asked to submit the following information to the Department's investigator (named in the accompanying letter) within 20 days:

1.      Copies of all policies, practices, procedures, guidelines and criteria (if no written policy exists, please provide a narrative of the usual practice) for:

        a.      Reasonable accommodation

2.      Rescoring of  USMLE step II examination for Earl Grant in accordance with settlement agreement dated June 1998.

3.      Documentation to indicate person(s) NOT of Charging Party's (protected class) who have been treated in the same or similar manner as the Charging Party under the same or similar circumstances.

## NOTICE AND ACKNOWLEDGMENT OF SERVICE BY MAIL

To: National Board of Medical Examiners          Ref: 31073
    3750 Market Street
    Philadelphia, PA  19104

[x] The enclosed charge alleging discrimination prohibited by Minnesota Statute Chapter 363 is served
    pursuant to Minnesota Statute 363.06, Subd. 1.

[ ] The enclosed subpoena is served pursuant to Minnesota Statute 363.05, Subd. 2.

You must complete the acknowledgment part of this form and <u>return one copy</u> of the completed form to
the sender within 20 days.

**Signing this Acknowledgment and Receipt is only an admission that you have received the material and
does not waive any defenses.**

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincor-
porated association (including a partnership), or other entity, you must indicate under your signature
your relationship to that entity. If you are served on behalf of another person and you are authorized
to receive process, you must indicate under your signature your authority.

**If you do not complete and return the form to the sender within 20 days, you (or the party on whose be-
half you are being served) may be required to pay any expenses incurred in serving the charge and/or sub-
poena in any other manner permitted by law.**

If you do complete and return this form, you (or the party on whose behalf you are being served) must:

[x] answer the charge within 20 days of receiving it. If you fail to do so, the Commissioner may
    bring an action for default in district court.

[ ] appear and/or supply the material as directed by the subpoena. If you fail to do so,
    the Commissioner may institute a contempt proceeding in district court.

I declare, under penalty of perjury, that this Notice of Acknowledgment of Receipt of charge/subpoena
was mailed on ___August 14, 1998___.

_____          Date

_Janis E. Keel_____          ___8/14/98___
Signature                          Date of Signature

### ACKNOWLEDGMENT OF RECEIPT OF CHARGE/SUBPOENA

I declare, under penalty of perjury, that I received a copy of the enclosed material at

_____
Address

_____          _____
Signature                          Date of Signature

_____
Relationship to Entity/Authority to Receive Service of Process

Minnesota Department of Human Rights

## GOVERNMENT DATA PRACTICES NOTICE

<u>Read carefully  This explains how we use information and who can see it.</u>

The information the Department is asking you to provide will be used to investigate, mediate, conciliate, litigate or otherwise resolve a charge of illegal discrimination.[1]  This information will become part of a case file and will be kept by the Department while the case is open (not resolved) and after the case is closed.  The Department will use the information it obtains from you to resolve charges of discrimination and to discharge other duties imposed upon it by the legislature.  <u>The Department may make available the information you are being asked to provide to anyone in order to resolve a charge or to fulfill one of its other duties</u>.  The use of this information by the Department to meet its statutory duties and the availability of this information to others is governed by the Minnesota Statutes, Section 363.061.

Availability of the data:

The Department of Human Rights will show documents or orally describe data to any person if that is necessary to aid in the resolution of the charge of unlawful discrimination.  The persons to whom this data may be disclosed include witnesses, mediators, administrative law judges, state or federal judicial personnel.  If there is a hearing or trial in this case, the judge may order that all data be made public.

State, local and federal government agencies with whom the Department is authorized to share the information you are being asked to provide include:

### STATE and LOCAL

| | |
|---|---|
| Minnesota Attorney General's Office | Minneapolis Civil Rights Department |
| St. Paul Human Rights Department | Local Human Rights Commissions |

### FEDERAL

| | |
|---|---|
| Equal Employment Opportunity Commission | Department of Justice |
| Dept. of Housing and Urban Development | Dept. of Education, Civil Rights Division |

You may refuse to provide the information we are requesting.

If you are a charging Party, refusal may delay the investigation of the charge or result in your charge being dismissed.

If you are a respondent, a refusal may result in a finding that probable cause exists to believe you committed an unfair discrimination practice, or a subpoena may be issued to compel production of the data sought.

If you are a witness, a subpoena may be issued to compel you to produce the data sought.

[1] These functions are referred to collectively as "the resolution of a charge."

**53**

 ***Minnesota Department of Human Rights***

November 19, 1998

Ref:   31073

Earl  Grant
3142 Pilsbury Ave So
Minneapolis, MN  554083035

Natl Bd of Medical Examiners
CEO,
3750 Market Street
Philadelphia, PA  19104

The Department of Human Rights has reviewed the issues related to, and the information provided in connection with the above-referenced charge.

Based upon that review, and under the authority granted by Minnesota Statutes, § 363.06, subd. 4(7), the Commissioner has determined not to process this charge further.  Under this authority the Commissioner  may determine which charges are processed and the order in which charges are processed.  The Commissioner may dismiss a charge if further use of the Department's resources is not warranted.  **THIS CHARGE HAS BEEN DISMISSED PURSUANT TO THAT AUTHORITY.**  The basis for this decision is outlined on the enclosed memorandum.

The Department will take no further action on this matter.  Pursuant to Minn. Stat. § 363.14, subd. 1(b)(1), the Charging Party may bring a civil action against the Respondent in district court within 45 days of the dismissal of this case.

If you have any questions regarding this matter, you may contact the Department at (651) 296-9052.

