UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

                     Plaintiff,

vs.                                                  Civil Action No.
                                                    7:07-cv-00996
                                                    (TJM-GJD)

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

                     Defendants.

---

## DEFENDANTS' STATEMENT
## OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 7.1(a)(3) of the Local Rules of the United States District Court for the Northern District of New York, defendants National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB") submit the following statement of undisputed material facts in support of their cross motion for summary judgment:

1.     NBME and FSMB are private, non-profit corporations which, together, have created and established the United States Medical Licensing Examination® ("USMLE"). Dillon Decl., ¶ 3; Johnson Decl., ¶ 3.

2.     There are three parts of the USMLE: Step 1; Step 2, which includes a Clinical Knowledge (CK) portion and a Clinical Skills (CS) portion; and Step 3. Dillon Decl., ¶¶ 6-8.

3.     NBME is responsible for scoring all three Steps of the USMLE. Dillon Decl., ¶ 18.

4. FSMB has no role in the administration or scoring of Steps 1 and 2 of the USMLE. Johnson Decl., ¶ 7.

5. FSMB is the registration entity responsible for administering the Step 3 application process and for receiving Step 3 score recheck requests from examinees. Johnson Decl., ¶ 7.

6. FSMB does not score or perform score rechecks of Step 3 examinations. Johnson Decl., ¶ 7.

7. Plaintiff, C. Earl Grant, has registered for and taken each Step of the USMLE. Dillon Decl., ¶¶ 41, 50, 61; Johnson Decl., ¶¶ 13-15.

### Step 1 Examinations

8. Plaintiff took Step 1 of the USMLE on June 8, 1994, September 22, 1994, June 14, 1995, September 27, 1995 and June 11, 1996. Dillon Decl., ¶¶ 41, 47.

9. Plaintiff's Step 1 results were released on July 20, 1994, November 3, 1994, July 26, 1995, November 8, 1995, and July 23, 1996, respectively. Dillon Decl., ¶ 42.

10. Thereafter, plaintiff requested that his September 1994 and June 1995 Step 1 examination scores be rechecked. Dillon Decl., ¶ 43 and 45.

11. NBME issued the score recheck results for plaintiff's September 1994 Step 1 examination on December 7, 1994. It issued the score recheck results for plaintiff's June 1995 Step 1 examination on August 29, 1995. Dillon Decl., ¶ 44 and 46.

12. Plaintiff did not request a score recheck of his June 1994 or September 1995 Step 1 examinations. Dillon Decl., ¶ 47.

13. Plaintiff passed the June 1996 Step 1 examination with test accommodations. Dillon Decl., ¶ 48.

### Step 2 Examinations

14. Plaintiff took Step 2 CK of the USMLE on August 26, 1997, March 3, 1998, August 25, 1998 and March 2, 1999, with test accommodations. Dillon Decl., ¶ 50 and 59.

15. Plaintiff's Step 2 CK results were released on October 7, 1997, April 14, 1998, October 6, 1998, and April 13, 1999, respectively. Dillon Decl., ¶ 51 and 60.

16. Thereafter, plaintiff requested that his August 1997, March 1998 and August 1998 Step 2 examination scores be rechecked. Dillon Decl., ¶ 52, 54, and 57.

17. NBME issued the score recheck results for plaintiff's August 1997 Step 2 CK examination on January 6, 1998 and again on November 20, 1998. It issued the score recheck results for plaintiff's March 1998 Step 2 CK examination on June 22, 1998 and again on November 20, 1998. It issued the score recheck results for plaintiff's August 1998 Step 2 CK examination on December 16, 1998. Dillon Decl., ¶ 53, 55, 56, and 58.

18. Plaintiff passed the March 2, 1999 Step 2 CK examination with test accommodations. Dillon Decl., ¶ 59.

### Step 3 – Initial Scoring

19. Plaintiff took the Step 3 USMLE on July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006, with test accommodations. Dillon Decl., ¶ 61.

20. NBME scored each of plaintiff's Step 3 examinations using its standard procedures, in the same manner that it scored all other Step 3 examinations taken at that time. Dillon Decl., ¶ 63.

21. The computerized comparison of plaintiff's Step 3 Original Scores and QA Scores did not yield any discrepancies. Dillon Decl., ¶ 65.

3

22. Plaintiff's Step 3 results were released on August 6, 2003, August 18, 2004, January 12, 2005, August 17, 2005, and November 29, 2006, respectively. Johnson Decl., ¶¶ 22 and 25.

23. Plaintiff did not pass any of the Step 3 examinations he took. Dillon Decl., ¶ 67; Johnson Decl., ¶ 15.

### Step 3 – Score Recheck Requests

24. Before taking each Step 3 examination, plaintiff certified that he had read and understood the relevant USMLE *Bulletin of Information* ("*Bulletin*") and agreed to comply with the policies and procedures set forth therein. Johnson Decl., ¶ 14.

