UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

         Plaintiff,

vs.

NATIONAL BOARD OF MEDICAL EXAMINERS and
FEDERATION OF STATES MEDICAL BOARD,

         Defendants.

**DECLARATION**

Civil Action No.
7:07-cv-00996
(TJM-GJD)

---

    Thomas S. D'Antonio, an attorney admitted to practice in this Court, declares the following to be true in accordance with 28 U.S.C. § 1746:

    1.  I am a member of the firm Ward Norris Heller & Reidy LLP, attorneys for defendants National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB").

    2.  I submit this Declaration based upon my personal knowledge in opposition to plaintiff's motion for additional time to respond to Defendants' cross-motion for summary judgment.

    3.  On December 5, 2008, NBME and FSMB filed and served their opposition to plaintiffs' motion to amend his complaint; at that same time, they filed a cross-motion for summary judgment.  *See* Docket Entries 38(1)-(22).

    4.  Pursuant to Local Rule 7.1(a)(3), defendants calculated plaintiff's response time and notified plaintiff that his response date would be January 12, 2009.

Because plaintiff is a *pro se* litigant[1], defendants also advised him, in accordance with Local Rule 7.1(c), that his failure to file a timely and appropriately supported response to the cross-motion would result in the cross-motion being granted and the dismissal of his case. *See* Docket Entry 38(21).

5.    On December 9, 2008, Magistrate DiBianco gave plaintiff similar notice of the consequences of a failure to respond to defendants' cross-motion, and ordered that plaintiff file his response by January 6, 2009, roughly a week earlier than defendants' Local Rule 7.1(a)(3) notice had specified. *See* Docket Entry 39; Text Court Notice, attached as Exhibit A.

6.    Defendants have been advised that the Court's December 9, 2008 Order setting the date on which plaintiff must file his response to defendants' cross-motion, was mailed to plaintiff at both his initial address, and at an updated address he subsequently provided.

7.    Plaintiff did not file any papers in response to the cross-motion by the January 6, 2009, due date set by the Court. On January 12, 2009, defendants received a copy of plaintiff's motion for additional time, which was postmarked January 8, 2009. *See* copy of postmarked envelope, attached as Exhibit B.

8.    Defendants oppose this motion and request that it be denied because:

---

[1] Plaintiff had been represented by attorney Stefan Berg until Mr. Berg was suspended from practice in July, 2008. The Court allowed plaintiff until September 30, 2008, to obtain new counsel. Since that time, plaintiff has been *pro se*.

a) Plaintiff defaulted on his obligation to timely respond to defendants' cross-motion, in accordance with the Court's December 9, 2008, order.[2]

b) Plaintiff fails to specify in his motion for additional time any specific information or papers he allegedly lacks, or how the purported absence of that information hinders his ability to respond to the cross-motion. Indeed, after attorney Berg's July 2008 suspension, plaintiff has filed several letter motions and letter requests with the Court, to which he has attached the documents allegedly supporting his case. *See, e.g.,* Docket Entries 23, 25, & 33.

c) Plaintiff had more than a month from the filing of defendants' cross-motion in order to assess his preparedness to respond, yet plaintiff never notified defendants, as required by Local Rule 7.1(j), or the Court, that he may have difficulty responding on time. Moreover, Local Rule 7.1(j) requires that the requested date of adjournment not be more than thirty-one (31) days from the return date. In addition, Judge McAvoy's Standing Order on Extensions of Time to File Papers in Connection with Motions

---

[2] Defendants note that the "Text Court Notice" from the Court explicitly stated that the due date for plaintiff's response was January 6, 2009. However, the "Notification of Filing of Motion for Summary Judgment" to plaintiff from the Court, *see* Docket Entry 39, directs that the plaintiff must file and serve the response by the time identified by opposing counsel in the motion for summary judgment. Therefore, while plaintiff may assert there was a potential ambiguity, he took no steps to address this ambiguity, or to ascertain whether the Court's order could be disregarded by him.

explicitly states that "no extension shall be permitted except for exigent circumstances."  Plaintiff's motion for additional time fails to make, or even attempt to make, this showing.

d) Plaintiff already has received one extension of his time to find new counsel, which expired on September 30, 2008.  Therefore, plaintiff now has had in excess of six months to locate an retain substitute counsel.  Indeed, the first time plaintiff has mentioned a need for new counsel since September 30, 2008, is when he filed his current motion to extension of time to respond to the cross-motion.  Defendant's respectfully submit that plaintiff's asserted need for counsel is not a valid justification for his extension motion.

9.      Defendants also note that today, January 12, 2009, was the Court ordered due date for defendants to reply in support of the cross-motion for summary judgment.  In the event plaintiff, despite the foregoing, is granted additional time to respond to defendants' cross-motion, defendants request additional time for a reply.

December 5, 2008                            s/Thomas S. D'Antonio
                                           Thomas S. D'Antonio

# EXHIBIT A

**REDACTED**

**From:** ecf.notification@nynd.uscourts.gov [mailto:ecf.notification@nynd.uscourts.gov]
**Sent:** Tuesday, December 09, 2008 8:50 AM
**To:** NYND_ECFQC@nynd.uscourts.gov
**Subject:** Activity in Case 7:07-cv-00996-TJM-GJD Grant v. National Board of Medical Examiners et al Notice of Hearing on Motion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Northern District of New York - Main Office (Syracuse) [LIVE - Version 3.2.2]**

**Notice of Electronic Filing**

The following transaction was entered on 12/9/2008 at 8:50 AM EST and filed on 12/9/2008
**Case Name:**       Grant v. National Board of Medical Examiners et al
**Case Number:**      7:07-cv-996
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT COURT NOTICE of Hearing on Motion [38] Cross MOTION for Summary Judgment and [33] MOTION to Amend/Correct [1] Complaint ; Response to Motion due by 1/6/2009 ; Reply to Response to Motion due by 1/12/2009. Motion Hearing set for 1/23/2009 at 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy (pta )

**7:07-cv-996 Notice has been electronically mailed to:**

Hildreth J. Martinez     hsm@wnhr.com

Thomas S. D'Antonio     tsd@wnhr.com, djh@wnhr.com

**7:07-cv-996 Notice has been delivered by other means to:**

C. Earl Grant
Post Office Box 551
Fort Drum, NY 13602

# EXHIBIT B

C. Earl Grant, M.D., Ph.D.
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060

FO VA 220

08 JAN 2009 PM 6 L

MINNESOTA

Ward Norris Heller & Reidy, LLP
300 State Street
Rochester, NY 14614
ATTN: Pamela S. C. Reynolds