UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

C. Earl Grant,

        Plaintiff,

vs.

L. Thompson-Bowles, Brian Wilsford, Deborah Cusson
David Johnson, Gerald S. Golden, National Board of Medical Examiners
Federation of States Medical Boards

        Defendants

RE: Civil No. CV 3-96-310
RE: File No. 99-66 DSD/JMM

MEMORANDUM OF LAW OPPOSING
MOTION FOR SUMMARY JUDGMENT

---

The Plaintiff opposes the Defendants' Motion for Summary Judgment, and for his response, states as follows: 1) That the Plaintiff's proposed Amended Complaint should be accepted by this Court under the applicable Rules of Civil Procedure; 2) That the matters alleged in his Complaint and proposed Amended Complaint are meritorious and present valid claims upon which relief may be granted; and 3) That this case presents genuine questions of material fact that require litigation for resolution.

<u>The Plaintiff's proposed Amended Complaint should be accepted by this Court</u>

1. Federal Rule of Civil Procedure 15(a) provides in relevant part that permission to amend pleadings should be liberally granted when required by justice. In determining the scope of a court's discretion in deciding issues under this rule, the Court in *Brown v. Capoziello*, No. 03 Civ. 8712 (LTS)(JCF), 2008 WL 4201636 (S.D.N.Y. September 12, 2008), cited the Supreme Court's case of *Foman v. Davis*, 371 U.S. 178, 182 (1962) as the correct standard. In *Foman*, the Supreme Court wrote,

> "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

1

allowance of the amendment, futility of amendment, etc. – the leave should…be freely given."

2. As indicated in the Plaintiff's "Motion To Amend Complaint and Request Discovery" which was previously filed in this matter, the Plaintiff desires to amend his original complaint due to his former counsel's failure to allege all of the facts and allegations that are relevant to the parties. Specifically, the original complaint, which is not being abandoned by the Plaintiff as suggested in the Defendants' Memorandum of Law, did not allege unlawful discrimination practices against the Plaintiff, as a disabled person. There is no suggestion in any of the pleadings filed in this matter, or in the Memorandum of Law filed by the Defendants that the Plaintiff is seeking to amend his original Complaint for any bad faith motive. Accordingly, the Court should grant the Plaintiff leave under the FRCP to amend his Complaint.

3. The Defendants argue that the Plaintiff's Motion to Amend should be denied because the claims set forth in the proposed Amendment are futile. The Plaintiff's claims as alleged in the original Complaint and Amended Complaint are not futile, and are founded upon the facts set out in the "Affidavit of C. Earl Grant" filed with this pleading, and other evidence that will be introduced in this matter. In his affidavit, the Plaintiff describes a wrongful course of conduct engaged by the Defendants that violates his rights. Specifically the Plaintiff represents and the documents of record in this matter reflect:

- The Plaintiff has been diagnosed with and suffers from Attention Deficit-Hyperactivity Disorder: Predominantly Inattentive Type ("ADD"), and that his condition is a disability. (Stipulated by the Plaintiff and Defendant National Board of Medical Examiners in the *Confidential Settlement Agreement And Release*, executed in June 1998.)

- That the Plaintiff and Defendant National Board of Medical Examiners agreed as to certain accommodations that would be extended to the Plaintiff for <u>all</u> future examinations that were administered by Defendant National Board of Medical Examiners. (Stipulated by the Plaintiff and Defendant National Board of Medical

2

Examiners in the *Confidential Settlement Agreement And Release*, executed in June 1998.)

- That these accommodations were repeatedly denied to the Plaintiff, in violation of the Confidential Settlement Agreement and Release. **(To date the Defendants NBME/FSMB have refused to preserve test materials after each Step 3 USMLE, refused to objectively grade or regrade plaintiff's Steps 2, and 3 USMLE, and have failed to provide a quiet, non-distracting environment for the Step 3 USMLE).**

- That the Plaintiff and Defendant National Board of Medical Examiners agreed as to certain examination manual would be extended to the Plaintiff for <u>all</u> future examinations that were administered by Defendant National Board of Medical Examiners. (Stipulated by the Plaintiff and Defendant National Board of Medical Examiners in the *Confidential Settlement Agreement And Release*, executed in June 1998.)