Sincerely,

*Janeen E. Rosas*

Janeen E. Rosas
Acting Commissioner

Enclosure

NOV 2 3 1998

dis1-c/r

## MEMORANDUM

The Minnesota Department of Human Rights, having commenced an inquiry into the allegations made by the Charging Party, has dismissed this charge for the following reasons:

1.   It is alleged that the Respondent discriminated against the Charging Party, in violation of the Minnesota Human Rights Act.

2.   The Respondent denied that the Charging Party's protected class status was a discriminatory factor in any of the matters complained of, and provided an answer to the charge and appropriate documentation in support of its contention that the Charging Party was not treated in a discriminatory manner.

3.   The Charging Party received a copy of the Respondent's answer to the charge and submitted a rebuttal statement.   Evidence considered in the initial investigation included the positions and documentation submitted by both the Charging Party and the Respondent.

4.   The evidence considered is not sufficient to substantiate whether the Respondent's actions constitute a discriminatory practice within the meaning of the Minnesota Human Rights Act.   Pursuant to Minnesota Statutes, §363.06, subd. 4(7), the Commissioner of the Minnesota Department of Human Rights has the authority to determine which charges are processed, and has concluded that further use of Department resources is not warranted in this case.

d.2

**54**

AO 440 (Rev 1/90) Summons in a Civil Action                    MAGISTRATE JUDGE JOHN M. MASON

# United States District Court

——————————————— DISTRICT OF ———————————————

C. Earl Grant

     Plaintiff,                                    ## SUMMONS IN A CIVIL ACTION

              **V.**                    CASE NUMBER:   99-66 DSD/JMM

Gerald S. Golden and Inna Rozinski
National Board of Medical Examiners

     Defendants


       **TO:** (Name and Address of Defendant)
Defendants National Board of Medical Examiners
    3750 Market Street
    Philadelphia, PA 19104



    **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)




an answer to the complaint which is herewith served upon you, within _____twenty_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.




_____Francis E. Dosal_____     _____January 19, 1999_____
CLERK                                          DATE

_Victoria Morales_
BY DEPUTY CLERK

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE FOR SUMMONS

TO: (A) <u>Gerald S. Golden and Inna Rozinski;  c/o Janet Carson, General Counsel</u>

as (B) <u>Defendants</u>

of (C) <u>National Board of Medical Examiners</u>

    A lawsuit has been commenced against you for the entity on whose behalf you are addressed. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ district of <u>Minnesota</u> and has been assigned docket number (E) _____.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ~~Twenty (30)~~ Thirty days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this <u>Nineteenth</u> day of <u>January   19</u>, 19 <u>99</u>.

<u>C. Earl Grant</u>
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

| | |
|---|---|
| A | Name of the individual defendant or name of officer or agent of corporate defendant |
| B | Title or other relationship of individual to corporate defendant |
| C | Name of corporate defendant, if any |
| D | District |
| E | Docket number of action |
| F | Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver |

# WAIVER OF SERVICE OF SUMMONS

TO: <u>C. EARL GRANT</u>

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of <u>C. EARL GRANT</u> vs. <u>GERALD S. GOLDEN & INNA ROZINSKI</u> which is case
(NAME)
number _____ in the United States District Court for
(DOCKET NUMBER)
_____ District of <u>MINNESOTA</u> _____. I have also received
a copy of the complaint in the action, two copies of this instrument, and a means by which I can
return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint
in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with
judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the
lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the
summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am
acting) if an answer or motion under Rule 12 is not served upon you within 60 days after
_____ or within 90 days after that date if the request was
(DATE REQUEST WAS SENT)
sent outside the United States.

_____          SIGNATURE _____

       Date          Printed/Typed Name: _____

                          As _____ of _____

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs
of service of the summons and complaint. A defendant located in the United States who, after being notified of an
action and asked by a plaintiff located in the United States to waive service of a summons fails to do so, will be required
to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that
the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action
or over its person or property. A party who waives service of the summons retains all defenses and objections (except
any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or
to the place where the action has been brought.

A defendant who waives services must within the time specified on the waiver form serve on the plaintiff's
attorney (or unrepresented plaintiff) a response/answer to the complaint and must also file a signed copy of the
response/answer with the court. If the answer or motion is not served within this time, a default judgment may be taken
against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been
actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIRST DIVISION

---

RE: Civil No.  CV 3-96-310

C. Earl Grant,

*Cad # 99-66-DSD/Jmm*

        Plaintiff,

COMPLAINT

vs.

Gerald S. Golden and Inna Rozinski,
National Board of Medical Examiners,

*Jury Demand*

        Defendants.

---

## INTRODUCTION

1.     This is a civil rights discrimination lawsuit brought about by C. Earl Grant against the National Board of Medical Examiners (NBME), to enforce the non-retaliation provisions of a Settlement Agreement. The NBME continues its discrimination, reprisal, and violation of the plaintiff civil rights through the administration of the United States Medical Licensing Examination Step 2, (USMLE Step 2) and has fraudulently graded and reported incorrect scores in its efforts to deny plaintiff's access to the medical profession. The defendant, NBME initially refused several legitimate requests to accommodate plaintiff with the USMLE Step 1 examination in June, and September 1995, and again with the USMLE Step 2 examination in March 1997, by refusing to allow him adequate time and a quiet environment in which to take the examination. Subsequent to filing a lawsuit in federal court in April 1996, and only after threats of injunctive measures, the NBME granted the accommodation for the USMLE Step 1 examination one day before the test date to take that examination in June 1996. The NBME denied a similar request by plaintiff to take the USMLE Step 2 examination in March 1997, caused further delays and prevented his graduation in June 1997. The NBME later denied this fact and claimed that plaintiff withdrew his application for the March 1997, USMLE Step 2 examination. Plaintiff had submitted his application and request to the defendant along with supporting