25. All of the *Bulletins* in effect when plaintiff took the Step 3 examination provide that score recheck requests must be received by the identified registration entity within ninety days of the release of an examination score report. Dillon Decl., ¶ 37.

26. FSMB received plaintiff's request that his July 2004 Step 3 examination score be rechecked within ninety days of release of his July 2004 score report. Johnson Decl., ¶ 16.

27. NBME performed the score recheck request on plaintiff's July 2004 examination using its standard procedures, in the same manner that all other Step 3 examination scores were rechecked during that that time. Dillon Decl., ¶¶ 68-69.

28. The computerized comparison of plaintiff's rechecked scores and his Original Scores did not yield any discrepancies, and therefore NBME determined that plaintiff's score on his July 2004 examination was correct as originally reported. Dillon Decl., ¶ 70.

29. FSMB reported the score recheck results for the July 2004 examination to plaintiff on October 28, 2004. Johnson Decl., ¶ 20.

4

30. On August 13, 2006, plaintiff requested score rechecks of his July 2003, December 2004 and July 2005 Step 3 examinations. Johnson Decl., ¶ 21.

31. FSMB did not receive plaintiff's request for score rechecks of his July 2003, December 2004 and July 2005 Step 3 examinations within ninety days of the release of his scores for those examinations. Johnson Decl., ¶¶ 22-23.

32. Because plaintiff's request for score rechecks of his July 2003, December 2004 and July 2006 Step 3 examinations was untimely, FSMB denied plaintiff's request. Johnson Decl., ¶ 23.

33. On July 25 2007, plaintiff requested a score recheck of his November 2006 Step 3 examination. Johnson Decl., ¶ 24.

34. FSMB did not receive plaintiff's request for a score recheck of his November 2006 Step 3 examination within ninety days of the release of his score for that examination. Johnson Decl., ¶¶ 25-26.

35. Because plaintiff's request for a score recheck of his November 2006 Step 3 examination was untimely, FSMB denied plaintiff's request. Johnson Decl., ¶ 26.

### Prior Litigation

36. In 1996, plaintiff sued NBME, seeking test accommodations on his Step 1 examination. Martinez Decl., ¶ 17.

37. In 1998, plaintiff and NBME agreed to settle the disputed issues in that litigation. Martinez Decl., ¶ 19.

38. The parties' agreement was memorialized in a written settlement agreement. (the "1998 Settlement Agreement"). Martinez Decl., ¶¶ 19-21.

39. FSMB is not a party to the 1998 Settlement Agreement. Johnson Decl., ¶ 28; *see also* Martinez Decl., ¶ 19.

40. The 1998 Settlement Agreement provides that NBME will not retaliate against plaintiff in connection with any future examination administered or scored by NBME. Martinez Decl., ¶ 20.

41. NBME could not have retaliated, and did not retaliate against plaintiff in connection with the scoring of any of plaintiff's Step 3 examinations because it scored those examinations using its standard procedures, in the same manner that it scored all other Step 3 examinations taken at that time. Dillon Decl., ¶¶ 29-32, 63-65.

42. Defendants could not have retaliated and did not retaliate against plaintiff in connection with any request for score rechecks of his Step 3 examinations, because they responded to his score recheck requests in accordance with their standard procedures, and in the same manner that they responded to all other Step 3 score recheck requests made at that time. Dillon Decl., ¶¶ 33-40, 68-72; Johnson Decl., ¶¶ 16-26.

43. Plaintiff released NBME and all of its employees from all claims he had or may have had against them for discrimination in connection with his Step 1 and Step 2 examinations. Martinez Decl., ¶ 21.

Dated: December 5, 2008

        Respectfully submitted,

        WARD NORRIS HELLER & REIDY LLP


        <u>s/Heidi S. Martinez</u>
        Heidi S. Martinez
        *Attorneys for National Board of Medical Examiners*
         *and Federation of State Medical Boards*
        300 State Street
        Rochester, New York 14614
        (585) 454-0700

        *Of Counsel*

        Thomas S. D'Antonio
        Ward Norris Heller & Reidy, LLP
        300 State Street
        Rochester, New York 14614

        Pamela S. C. Reynolds
        Ward Norris Heller & Reidy, LLP
        300 State Street
        Rochester, New York 14614


TO:  C. Earl Grant, M.D. Ph.D.
      P.O. Box 551
      Fort Drum, NY 13602

      C. Earl Grant, M.D. Ph.D.
      US Army Medical Department
      DHCN-Fort Belvoir
      P.O. Box 1067
      Fort Belvoir, VA 22060

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

                Plaintiff,

vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

                Defendants.