- Plaintiff agrees that the FSMB was not a part of the 1998, settlement agreement. The FSMB does not conduct its business independently of the NBME. Instead, as a subsidiary of the NBME, the FSMB is responsible for receiving all Step 3 USMLE applications from all candidates on behalf of the NBME, providing communication between the NBME and Step 3 candidates, conveying examination permits from the NBME to Step 3 candidates, reporting examination scores to candidates and receiving requests for regrading of the Step 3 USMLE on behalf of the NBME. (Point #57 in Plaintiff's Affidavit).

- The FSMB has the responsibility to ensure that all its dealing with and between the candidates and the NBME are fair and honorable and that the score results of the examinations accurately reflect the result of objective and unbiased grading. The FSMB is part of the NBME and does not function independently of the NBME. (Point #58 in Plaintiff's Affidavit).

- The program directors and the ABIM failed to correct the inaccurate residency evaluation reports that were intentionally submitted and received with the intent to defame plaintiff's character and terminate pursuit of a career in medicine. (Point #48 in Plaintiff's Affidavit).

- The NBME claimed that it scored plaintiff's Steps 2 and 3 examinations using standard procedures, in the manner that it scored all other examinations taken at that time. The NBME lied about its grading of plaintiff's Steps 1, 2, and 3 examinations and in doing so, breached the terms of the settlement agreement with the plaintiff. (Point #53 in Plaintiff's Affidavit).

3

- Plaintiff in good faith agreed to release the NBME and its employees from the claims filed in connection with the Step 1 examination in return for the NBME's promise of non-retaliation, non-reprisal and non-discrimination and a promise to grade and/or regrade all future examinations fairly and objectively. As noted above NBME breached its promises to the plaintiff. (Point #55 in Plaintiff's Affidavit).

- The NBME continues it reprisal in the application process, grading and scoring of plaintiff's examinations, and has refused to objectively regrade plaintiff's steps 2 and 3 examinations even after it collected additional fees from plaintiff for the services. (Point #56 in Plaintiff's Affidavit).

4. It is clear from the foregoing, that the Plaintiff's proposed Amended Complaint meets the standards suggested in the Defendants' Memorandum of Law. In the Memorandum, counsel argues that a *prima facie* case of discrimination is present, where (as here), the Plaintiff **alleges** (emphasis added) facts that if proven, demonstrate that: a) he is disabled; b) that his requests for accommodations were reasonable; and c) that his requests were denied. Looking at the first of these requirements in turn, whether the Plaintiff has alleged that he is disabled, the Plaintiff would respectfully invite the Court's attention to Paragraph 9 of his proposed Amended Complaint in which the Plaintiff alleges,

> "9. While sitting these exams plaintiff was a qualified disabled, under the Americans with Disability Act, Title 42 United States Code, Section 12102(2) and 12131(2)(42 USCS Section 12112(2) and 122131(2), and the Human rights Act of Minnesota (Minn. Stat. Section 363A.03, subd. 36 (2006), known to the defendants, and entitled to reasonable accommodation. By these provisions, plaintiff as an eligible person was entitled to reasonable accommodation in the form of more time than the standard duration NBME/FSMB allowed non-disabled persons to take the USMLE examinations."

5. This allegation, coupled with the Plaintiff's stipulated disability reflected in the Confidential Settlement Agreement and Release, executed by Defendant National Board of Medical Examiners in June 1998, fully satisfies the fist component of the *prima facie* disability test. The next aspect of the test requires that the Plaintiff allege that his requests for

4

accommodations were reasonable. Paragraphs 10 of the proposed Amended Complaint plainly recites that his requests were reasonable. This Paragraph reads,

> "10. On or around March and August 1995, plaintiff, by timely submitting his request accompanied with adequate supporting documentation, request the defendants' reasonable disability accommodation during the USMLE Step 1 exams held respectively in June and September 1995."

6. This pleading, plus the stipulated testing accommodations agreed to between the Plaintiff and the Defendant National Board of Medical Examiners in June 1998 as set out in the Confidential Settlement Agreement and Release, meets the requirements of the second element of the test. The last element of the test, that the Plaintiff allege that his requests were denied, is found in Paragraph 11 of the Plaintiff's Amended Complaint, which reads;

> "11. The defendants unjustifiably and without explanation denied the plaintiff's request for reasonable accommodation on both occasions, instated notified the plaintiff of denial late, respectively on May 19, 1995 for the June 1995 exam, and on September 11, 1995 for the September 1995."

7. The evidence supporting this allegation is set forth in the Plaintiff's Affidavit filed with this court. The Plaintiff would respectfully invite the Court's attention to **paragraph 8, 15, and 18** of the affidavit, which specifically address the manner in which the Defendants wrongfully denied the Plaintiff's reasonable requests for testing accommodations. Thus, under the Defendants' own standards, the Plaintiff has alleged a *prima facie* case for discrimination in his proposed Amended Complaint.