documentation several months in advance without any appropriate reply. On both occasions in 1995, and again in March 1997, the NBME notified plaintiff less than one week before the examination date of its decision to deny the accommodation. The NBME granted the accommodation for the USMLE Step 2 test, only four days before the test date in August 1997, again after a delayed reply and several inquiries from the plaintiff, his attorney and other University of Minnesota officials. The NBME agreed it will continue to recognize plaintiff's need for future examinations, and proposed an out-of-court settlement agreement instead of proceeding to trial. Settlement negotiations began via the plaintiff's attorney and defendants' attorneys during the fall of 1997, followed by a settlement conference on December 29, 1997. On January 8, 1998, the NBME presented a written copy of its proposed settlement terms. Several terms were never negotiated previously, and several negotiated terms were excluded from the proposal. This was followed by several attempts by the defendant and its attorneys through the court, to intimidate, coerce, and force plaintiff into signing a biased settlement agreement, designed to protect the defendant against any further pursuit of justice by the plaintiff. The NBME fraudulently issued failing grades to the plaintiff in connection with the USMLE Step 2 examination, in August 1997, March 1998, and August 1998, and further refused to objectively re-grade and correct plaintiff's examination results in retaliation against plaintiff for having filed the lawsuit. Through its actions, the defendant has violated federal and state anti-discrimination statutes, including, the Americans With Disabilities Act (ADA), 42 U.S.A. § 12101, et seq., the Minnesota Human Rights Act, and the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color and national origin. Additionally, plaintiff's career is jeopardized and delayed for over three years due to the NBME's reckless acts in regard to the grading and scoring of examinations taken by plaintiff. Plaintiff seeks declaratory and injunctive relief to enforce compliance by the defendant to all federal and state laws that governs the defendant's actions, as well as compensatory and punitive damages and statutory attorneys' fees and expenses.

2

## JURESDICTION

2.      This Court has jurisdiction over plaintiff's case pursuant to 28 U.S.A. § 1331, in that this is an action arising under the laws of the United States.  Plaintiff hereby seeks declaratory, injunctive and monetary relief to redress the deprivation rights by the Americans with Disability Act, 42 U.S.A.  § 12101, et seq., and the Civil Rights Act (1964). The Court has supplemental jurisdiction over those claims of the plaintiff which arise under the laws of the State of Minnesota, pursuant to 28 U.S.A. § 1367, since the federal and state claims arise out of the same operative facts, circumstances and transactions.

## PARTIES

3.      Plaintiff Dr. C. Earl Grant is a qualified professional with a disability, as that term is defined by the Americans with Disabilities Act [28 U.S.A. § 12102 (2) and 12131 (2)] and by the Minnesota Human Rights act, for which he requires more  time than is usually allow by the NBME for completion of the USMLE examinations. Plaintiff has been subjected to gross discrimination and oppression by the NBME and the University of Minnesota Medical School, since his initial request for accommodation, and since having filed claims in the Federal Courts in April 1996.

4.      The NBME and the Federation of State Medical Board (FSMB) are organization empowered with the authority and responsibility to provide accommodation and/or for testing and certification services for the purpose of licensing physicians throughout the United States.

5.      The NBME is an entity that offers examinations related to applications, licensing, certification, or credentialling for post-secondary education, trade or professional purposes, as those terms are used by 42 U.S.C. § 12189.

## FACTS

6.      Plaintiff is a student enrolled at the University of Minnesota Medical School, who has successfully completed all the requirements for graduation with the M.D. degree with the exception of being awarded a passing score on the USMLE Step 2 examination.

3

Plaintiff has been subjected to gross discrimination and oppression by the NBME that has refused to correctly grade and report a passing score for the USMLE Step 2 examination, and the medical school that refused to grant the M.D. degree despite knowledge of fraudulent test scores reported by the NBME, in protest for the claims filed by plaintiff.

7.    In order to be awarded the M.D. degree, and become a licensed physician, to proceed with his residency training, plaintiff must take certain licensing examinations, including the USMLE Step 1, and USMLE Step 2 examinations offered by the defendant, and for which the medical school requires that plaintiff must receive a passing score.

8.    Plaintiff requested additional time accommodation for the USMLE Step 1 examination in June, and September 1995, and submitted appropriate documentation in March , and August, 1995.

9.    Defendants NBME refused plaintiff's request for reasonable accommodation on both occasions.  The defendant had made no request for additional documentation then, but instead, notified plaintiff of its decision on May 19, and on September 11, 1995, respectively, despite recommendation by its expert consultant that it would have been appropriate to provide the accommodation then, and request additional documentation later if needed.

10.    Defendants contended on both occasions that it was refusing the request for reasonable accommodation because it disagreed with the documentation provided by plaintiff.

11.    Being adequately prepared for the examination, and without other options, plaintiff took the USMLE Step 1 examination, on both occasions without reasonable accommodation and was not able to complete all the questions because of his disability.

12.    Plaintiff was given marginally failing grades.  Defendants refused to provide an objective hand-scoring review of the examinations, despite its policy to provide this service and the fact that plaintiff had submitted timely written request, and NBME had collected a fee on each occasion.

13.    Plaintiff was advised by a medical school committee that he had to pursue the matter through the court before he would be permitted to continue his studies. Plaintiff requested that the school committee allowed him to pursue an alternative examination in order to continue his studies, and was denied on several occasions, each time basing its decision on the fact that NBME had not granted the requested accommodation.

14.    Plaintiff filed claims against the defendant, NBME, in the federal court in April 1996, resubmitted an application and his third request for accommodation. Plaintiff was granted permission by the school committee in February 1996, to pursue the alternate examination after concluding that it had made an error on prior occasions, in believing that its authority to grant the permission needed to have come through the NBME.