Civil Action No.
7:07-cv-00996
(TJM-GJD)

---

### DEFENDANTS' STATEMENT
### OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 7.1(a)(3) of the Local Rules of the United States District Court for the Northern District of New York, defendants National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB") submit the following statement of undisputed material facts in support of their cross motion for summary judgment:

    1.     NBME and FSMB are private, non-profit corporations which, together, have created and established the United States Medical Licensing Examination® ("USMLE"). Dillon Decl., ¶ 3; Johnson Decl., ¶ 3.

    2.     There are three parts of the USMLE: Step 1; Step 2, which includes a Clinical Knowledge (CK) portion and a Clinical Skills (CS) portion; and Step 3. Dillon Decl., ¶¶ 6-8.

    3.     NBME is responsible for scoring all three Steps of the USMLE. Dillon Decl., ¶ 18.

4. FSMB has no role in the administration or scoring of Steps 1 and 2 of the USMLE. Johnson Decl., ¶ 7.

5. FSMB is the registration entity responsible for administering the Step 3 application process and for receiving Step 3 score recheck requests from examinees. Johnson Decl., ¶ 7.

6. FSMB does not score or perform score rechecks of Step 3 examinations. Johnson Decl., ¶ 7.

7. Plaintiff, C. Earl Grant, has registered for and taken each Step of the USMLE. Dillon Decl., ¶¶ 41, 50, 61; Johnson Decl., ¶¶ 13-15.

### Step 1 Examinations

8. Plaintiff took Step 1 of the USMLE on June 8, 1994, September 22, 1994, June 14, 1995, September 27, 1995 and June 11, 1996. Dillon Decl., ¶¶ 41, 47.

9. Plaintiff's Step 1 results were released on July 20, 1994, November 3, 1994, July 26, 1995, November 8, 1995, and July 23, 1996, respectively. Dillon Decl., ¶ 42.

10. Thereafter, plaintiff requested that his September 1994 and June 1995 Step 1 examination scores be rechecked. Dillon Decl., ¶ 43 and 45.

11. NBME issued the score recheck results for plaintiff's September 1994 Step 1 examination on December 7, 1994. It issued the score recheck results for plaintiff's June 1995 Step 1 examination on August 29, 1995. Dillon Decl., ¶ 44 and 46.

12. Plaintiff did not request a score recheck of his June 1994 or September 1995 Step 1 examinations. Dillon Decl., ¶ 47.

13. Plaintiff passed the June 1996 Step 1 examination with test accommodations. Dillon Decl., ¶ 48.

2

### Step 2 Examinations

14. Plaintiff took Step 2 CK of the USMLE on August 26, 1997, March 3, 1998, August 25, 1998 and March 2, 1999, with test accommodations. Dillon Decl., ¶ 50 and 59.

15. Plaintiff's Step 2 CK results were released on October 7, 1997, April 14, 1998, October 6, 1998, and April 13, 1999, respectively. Dillon Decl., ¶ 51 and 60.

16. Thereafter, plaintiff requested that his August 1997, March 1998 and August 1998 Step 2 examination scores be rechecked. Dillon Decl., ¶ 52, 54, and 57.

17. NBME issued the score recheck results for plaintiff's August 1997 Step 2 CK examination on January 6, 1998 and again on November 20, 1998. It issued the score recheck results for plaintiff's March 1998 Step 2 CK examination on June 22, 1998 and again on November 20, 1998. It issued the score recheck results for plaintiff's August 1998 Step 2 CK examination on December 16, 1998. Dillon Decl., ¶ 53, 55, 56, and 58.

18. Plaintiff passed the March 2, 1999 Step 2 CK examination with test accommodations. Dillon Decl., ¶ 59.

### Step 3 – Initial Scoring

19. Plaintiff took the Step 3 USMLE on July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006, with test accommodations. Dillon Decl., ¶ 61.

20. NBME scored each of plaintiff's Step 3 examinations using its standard procedures, in the same manner that it scored all other Step 3 examinations taken at that time. Dillon Decl., ¶ 63.

21. The computerized comparison of plaintiff's Step 3 Original Scores and QA Scores did not yield any discrepancies. Dillon Decl., ¶ 65.

3

22. Plaintiff's Step 3 results were released on August 6, 2003, August 18, 2004, January 12, 2005, August 17, 2005, and November 29, 2006, respectively. Johnson Decl., ¶¶ 22 and 25.

23. Plaintiff did not pass any of the Step 3 examinations he took. Dillon Decl., ¶ 67; Johnson Decl., ¶ 15.

### Step 3 – Score Recheck Requests

24. Before taking each Step 3 examination, plaintiff certified that he had read and understood the relevant USMLE *Bulletin of Information* ("*Bulletin*") and agreed to comply with the policies and procedures set forth therein. Johnson Decl., ¶ 14.