8. The Defendants' motion for summary judgment should likewise be denied. Federal Rule of Civil Procedure 56(c) provides in relevant part that summary judgment should be granted only where there is no genuine issue as to any material fact. It also requires the moving party to establish that it is entitled to judgment as a matter of law. Moreover, the Defendants must show that there is no genuine issue for the trial court. *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir.

5

1992). In this case, there is an abundance of dispute as to material fact. The parties do not agree, as suggested by the Defendants in their Memorandum of Law, that a) the Plaintiff was granted reasonable test accommodations on each of his Step 3 exams; b) that the Plaintiff's examinations were scored in accordance with NBME's standard procedures; and c) that the Defendants acted on Plaintiff's requests for score rechecks.

9. Regarding the matter of reasonable test accommodations, the Plaintiff will provide evidence in the instant matter that in March 2003, the FSMB/NBME failed to provide plaintiff with the permit required to take Step 3 USMLE and maliciously cancelled plaintiff's application without reasonable explanation or notice to plaintiff. When plaintiff requested explanation from Mr. Brian Wilsford, of the FSMB, Mr. Wilsford informed plaintiff that the FSMB was awaiting the State Medical Board of Ohio approval of plaintiff's application. The State Medical Board of Ohio does not grant, approve or disapprove permits for applications submitted to the FSMB for the Step 3 USMLE. The State Medical Board of Ohio merely verifies eligibility of candidates with less than nine months of residency training for the Step 3 USMLE and provides feedback to the FSMB if there were in questions to this effect. **(Point 30 in Plaintiff's affidavit).**

10. The Plaintiff likewise believes that NBME did not score his tests fairly, or in accordance with the Defendants' standard procedures. **Specifically, plaintiff has proved himself to be clinically and technically competent and highly respected by many of his peers, superiors and patients during his medical school training, residence training and post-residency active duty military assignments as a clinical of administrative health care provider. To date the Defendants failed to prove to the court or to the plaintiff that its "standard procedures" used in scoring plaintiff's examinations are objective and fair. Instead, the**

6

**Defendants have sought numerous measures to avoid the court or anyone using the appropriate answer keys to objectively review and regrade any of plaintiff's examinations.**

11. Likewise, the Plaintiff does not agree that the Defendants acted properly on his requests for score rechecks. **Specifically, in reference to the Step 2 USMLE documents reviewed by plaintiff and Mr. Larry Reed in the presence of the Defendants' legal counsel in November 1998, only one of those tests was partially hand-scored, and each of the other exam documents had no markings indicative of even an attempt to objectively regrade the test. To date the NBME has refused to produce the answer keys or identify anyone to be held accountability for falsified grades reported in connection with plaintiff's examination results. The Defendants have chosen to be evasive, and in their recent settlement proposal to plaintiff, proposed to have their computer database used to grade plaintiff's examinations rechecked to determine if the has a defect, in lieu of using the answer keys to objectively grade plaintiff's examination. Plaintiff has no reason to believe that the problem resulted on multiple occasions from faulty database. The defendants charge a service fee specifically for hand-scoring and have consistently claimed that it used its standard measured to grade plaintiff's examinations.**

12. This Court should not grant the Defendants' request for summary judgment since there is a disagreement about the facts and corresponding disagreement regarding the proper inferences which a fact finder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982).

13. For purposes of the Defendants' motion for summary judgment, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple*

7

BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992), cert. denied, 507 U.S. 912 (1993) (citations omitted). In this matter, the Plaintiff's allegations and facts offered at trial need to be decided by the finder of fact. Thus, the Plaintiff requests that the Defendants' motion be denied.

Date: 11 February 2009

C. Earl Grant
P.O. Box 1067
Fort Belvoir, VA 22060

Subscribed and sworn before me
This 11 day of February, 2009

Pamela A. Leasu
Notary Public

My Comm. Exps. 31 AUG 2009

## CERTIFICATE OF SERVICE

I, C. Earl Grant, the Plaintiff in this case, do hereby certify that on this ____ day of February, 2009, I mailed a true copy of the foregoing by postage prepaid first class mail, to all counsel of record.

Dated:  11 Feb 09

BY:  C. Earl Grant, M.D., Ph.D.
Plaintiff, *Pro Se*
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060
(561) 537-0229

8