15.    Plaintiff submitted the documentation requested by NBME on his third request. The NBME notified plaintiff of its decision four days before the test date of the scheduled examination, and confirmed its decision in writing one day before the test date.

16.    Based on an agreement established between plaintiff and defendant in June 1996, plaintiff took both the USMLE and alternate examination in June 1996, and requested that copies be made of all examination answer sheets immediately after each examination, secured in sealed envelope, and kept in the security of the defendant's attorney. Similar procedures were to be followed for any future examination. The copies were to be utilized with answer keys by an independent objective reviewer to re-grade any future examination in question.

17.    Plaintiff received passing scores for both examinations and proceeded toward completion of his studies at the medical school.

18.    Plaintiff submitted application for the March 4, 1997, USMLE Step 2 examination to NBME before a December 24, 1996, deadline and requested the same reasonable accommodation. A certified returned receipt indicated that the application was received on December 24, 1996.

5

19.     A letter from the defendant dated January 8, 1997, indicated that the application was late, and demanded an additional $25.00 fee.

20.     Plaintiff paid the $25.00 late fee in addition to providing the defendant a copy of the returned receipt.  Defendants subsequently acknowledged that if had made an error and promised to refund the late fee to the plaintiff.

21.     Four days before the examination date, and without reasonable justification, the defendant demanded that the plaintiff submit additional documentation, concluded that previously submitted documentation was insufficient, and denied plaintiff's request. The defendant notified plaintiff of its decision through a telephone call from its designated general counsel Ms. Janet Carson.

22.     Ms. Carson promised that a request would be made for the application fee of $235.00, be refunded.  Plaintiff was also advised by his attorney not to take the examination then without the accommodation.

23.     On March 20, 1997, the defendant refunded plaintiff application and late fees via check # 318480 in the amount of $260.00.

24.     Plaintiff initially planned to graduate in June 1996, postpone plans until June 1997, due to the defendants' refusal in June and September 1995.  Plaintiff also had to postpone graduation dates to December 1997,  and December 1998, due to the NBMEs refusal to grant the request in, March 1997, and due to its actions in regard to its grading and scoring of the USMLE Step 2 examination.

25.     On April 22, 1997, plaintiff was informed by an Army Health Professional Scholarship Program (HPSP) personnel, that active duty assignments were being canceled. A University of Minnesota Medical School, Student Affairs representative had informed the Army personnel that the NBME had denied the accommodation, and that plaintiff may never graduate from medical school.  Army HPSP personnel had already written orders, purchased airline tickets, and made other pertinent travel and living arrangements to allow plaintiff to fulfill his active duty commitments.

6

26.     In May 1997, plaintiff supplied the defendant with the additional documentation requested and submitted application and request for accommodation in connection with the USMLE Step 2 examination offered by the defendant on August, 26 - 29,1997.

27.     After several written, and telephone inquiries by the plaintiff, his attorney, and other university officials, the defendant notified plaintiff via two letters dated August 19 and 21, 1997, granting the accommodation for the examination that began on August 26, 1997. Defendants on no occasion provided any communication to plaintiff regarding the delayed response to either deny, or grant plaintiff the requested accommodation.

28.     Plaintiff took the USMLE Step 2 examinations offered in August 1997, March 1998, and August 1998, being granted the accommodation. In protest, the defendants issued marginally failing scores to plaintiff on all occasions and refused to objectively re-grade the tests.

29.     Plaintiff's pre-trial deposition hearing was conducted on November 7, 1997, by Janie S. Mayeron, defendant's attorney, before 1) a court reporter, 2)Gerald S. Golden, the defendant, presented at that time as defendant's expert consultant, and 4) Roderick Macpherson, plaintiff's attorney.

30.     After the deposition hearing and shortly before reporting the scores for the August 1997, USMLE Step 2 examination, the defendant requested an out-of-court settlement agreement to avoid potential cost of trial and other embarrassing circumstances. A settlement conference was arranged, scheduled and conducted in the chamber of Federal Court Judge, Jonathan G. Lebedoff on December 29, 1997.

31.     Plaintiff was only allowed to discuss terms of the settlement with his attorney in a separate room, following which, his attorney would meet with the defendant's attorneys Janie S. Mayeron and Janet Carson, and Gerald S. Golden.

32.     As the day progressed it became evident that several pertinent requests by the plaintiff were not being communicated to the defendants, and that the conference was

7

more an environment used to dictate the defendants' terms, rather than one of negotiation between the defendants and plaintiff.  A brief summary of a few of plaintiff's requests was hand-written by plaintiff and given to his attorney to be presented to the defendants Janet Carson, Janie Mayeron and Gerald S. Golden.  This became a catalyst for major explosions, first, by plaintiff's attorney who had decided not to present it because he felt that the defendant would reject them, and secondly, by the Judge who was frustrated that plaintiff had requested that those conditions be presented to the defendant.  The judge had been informed by plaintiff's attorney that negotiations were going well, even though he had not presented several important terms to the defendants.  The list was later presented to, and plaintiff was told that those terms were accepted by the defendant as part of the settlement agreement.  The defendants later claimed that those terms were not presented at the settlement conference, and therefore, was never a part of the agreement.

33.     Plaintiff requested that defendants objectively re-grade, and correct the result of the August 1997, USMLE Step 2 examination, the defendant refused to re-grade the test and contended that the request was not  consistent with the settlement agreement, despite the fact that the request was based on procedures established prior to the settlement proposal.  Plaintiff was forced to retake the test in March, and August 1998, further delaying his graduation.