25. All of the *Bulletins* in effect when plaintiff took the Step 3 examination provide that score recheck requests must be received by the identified registration entity within ninety days of the release of an examination score report. Dillon Decl., ¶ 37.

26. FSMB received plaintiff's request that his July 2004 Step 3 examination score be rechecked within ninety days of release of his July 2004 score report. Johnson Decl., ¶ 16.

27. NBME performed the score recheck request on plaintiff's July 2004 examination using its standard procedures, in the same manner that all other Step 3 examination scores were rechecked during that that time. Dillon Decl., ¶¶ 68-69.

28. The computerized comparison of plaintiff's rechecked scores and his Original Scores did not yield any discrepancies, and therefore NBME determined that plaintiff's score on his July 2004 examination was correct as originally reported. Dillon Decl., ¶ 70.

29. FSMB reported the score recheck results for the July 2004 examination to plaintiff on October 28, 2004. Johnson Decl., ¶ 20.

4

Case 7:07-cv-00996-TJM-GJD   Document 38-18   Filed 12/05/08   Page 12 of 14

30. On August 13, 2006, plaintiff requested score rechecks of his July 2003, December 2004 and July 2005 Step 3 examinations. Johnson Decl., ¶ 21.

31. FSMB did not receive plaintiff's request for score rechecks of his July 2003, December 2004 and July 2005 Step 3 examinations within ninety days of the release of his scores for those examinations. Johnson Decl., ¶¶ 22-23.

32. Because plaintiff's request for score rechecks of his July 2003, December 2004 and July 2006 Step 3 examinations was untimely, FSMB denied plaintiff's request. Johnson Decl., ¶ 23.

33. On July 25 2007, plaintiff requested a score recheck of his November 2006 Step 3 examination. Johnson Decl., ¶ 24.

34. FSMB did not receive plaintiff's request for a score recheck of his November 2006 Step 3 examination within ninety days of the release of his score for that examination. Johnson Decl., ¶¶ 25-26.

35. Because plaintiff's request for a score recheck of his November 2006 Step 3 examination was untimely, FSMB denied plaintiff's request. Johnson Decl., ¶ 26.

## Prior Litigation

36. In 1996, plaintiff sued NBME, seeking test accommodations on his Step 1 examination. Martinez Decl., ¶ 17.

37. In 1998, plaintiff and NBME agreed to settle the disputed issues in that litigation. Martinez Decl., ¶ 19.

38. The parties' agreement was memorialized in a written settlement agreement. (the "1998 Settlement Agreement"). Martinez Decl., ¶¶ 19-21.

5

39. FSMB is not a party to the 1998 Settlement Agreement. Johnson Decl., ¶ 28; *see also* Martinez Decl., ¶ 19.

40. The 1998 Settlement Agreement provides that NBME will not retaliate against plaintiff in connection with any future examination administered or scored by NBME. Martinez Decl., ¶ 20.

41. NBME could not have retaliated, and did not retaliate against plaintiff in connection with the scoring of any of plaintiff's Step 3 examinations because it scored those examinations using its standard procedures, in the same manner that it scored all other Step 3 examinations taken at that time. Dillon Decl., ¶¶ 29-32, 63-65.

42. Defendants could not have retaliated and did not retaliate against plaintiff in connection with any request for score rechecks of his Step 3 examinations, because they responded to his score recheck requests in accordance with their standard procedures, and in the same manner that they responded to all other Step 3 score recheck requests made at that time. Dillon Decl., ¶¶ 33-40, 68-72; Johnson Decl., ¶¶ 16-26.

43. Plaintiff released NBME and all of its employees from all claims he had or may have had against them for discrimination in connection with his Step 1 and Step 2 examinations. Martinez Decl., ¶ 21.

Dated: December 5, 2008

                          Respectfully submitted,

                          WARD NORRIS HELLER & REIDY LLP

                          _s/Heidi S. Martinez_
                          Heidi S. Martinez
                          *Attorneys for National Board of Medical Examiners*
                            *and Federation of State Medical Boards*
                          300 State Street
                          Rochester, New York 14614
                          (585) 454-0700

                          *Of Counsel*

                          Thomas S. D'Antonio
                          Ward Norris Heller & Reidy, LLP
                          300 State Street
                          Rochester, New York 14614

                          Pamela S. C. Reynolds
                          Ward Norris Heller & Reidy, LLP
                          300 State Street
                          Rochester, New York 14614

TO:   C. Earl Grant, M.D. Ph.D.
        P.O. Box 551
        Fort Drum, NY 13602

        C. Earl Grant, M.D. Ph.D.
        US Army Medical Department
        DHCN-Fort Belvoir
        P.O. Box 1067
        Fort Belvoir, VA 22060