34.     The defendants had decided that plaintiff would not be issue a passing score, and that a re-grading would not be done before plaintiff signed the settlement agreement it had proposed.  This information was relayed via defendants' and plaintiff's attorneys but was not intended to be communicated to plaintiff.  Plaintiff informed his attorney of this fact, which was later confirmed at the end of April when the defendants published the test results indicating a score of 73/75.  Advice from plaintiff's attorney on several occasions following inquiries regarding the defendants' delayed response, was simply "you better make sure you study hard for the next examination."

35.     Plaintiff requested that the test be re-graded, and paid the required fees.

8

Defendants refused to re-grade the test. After several weeks without a reply from the defendants, it was very clear that the defendant had decided to carry out this threat.

36.     Despite his knowledge of the defendants' threats, and in the interest of consummation of the settlement agreement, plaintiff's attorney never informed plaintiff regarding his knowledge of the defendants' plans prior to June 18, 1998.

37.     Plaintiff was coerced and forced to sign the proposed settlement agreement on June 19, 1998, by his attorney. Plaintiff was informed by his attorney on June 18, 1998, that the defendants promised to re-grade the test, using criteria stated in the proposed settlement agreement, if it was signed by June 19, 1998, and in order that plaintiff would begin his residency training on June 24, 1998. The defendant has committed fraud in the grading of plaintiff's examination with intent to deny access to the medical profession. After plaintiff signed the settlement agreement, the defendants continued its protest, and proposed that new terms must be added to the settlement agreement to restrict plaintiff's communication with the Minnesota Department of Human Rights, or the NAACP.

38.     Despite having signed the settlement agreement on June 19, 1998, the defendants refused to re-grade plaintiff's examination, and later claimed that by signing the agreement plaintiff gave up his rights to prove that there was any discrimination or retaliation. Plaintiff was told by his attorney that, if he did not sign the agreement on June 19, 1998, he would have to find another attorney to represent him at trial, that the case was already dismissed since December 30, 1997, and the only choice was to accept the proposal by signing it. After the contract was signed, plaintiff's attorney informed him to find a new attorney because he had completed his task, he did not have the expertise to compare the tests, and would not have the time to address claims regarding NBME's acts of reprisal and continued discrimination.

39.     Plaintiff was unable to begin his residency training on June 24, or October 24, 1998, due to defendants' continued fraudulent, discriminatory acts, and reprisal against plaintiff, in the grading of examinations and abuse of its authority.

9

40.     In protest, the defendants signed the agreement on July 1, 1998, one week after plaintiff was due to begin his residency training.  Defendants acted with willful disregard of plaintiff's rights, has deliberately violated the terms of the settlement agreement by continued reprisal, discrimination, unfair treatment, and refusal to objectively  grade and/or re-grade plaintiff's USMLE Step 2 examination taken in August 1997, or March and August 1998.

41.     As a result of continued reprisal and disregard, plaintiff has been subjected to gross discrimination by the defendant, and is being deprived of the full and equal use of the services and benefits of the NBME, and of his civil rights to access the medical profession and become a qualified licensed physician.

42.     Despite the defendant's promises to be non-retaliatory, fair and objective in the grading, and scoring of plaintiff's examinations, the defendant continues to commit fraud in its grading and scoring of plaintiff's examinations, proposed a subjective review process despite agreeing that any review will be conducted fairly and objectively.  The NBME filed several motions with the court and demanded that plaintiff be forced to sign the agreement to dismiss the case "with prejudice," and that it was voluntarily done by plaintiff.  These terms were never discussed before, or during the settlement conference and were never agreed upon.  Several terms were also deleted from the final copy of the settlement agreement at the defendant's request, and enforced against plaintiff's will.

43.     As a further result of defendant's reprisal, fraudulent discrimination and disregard for plaintiff's civil rights through misuse of the justice system, its authority and power to control plaintiff's examination results, plaintiff has suffered mental and emotional damages, including humiliation, embarrassment, emotional distress, and mental and emotional pain and suffering, and has been unable to fulfill his personal and financial obligations, or provide adequate support for his family.

44      The defendants' discriminatory acts in denying the plaintiff his civil rights, created an environment of social, intellectual and economic deprivation, which has and will

10

continue to have adverse short-term and long term detrimental effects on plaintiff's career and future.

45.     As further result of defendants reprisal, discrimination and disregard for plaintiff's rights, plaintiff has incurred, and expects to incur in the future, economic losses estimated to be in excess of $200,000.00, in the form of:

a.     lost future income due to the delay in graduation from medical school, and resulting delay in pursuing residency training and becoming employed as a licensed physician;

b.     additional tuition fees, re-registration application fees for taking the USMLE Step 1 & 2 examinations due to defendants' continued discrimination in its grading and scoring of plaintiff's examinations;

## COUNT I

## VIOLATION OF THE ADA (42 U.S.C. § 12189)

46     Plaintiff realleges Paragraphs 1 - 45.

47.     By refusing to accommodate plaintiff's disabilities by not allowing him additional time to take the USMLE Step 1, and USMLE Step 2 examinations, and further refused to be objective, non-retaliatory and non-discriminatory in the grading and scoring of examinations, defendants NBME, discriminated against plaintiff on the basis of his disabilities, has violated the terms of the out-of-court agreement, and has violated 42 U.S.A. § 12189, the Civil Rights act of 1964, and the Minnesota Human Rights Act, and therefore continues to violate 42 U.S.C. § 12189.

48.     By its retaliation, unfair and subjective grading and scoring, and untimely communication, defendants willfully and intentionally caused plaintiff undue psychological and emotional distress and continues to discriminate against plaintiff in regard to the grading and/or re-grading of plaintiff's examination. By these actions, defendant has continued to violate plaintiff's civil rights, A.D.A. 42 U.S.A. § 12131, and the Minnesota Human Rights Act.

11

49.     As a result of the defendants' continued discriminatory actions, plaintiff has suffered injuries as set forth in Paragraphs 41 - 45.

<u>COUNT II</u>

<u>VIOLATION OF THE ADA (TITLE III)</u>

50.     Plaintiff realleges Paragraphs 1 - 49.

51.     By its continued reprisal in the grading of examinations and intentionally delayed notification before denial or granting accommodation, delayed responses, subjective grading and refusal to objectively re-grade and correct examination scores leading to undue postponement and/or delay of plaintiff's career, defendants NBME discriminated against plaintiff on the basis of his disability in a continuous manner, and therefore continue to violate the Title II of the ADA (42 U.S.A. § 12131 et seq.).

52.     As a result of the defendants' continued discriminatory actions, plaintiff has suffered injuries as set forth in Paragraphs 41 - 45.

<u>COUNT III</u>

<u>VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT</u>

53      Plaintiff realleges Paragraphs 1 - 52

54.     By refusing to accommodate plaintiff's disability initially, by not allowing the required time to take the USMLE Step 1, and Step 2 examinations, the continued reprisal by way of intentionally delayed notification prior to denial, or granting the accommodation, subjective grading and refusal to objectively re-grade and correct examination scores, leading to undue postponement and delay of plaintiff's career, defendants NBME discriminated and continue to discriminate against plaintiff on the basis of his disability, and therefore continues to violate the Minnesota Human Rights Act.

55.     As a result of the defendants' continued discriminatory actions, plaintiff has suffered injuries as set forth in Paragraphs 41 - 45.

<u>COUNT IV</u>

12

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

56.     Plaintiff realleges Paragraphs 1 - 55.

57.     By refusing to accommodate plaintiff's disability initially, by not allowing the required time to take the USMLE Step 1, and Step 2 examinations, the continued reprisal by way of intentionally delayed notification prior to denial, or granting the accommodation, subjective grading and refusal to objectively re-grade and correct examination scores, leading to undue postponement and delay of plaintiff's career, defendants  discriminated and continue to discriminate against plaintiff on the basis of his disability, race, color, and national origin, and therefore continue to violate the Civil Rights Act of 1964.

58.     As a result of the defendant's continued discriminatory actions, plaintiff has suffered injuries as set forth in Paragraphs 41 - 45.

## RELIEF REQUESTED

WHEREFORE, plaintiff demands the following relief:

1.      A declaratory judgment that:

A.      The court to order the defendant to allow an immediate independent, unbiased and objective review and correction of USML Step 2 examinations taken by plaintiff in August 1997, March 1998, and August 1998.   This process to be made available to all future examinees, and the reviewer(s) to be held accountable for accuracy and integrity of the scores resulting from such reviews.

B.      Defendants having violated the ADA initially, by refusing  plaintiff's request for reasonable accommodation, continue to violate plaintiffs' civil rights through its reprisal and refusal to be fair, objective and non-discriminatory in the grading and scoring of plaintiff's examinations.

C.      Court ruling against defendants for violation of the Minnesota Human Rights Act, by discriminating against a citizen of the State of Minnesota, through the

13

services provided by the defendants and their continued reprisal and refusal to be fair, objective and non-discriminatory in the grading and scoring of examinations.

        D.      Court ruling against defendants for violation of the Civil Rights Act of 1964, by their discrimination and intent to deny access of a member of a protected class to the medical profession, through continued reprisal, refusal to be fair, objective and non-discriminatory in the grating and scoring of plaintiff's examinations.

        E.      Court ruling that the defendants violated the Civil Rights Act of 1964, through misuse of authority and power, obstruction of justice by using the justice system as means of protection to avoid an objective review of its grating and scoring of plaintiff's USMLE Step 1, and Step 2 examinations, and by consciously and methodically barring plaintiff's access to the medical profession.

    2.     The Court to reprimand the defendants and associates jointly and severally to discontinue all reprisal and discriminatory activities against plaintiff, in connection with the USMLE examinations, including, but not limited to, fairness in grading and scoring, provision of an objective process to grade and/or correctly re-score and re-grade plaintiff's examinations, utilizing the  corresponding answer keys and answer sheets that were copied and secured at the time of the examinations.  Additionally, defendants to provide accountability in regard to the name(s), and qualification of the reviewer(s) and exactly how the reviews were conducted in regard to request for re-scoring and re-grading of USMLE Step 2 examination taken by plaintiff in August 1997,  March and August 1998.

    3.     Judgment against defendants jointly and severally and in favor of plaintiff in an amount to be decided by the court for compensatory damages pursuant to the Minnesota Human Rights Act, and the Civil Rights Act.

    4.     Judgment against defendants jointly and severally and in favor of plaintiff in an amount to be decided by the court for punitive damages pursuant to the Minnesota Human Rights Act, and the Civil Rights Act.

5.     An award of treble damages in favor of the plaintiff and against the defendant(s) pursuant to the Minnesota Human Rights Act, and the Civil Rights Act of 1964.

6.     Ordering each of the defendants to pay a civil penalty pursuant to the Minnesota Human Rights Act, and the Civil Rights Act of 1964.

7.     Ordering such other affirmative relief as may be necessary to correct the detrimental effects of the defendants' discriminatory conduct on the plaintiff's career, character, and reputation.

8.     Ordering defendants to pay all plaintiff's reasonable attorneys fees and expenses.

9.     For such other and further relief as the Court may determine to be just and equitable.

Respectfully submitted,


Dated:  January 15, 1999

BY:     C. Earl Grant, Plaintiff
        3142 Pillsbury Avenue South
        Minneapolis, MN 55408-3035
        (612) 825-6163


15

**55**



# Minnesota Department of Human Rights

February 16, 2000

Ref:   33495

C. Earl Grant
PO Box 21517
Baltimore, MD  21282

Natl Bd of Medical Examiners
CEO,
3750 Market Street
Philadelphia, PA  19104

The Department of Human Rights has reviewed the issues related to, and the information provided in connection with the above-referenced charge.

Based upon that review, and under the authority granted by Minnesota Statutes, § 363.06, subd. 4(7), the Commissioner has determined not to process this charge further.  Under this authority the Commissioner may determine which charges are processed and the order in which charges are processed.  The Commissioner may dismiss a charge if further use of the Department's resources is not warranted.  **THIS CHARGE HAS BEEN DISMISSED PURSUANT TO THAT AUTHORITY.**   The basis for this decision is outlined on the enclosed memorandum.

The Department will take no further action on this matter.  Pursuant to Minn. Stat. § 363.14, subd. 1(a)(1), the Charging Party may bring a civil action against the Respondent in district court within 45 days of the dismissal of this case.

If you have any questions regarding this matter, you may contact the Department at (651) 296-9061.

Sincerely,

*Janeen E. Rosas*

Janeen E. Rosas
Commissioner

Enclosure

dis1-cp/r
6/99

# MEMORANDUM

The Minnesota Department of Human Rights, having commenced an inquiry into the allegations made by the Charging Party, has dismissed this charge for the following reasons:

1.      It is alleged that the Respondent discriminated against the Charging Party, in violation of the Minnesota Human Rights Act.

2.      The Respondent denied that the Charging Party's protected class status was a discriminatory factor in any of the matters complained of, and provided an answer to the charge and appropriate documentation in support of its contention that the Charging Party was not treated in a discriminatory manner.

3.      Investigation found that the Charging Party has previously field a charge alleging the same acts of discrimination with the Department in 1998. That charge was dismissed by the Department in November 1998. The Charging Party has also filed lawsuits alleging the same allegations in Federal District Court in 1996 and January 1999. Therefore, the Department lacks jurisdiction to pursue this claim.

**56**

Minneapolis, MN 55402
P.O. Box 21517
Baltimore, MD 21282-1517
March 14, 2000

Ms. Janeen E. Rose, Commissioner
Minnesota Dept. of Human Rights
190 E 5th Street Suite 700
St. Paul, MN 55101

Dear Commissioner:

Kindly accept this letter as an official appeal against the decision regarding **Case File # 33495**, dated February 16, 2000.  Justification for this appeal include:

1.      Denial of the charges by the defendant does not constitute proof of being innocent.

2.      There are written documentation of proof regarding the charges filed against the Respondent (National Board of Medical Examiners = NBME).

3.      There has been a formal complaint filed by the plaintiff, with the Department of Human Rights and the Federal District Court against the Respondent .

4.      Dismissal of related charges against the National Board of Medical Examiners, Associates of the University of Minnesota, does not establish precedence for any exclusion of any discriminatory act carried out by the University of Minnesota or, the Respondent.

5.      Dismissal of the charges against the National Board of Medical Examiners in 1998, on the basis of lack of jurisdiction, does not mean that Respondent is not guilty of discriminatory acts , and should not be treated with any social or political immunity.  The Respondent is a public institution, and can not be granted exemption in an effort to avoid reprimand by any state or federal authority.  Dismissal of the claims against Respondent in 1998, led to further similar discrimination by Respondent against Plaintiff, and planned to continue its discrimination.  Both the Respondent and Associate, University of Minnesota, in 1998 engaged in willful discriminatory acts against Plaintiff in joint acts of oppression, by issuing false examination results, and refusal to grant the M.D. degree despite having fulfilled all requirements.

6.      I find the acceptance of Respondent's statement of denial by the Department as sufficient proof of innocence to be unconstitutional given the preponderance of contradictory facts available, and which will prove that the Respondent and Associates are guilty of organized discrimination and oppression.

7.      The acts of the Respondent and Associate whether executed jointly or separately, does not exempt either party from any charge for its discriminatory action, by nature of the fact that one party is being charged or investigated under the same or different jurisdictions. The Respondent and Associates are responsible for their actions jointly and severally.  Therefore, Respondents are not exempted from any disciplinary action by the Department of Human Rights, State or Federal courts, on the basis that similar, or related charges are pending against an associate.

I anticipate your sincerity and fairness in addressing this matter.  Additional documentation will be provided can be provided upon request.

Sincerely,

C. Earl Grant, Ph.D., M.D.

cc:     JACKSON & WARD, L.L.C.
        801 Nicollet Mall
        Suite 1851
        Minneapolis, MN 55402

*57*

F



# *Minnesota Department of Human Rights*

May 15, 2000

Ref:   33495

C. Earl Grant
PO Box 21517
Baltimore, MD  21282

CEO
Natl Bd of Medical Examiners
3750 Market Street
Philadelphia, PA  19104

Dear Parties:

After receipt of Charging Party's request to reopen the above-referenced case, the investigative record in this case was reviewed to reconsider the previous dismissal. Based upon that review, it does not appear that there is sufficient basis to reopen this case.   A brief memorandum accompanies this letter.   Therefore, we are unable to comply with Charging Party's request.

The Department will take no further action on this matter.   Pursuant to Minnesota Statutes 363.14, the Charging Party may bring a civil action against the Respondent in district court within 45 days after receipt of this notice.

Sincerely,

*Janeen E. Rosas*

Janeen E. Rosas
Commissioner

Enclosure

c:     Lateesa T Ward
       Janie S. Mayeron

reopen2/r-cp
6/99

AN EQUAL OPPORTUNITY EMPLOYER

Army Corps of Engineers Centre, 190 E. 5th Street Suite 700, St. Paul, Minnesota 55101

REF: 33495
C. Earl Grant
vs.
Nat'l Bd of Medical
Examiners

## MEMORANDUM

1.  Upon review of the record as a whole, it appears that the findings and conclusions set forth in the Department's Memorandum are supported by the weight of the evidence and are incorporated herein by reference.

2.  No new evidence was presented in the Charging Party's reopen request which would indicate that the Department initially erred when it determined it lacked jurisdiction in this matter because the last alleged discriminatory act fell outside the Minnesota Human Rights Act's one-year statute of limitations (1996), or now because it lacks jurisdiction in any matter pending in federal court

**Minnesota Department of Human Rights**

**FOR THE DEPARTMENT**

Dated: ___MAY 1 5 2000___       By: _____
                                  Janeen E. Rosas, Commissioner

Mem-1.mem

**58**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

C. Earl Grant,                                                Civil No. 99-66 DSD/AJB

          Plaintiff,

v.                                                **REPORT AND RECOMMENDATION**
                                                  **ON MOTION TO DISMISS**

Gerald S. Golden and National Board
of Medical Examiners,

          Defendants.

      The matter came before the Court, Magistrate Judge Arthur J. Boylan, on

defendant's motion for dismissal of the action as sanction for plaintiff's failure to respond to

discovery and noncompliance with a previous court order on discovery.  Hearing was held on

October 27, 2000, at the United States Courthouse, 316 No. Robert St., St. Paul, Minnesota

55101.  Janie S. Mayeron, Esq., appeared on behalf of the defendants.  Kenneth W. Saffold, Esq.,

appeared on behalf of the plaintiff.

      Based upon the file, submissions of parties, and arguments and representations of

counsel, **IT IS HEREBY RECOMMENDED** that defendants' Motion for Sanction of

Dismissal with prejudice be **granted in part and denied in part** [Docket No. 74].  It is

recommended that plaintiff's complaint be dismissed without prejudice to plaintiff's right and

ability to re-commence this action against the defendants by re-filing and re-service of the

complaint.  As a condition for effective service of a new complaint against defendants in this

matter, it is required that plaintiff have paid all monetary sanctions that are imposed in this case,

to include $750.00 pursuant to Order dated June 15, 2000, and the additional amount of $3000.00

FILED _____ NOV 0 7 2000

FRANCIS E. DOSAL, CLERK

JUDGMENT ENTD._____

DEPUTY CLERK_____

as reasonable attorneys fees and expenses incurred in bringing the present motion to dismiss.

Fed. R. Civ. P. 41(b).  The $750.00 sanction pursuant to the June 15, 2000, Order has already

been imposed and payment is required without respect to whether plaintiff files a later action.

Dated: _____11/7/00_____

_____
Arthur J. Boylan
United States Magistrate Judge


## MEMORANDUM

Plaintiff was previously assessed $750.00 as sanction for causing defendant to

incur attorneys fees and expenses in bringing a discovery motion.  The Court's Order dated June

15, 2000, explicitly advised plaintiff that failure to timely comply with the Order may result in

imposition of additional sanctions, including but not limited to dismissal of the action.  Plaintiff

has not paid the sanction and has not responded to discovery as required by the June 15, 2000,

Order.  Furthermore, in response to the present motion to dismiss, plaintiff does not contend that

the discovery has since been provided but simply argues against dismissal and seeks an amended

order on discovery.  Under the circumstances, the defendants' motion to dismiss is a proper

procedural action which is necessitated by plaintiff's failure to comply with discovery obligations

under the Rules of Civil Procedure and prior court order.  The Court finds that $3,000.00 is a

reasonable amount to assess plaintiff as sanction for causing defendants to bring the motion to

dismiss, and which should be payable by plaintiff as a condition to further proceeding on the

claims alleged in this case.  Dismissal without prejudice does not preclude plaintiff from

prosecuting his claims in this case, but in the event that plaintiff elects to go forward on his

allegations, in this Court or elsewhere, the motion to dismiss will have been rendered ineffective

as a sanction and the $3000.00 penalty will provide the appropriate sanction for plaintiff's

dilatory conduct which necessitated the motion to dismiss.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection. This Report and Recommendation does not constitute an order
or judgment from the District Court and it is therefore not directly appealable to the Circuit Court
of Appeals. Written objections must be filed with the Court before November 18, 2000.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. §
636 to review a transcript of the hearing in order to resolve all objections made to this Report and
Recommendation, the party making the objections shall timely order and file a complete
transcript of the hearing within ten days of receipt of the Report.

**59**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

C. Earl Grant,                                                                Civil No. 99-66 DSD/AJB

                                    Plaintiff,

v.

                                                                                      **ORDER**

Gerald S. Golden and National Board
of Medical Examiners,

                                    Defendants.

Based upon the Report and Recommendation by United States Magistrate Judge

Arthur J. Boylan dated November 7, 2000, along with all the files and records, and no objections

having been filed to said Recommendation, **IT IS HEREBY ORDERED THAT** defendants'

Motion for Sanction of Dismissal with prejudice is **granted in part and denied in part** [Docket

No. 74]. Plaintiff's complaint is dismissed without prejudice. Any new complaint against

defendants in this matter may be served and filed only upon plaintiff's payment of all monetary

sanctions that are imposed in this case, to include $750.00 pursuant to Order dated June 15,

2000, and the additional amount of $3000.00 as reasonable attorneys fees and expenses incurred

in bringing the motion to dismiss. Fed. R. Civ. P. 41(b). The $750.00 sanction pursuant to the

June 15, 2000, Order has already been imposed and payment is required without respect to

whether plaintiff files a later action.

Dated: 11/29/00

                                                              _____
                                                              David S. Doty
                                                              United States District Court Judge

                                                                                      NOV 2 7 2000