## EXHIBIT G:

1  **AFFIDAVIT OF LARRY E. REED.**

2  **LETTER FROM LARRY E. REED TO DEFENDANTS" LEGAL COUNSEL.**

3  **Step 2 USMLE documents retained by Leonard, Street and Deinard (<u>Defendants' counsel to obtain for the court</u>).**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| C. Earl Grant, | ) | File No. 99-66 DSD/JMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AFFIDAVIT OF LARRY E. REED** |
| | ) | |
| Gerald S. Golden, Inna Rozinski, and | ) | |
| National Board of Medical Examiners, | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF MINNESOTA    )
                                         )    SS.
COUNTY OF HENNEPIN   )

Upon first being duly sworn and upon oath, Affiant states and alleges as follows:

1.    I am the attorney for the Plaintiff, C. Earl Grant, in the above-entitled matter.

2.    I assisted Dr. Earl Grant in review of prior Board examination results at the
       offices of Leonard, Street and Deinard.

3.    At the time of the examination, when the sealed exams were opened, we observed
       that one of the exams had numbers, indicating that someone had been scoring the
       exam.

4.    We also observed that there were certain portions of the exam that appeared to
       not have been scored, suggesting a partial scoring.

5.    We questioned this and asked for a re-scoring.

6.    Also, at the time of this meeting, there were other exams without marking.

7.    The exam with the markings suggested that there had been some partial re-
      scoring; however, the exams without the markings yielded no indication as to
      whether or not the exams had been re-scored.

Date: 3/17/99

Larry E. Reed

Subscribed and sworn to before me
this 17th day of March, 1999.

Traysshana P. Thomas
Notary Public

TRAYSHANA P. THOMAS
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2000

2

HASSAN & REED, LTD.
2311 Wayzata Boulevard
Minneapolis, MN 55405
November 5, 1998.

Ms. Janet Carson
c/o Ms. Nancy Brasil
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

Dear Ms. Carson:

RE:     C. EARL GRANT,
        USMLE ID #: 4-048-306-7
        AUGUST 1997, MARCH 1998, and AUGUST 1998, USMLE STEP 2 EXAMINATION

Pursuant to the settlement agreement I have compared the copies and originals of answer sheets for the above examinations, and correctly identify both the copies and originals as those belonging to my client, Dr. C. Earl Grant.   Without the answer keys I am unable to conduct an objective comparison to detect a difference between the corresponding copies and originals.  However, based on my observation, it is possible that there might be computer error in the original scores reported due the fact that shading beyond the circle margins might have been incorrectly scored.  Proper hand-scoring will most likely detect and correct such discrepancies.  In compliance with the settlement agreement I hereby request that:

1.      the originals be submitted for the hand-scoring process,

2.      all measures are utilized to insure a fair and objective review is conducted and accurate results are reported,

3.      the August, 1997, and March, 1998, examinations be hand-scored immediately, without any request for additional fees, since the fees have been paid and your client has agreed to hand-score these tests without any additional fees once the comparison is made and the documents are correctly identified,

4.      the August, 1998, examination to be hand-scored at a later date, based a written request and payment of that fee,

5.      there be an explanation and verification of the objective process employed during the hand scoring in order to insure compliance in regard to fairness and objectivity.

Your urgent reply in anticipated.

Sincerely,


L. Reed

## EXHIBIT H:

1. **LETTER FROM LARRY E REED TO JANET CARSON, NOVEMBER, 1998.**

HASSAN & REED, LTD.
2311 Wayzata Boulevard
Minneapolis, MN 55405
November 5, 1998.


Ms. Janet Carson
c/o Ms. Nancy Brasil
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

Dear Ms. Carson:

RE:   C. EARL GRANT,
      USMLE ID #: 4-048-306-7
      AUGUST 1997, MARCH 1998, and AUGUST 1998, USMLE STEP 2 EXAMINATION

Pursuant to the settlement agreement I have compared the copies and originals of answer sheets for the above examinations, and correctly identify both the copies and originals as those belonging to my client, Dr. C. Earl Grant.   Without the answer keys I am unable to conduct an objective comparison to detect a difference between the corresponding copies and originals.   However, based on my observation, it is possible that there might be computer error in the original scores reported due the fact that shading beyond the circle margins might have been incorrectly scored.   Proper hand-scoring will most likely detect and correct such discrepancies.   In compliance with the settlement agreement I hereby request that:

1.      the originals be submitted for the hand-scoring process,

2.      all measures are utilized to insure a fair and objective review is conducted and accurate results are reported,

3.      the August, 1997, and March, 1998, examinations be hand-scored immediately, without any request for additional fees, since the fees have been paid and your client has agreed to hand-score these tests without any additional fees once the comparison is made and the documents are correctly identified,

4.      the August, 1998, examination to be hand-scored at a later date, based a written request and payment of that fee,

5.      there be an explanation and verification of the objective process employed during the hand scoring in order to insure compliance in regard to fairness and objectivity.

Your urgent reply in anticipated.

Sincerely,


I. Reed

## EXHIBIT I:

1. **NBME CANDIDATE REGISTRATION STATUS STEP 3, 03/20/2003 = CANCELLED.**
2. **CERTIFIED DOCUMENTATION FROM STATE OF OHIO MEDICAL BOARD.** (Pending Receipt).

**USMLE ID:** 40483067    **NAME:** Grant                    Logout

Click on the button next to the exam to see more detailed information. Only computer-administered USMLE Step
updated nightly. Information regarding Step 3 exam status will appear on this page once your application has bee

| Exam | Date Received | Application/Registration Status | Permit Issued | Sponsoring Board | Eligibility Period | Testing Region | Location |
|------|---------------|--------------------------------|---------------|------------------|-------------------|----------------|----------|
| STEP 3 | 04/12/2004 | Incomplete | | Florida | | United States | Not Schedule |
| STEP 3 | 05/16/2003 | Complete | 07/03/2003 | Ohio | 05/16/2003 - 08/29/2003 | United States | Strongsvill OH (actual) |
| STEP 3 | 03/20/2003 | Cancelled | | Ohio | | United States | Not Schedule |

5/30/2004 8:49 PM

## EXHIBIT J:

   1. **FSMB CHECKOUT PROCESSING 31 AUGUST 2004.**

   2. **LETTER TO MR. BRIAN WILSFORD 3 SEPTEMBER 2004.**

   3. **CHECKING ACCOUNT STATEMENT 09/03/2004, FSMB DEBIT AMOUNT $610.00.**



**Your application has been accepted.**

# What to do next:

- Your web request id is 40849 . Click here to generate a printable receipt.
- You need to send in your signature page to complete the Step 3 application: Click here to generate that document.
- Your FCVS packet has been started and awaits completion! Click here to continue.

(Note: Your receipt and signature page appear as popups.   If your browser blocks them, please change your settings and try again.)

**Return to FSMB.ORG main page**

HHC 18th MEDCOM
Unit # 15281, Box # 872
APO, AP 96205-5281
September 3, 2004

ATTN: Mr. Brian Wilsford
Exam Dept/Step 3
Federation of State Medical Boards
400 Fuller Wiser Road, Suite 300
Euless, TX 76039

Dear Mr. Wilsford:

I have requested the user ID and PIN numbers to monitor my USMLE application online and the E-mail
was returned owing to my address being placed on a blocked list. I have made several attempts to check
my application status since submitted online on August 31, and shown that the application was accepted.
I also noted that the Fee for the examination was credited back to my account on September 2, 2004.

I am sending a personal check in the amount $610.00, the full amount that has been credited back to my
account. My records show that the mailed-in portion of the application was delivered to your department
by FedEx at 9:45 A.M. on September 1, 2004, the new deadline by which you require receipt of the
application material.

Please provide me with a proper password for me to be able to access my application via the internet like
all other candidates. You may forward this information to me by my E-mail address that I have provided
with my application. Thank you in advance for your cooperation.

Sincerely,

C. Earl Grant, MD, Ph.D.

https://onlineeast.bankofamerica.com/cgi-bin/ias/KQShKKJKX/5yY...

**Interest Checking - 5178**

close window

print window

**Current Statement**

**Pending Transactions**

| Transaction ↑ | Debit(-) | Credit(+) |
|---|---|---|
| CHECKCARD 09/03 AAFES SEOUL NY | ▬▬ | |
| CNS AAFES 130 09/06 #425006347382 PURCHASE CNS AAFES 1307 SEOUL NY | ▬▬ | |
| CNS AAFES 132 09/04 #424903395859 PURCHASE CNS AAFES 1324 SEOUL NY | ▬▬ | |
| CNS AAFES 432 09/03 #424801325701 PURCHASE CNS AAFES 4327 SEOUL NY | ▬▬ | |
| CNS AAFES 831 09/05 #424904397799 PURCHASE CNS AAFES 8315 SEOUL NY | ▬▬ | |
| COMMUNITY BANK ATM 09/03 #000000001383 WITHDRWL YONGSAN BANK ATM#2 KOREA KR | ▬▬ | |
| YONGSAN COM 09/04 #424818048945 PURCHASE YONGSAN COM YONGSAN VA | ▬▬ | |

**Posted Transactions**

| Posting Date ↓ | Transaction | Debit(-) | Credit(+) | Balance |
|---|---|---|---|---|
| 09/03/2004 | CHECKCARD 0902 FED OF STATE MED BOARDS 817-864-4000 TX 243268442460838665013700 | $610.00 | | ▬▬ |
| 09/01/2004 | CNS AAFES 09/01 #000397443 PURCHASE CNS AAFES SEOUL NY | ▬▬ | | ▬▬ |
| 08/31/2004 | WIRE TYPE: WIRE-IN DATE: 040831 TIME: 1622 ET TRN: 2004083100031852 SEQ: 040831090749/00 | | ▬▬ | ▬▬ |
| | Beginning Balance as of 08/31/2004 | | | ▬▬ |

Please close window when you've finished printing. This page will timeout and close automatically in 10 minutes.

🔒 **Secure Area**

Bank of America, N.A. Member FDIC. Equal Housing Lender ⌂
©2004 Bank of America Corporation. All rights reserved.



9/8/2004 7:08 AM

## EXHIBIT K:

1. **FSMB/NBME 2008, PROPOSED SETTLEMENT AGREEMENT 'Score Re-check of Certain Step 3 Examinations. Items 1-e, 3 and 4').**

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into this ___ day of April 2008 (the "Effective Date") by and between C. Earl Grant ("Grant"), on the one hand, and the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB") on the other.

WHEREAS, NBME is an independent, not-for-profit organization which provides high-quality examinations for the health professions; and

WHEREAS, FSMB is a national, not-for-profit organization representing state medical boards of the United States and its territories; and

WHEREAS, NBME and FSMB co-sponsor the three-step United States Medical Licensing Examination ("USMLE"); and

WHEREAS, NBME administers and scores Step 3 of the USMLE; and

WHEREAS, Grant has previously taken Step 3 of the USMLE but has not received a passing score; and

WHEREAS, on or around September 19, 2007, Grant initiated a lawsuit in the United States District Court for the Northern District of New York, styled *C. Earl Grant v. National Board of Medical Examiners, Federation of States Medical Board*, 7:07-cv-00996-TJM-GJD (the "Litigation") alleging that his examinations were not properly scored and seeking damages and injunctive relief; and

WHEREAS, NBME and FSMB deny all of the allegations in the Litigation and assert that at all times their actions with respect to Grant were proper and lawful; and

WHEREAS, in the interest of settlement and compromise of the claims made by Grant in the Litigation, and in order to avoid the costs and expenses of litigation, it is the

parties' desire to settle amicably any and all claims that have been or could have been raised by Grant with respect to the Step 3 USMLE examination; and

**WHEREAS,** in the interest of avoiding disagreement and unnecessary litigation in the future, it is the desire of the parties to agree upon the procedures to be followed in connection with the scoring of any future examinations taken by Grant.

**NOW, THEREFORE,** in consideration of the mutual promises, terms and conditions made below, the parties agree as follows:

<u>Score Re-check of Certain Step 3 Examinations</u>

1.    The parties agree to and acknowledge the following facts:

    a.    Grant took the Step 3 USMLE on or around July 9, 2003, July 21, 2004, December 7, 2004, July 25, 2005 and November 1, 2006 (the "Prior Step 3 Examinations").

    b.    Grant did not receive passing scores on any of the Prior Step 3 Examinations.

    c.    On or around August 30, 2004, Grant requested that NBME rescore the Step 3 USMLE he took on July 21, 2004.  Grant did not enclose the full score recheck fee with his request.

    d.    On or around September 7, 2004, FSMB informed Grant by letter that he must submit the full fee for the score recheck by November 16, 2008, in order for his score recheck request to be processed.

    e.    On or around October 5, 2004, Grant submitted the remainder of the score recheck fee and, thereafter, on or around October 28, 2004, NBME performed a score recheck of the July 21, 2004 Step 3 USMLE

in accordance with Grant's request. Following the score recheck, NBME reported to Grant that his score was accurate as originally reported.

    f.  On or around August 7, 2006, Grant requested NBME rescore the Step 3 USMLE examinations he took on July 9, 2003, December 7, 2004 and July 25, 2005.

    g.  NBME determined Grant's request for rescoring was not timely made in accordance with USMLE policy as set forth in the USMLE *Bulletin of Information* and, accordingly, Grant's July 9, 2003, December 7, 2004 and July 25, 2005 Step 3 examinations were not rescored.

    h.  On or around August 2, 2007, Grant requested NBME rescore the Step 3 USMLE he took on November 1, 2006.

    i.  NBME determined Grant's request for rescoring was not timely made in accordance with USMLE policy as set forth in the USMLE *Bulletin of Information* and, accordingly, Grant's November 1, 2006 Step 3 examination was not rescored.

2.    Notwithstanding the fact that one or more of Grant's earlier requests for rescoring of the Prior Step 3 Examinations may have been untimely made, NBME agrees to perform a score recheck of each of the Prior Step 3 Examinations.

3.    In performing said score rechecks, NBME will employ its established procedure for score rechecks, that is:

    a.  The electronic record of the answers recorded by the computer when Grant sat for a particular Step 3 USMLE examination (the "Outcome

3

Record") for each of Grant's Prior Step 3 Examinations will be pulled electronically from NBME's database.

b.  The Outcome Record for each Prior Step 3 Examination will be scored by a software program (the "QA Scoring Software") separate from the primary software which initially scored such Outcome Record (the "Primary Scoring Software").

c.  The QA Scoring Software will generate the following scores for each Prior Step 3 Examination: (1) a multiple choice raw score; (2) a CCS raw score; (3) a combined raw score (multiple choice raw score plus CCS raw score); (4) a two-digit reported score; and (5) a three-digit reported score.

d.  For each Prior Step 3 Examination, the scores generated by the QA Scoring Software will be electronically compared to the scores generated by the Primary Scoring Software when such Prior Step 3 Examination was initially scored.

e.  Results of the electronic comparison for each Prior Step 3 Examination will be reviewed to determine whether any discrepancy was identified. Steps (a) through (e) herein are referred to collectively as the "Prior Score Recheck."

4.      NBME will report the results of the Prior Score Recheck to Grant's attorney within thirty (30) days of the Effective Date of this Agreement, as follows:  If no discrepancies are identified, NBME will report that the scores were found to be accurate as reported.  If a discrepancy is found, NBME will identify and report the discrepancy.

4

5.      If, as a result of performing the Prior Score Recheck, the original score or pass/fail outcome of any Prior Step 3 Examination is determined to have been incorrect, NBME agrees to correct said original score and/or pass/fail outcome in accordance with the results of the score recheck.

6.      Grant acknowledges and agrees that the Prior Score Recheck is objective and fair.  Grant acknowledges and understands that, because the Prior Step 3 Examinations were originally administered, scored and checked electronically, the likelihood the Prior Score Recheck will result in a change in any particular Prior Step 3 Examination score or pass/fail outcome is remote.

7.      Grant nevertheless acknowledges and agrees that, provided NBME performs the Prior Score Recheck in accordance with the terms of this Agreement, he will not further challenge or object to his scores for the Prior Step 3 Examinations or to the Prior Score Recheck for any reason.

<u>Future Examinations</u>

8.      In the event that, following the Effective Date of this Agreement, Grant takes any examinations sponsored or administered by NBME and/or FSMB ("Future Examination"), NBME and/or FSMB agrees to score such Future Examinations in accordance with its then-regularly established procedures, in the same manner as such Future Examinations are scored for other examinees (the "Exam Scoring Procedures").

9.      Grant agrees and acknowledges with respect to any Future Examination he may take that is scored in accordance the Exam Scoring procedures, in the same manner as such Future Examinations are scored for other examinees, that such Exam Scoring Procedures are objective and fair.

5

10.     In the event Grant wishes to request a score recheck of any Future Examination, including without limitation, any future Step 3 USMLE examination, Grant agrees to abide by the established policy for requesting a score recheck, as may be published by NBME and/or FSMB from time to time (the "Established Recheck Policy").

11.     Grant agrees and acknowledges that, if he does not request a score recheck in accordance with Established Recheck Policy, NBME and/or FSMB will not complete the requested recheck.

12.     Provided that Grant requests a recheck in accordance with Established Recheck Policy, NBME agrees to conduct and report the results of any such recheck in accordance with its then-regularly established procedures, in the same manner as such rechecks are performed for other examinees (the "Recheck Procedures").

13.     Grant agrees that, provided any Future Examination is scored in accordance with the Exam Scoring Procedures and rechecked (provided Grant requests a recheck in accordance with Established Recheck Policy) in accordance with the Recheck Procedures, he will not further challenge or object to his score for any Future Examination or to the Exam Scoring Procedures or Recheck Procedures for any reason.

Payment

14.     On or prior to the Effective Date of this Agreement, Grant agrees to pay to NBME the sum of Three Thousand Dollars ($3,000.00) in full satisfaction of the November 27, 2000 Order of the United States District Court for the District of Minnesota, Fourth Division, and the March 12, 2008 Order of Magistrate Judge DiBianco, copies of which are attached hereto as Exhibits A and B, respectively.

6

15.     Notwithstanding anything to the contrary in this Agreement, NBME shall have no obligation to perform any score rechecks of the Prior Step 3 Examinations unless and until it receives Grant's payment of the sum set forth in paragraph 13.

<u>Release</u>

16.     In consideration of the promises and commitments made herein, Grant, on behalf of himself and heirs, administrators, executors, assigns, attorneys and all others claiming rights through him or acting on his behalf (collectively, "Releasors"), hereby releases and discharges NBME, FSMB and their respective parents, subsidiaries and affiliates (collectively the "Releasees") and each of the Releasees' past, present or future shareholders, members, directors, officers, employees, representatives, agents, predecessors, successors, assigns, attorneys and insurers from any and all claims, demands and rights of action which he has had or may have, whether known or unknown, against NBME or FSMB in connection with any examination sponsored, administered, scored, rescored or rechecked by or for NBME or FSMB.

17.     Grant agrees that he will not sue in court or file an administrative claim, complaint, charge or action or suit of any nature against NBME or FSMB on any claim, demand or right of action released in this Agreement, except for the purpose of enforcing the terms of this Agreement.

<u>Confidentiality</u>

18.     The parties hereto agree not to disclose this Agreement, or any part of it without the prior written consent the other parties, except (1) NBME and FSMB may disclose the fact and terms of this Agreement to its members, officers and directors, insurers and outside auditors, and to employees or agents of NBME or FSMB or related

entities who have a legitimate need to know the terms of the Agreement in the course of performing their duties, provided that such persons or entities shall be bound by the duties of confidentiality applicable to NBME and FSMB, and (2) the parties may disclose this Agreement as may be required by law. In the event that any party is asked to comment on the Litigation, such party shall be permitted only to state that "the matter has been resolved."

### Dismissal of Litigation

19.     The parties agree that within ten (10) days of the Effective Date of this Agreement, their respective counsel shall execute and file with the Court for signature by the Court a Stipulation of Dismissal in the form attached hereto as Exhibit C.

### No Admission of Liability

20.     NBME and FSMB specifically deny any liability to Grant for any and all claims asserted by Grant against them. Nothing contained in this Agreement shall be construed as an admission by NBME or FSMB of any violation of state, federal, or local statute, regulation, ordinance, or principle of common law or its own policies and procedures, or that it has engaged in wrongdoing of any kind.

### Assignment

21.     The parties agree that the rights and obligations under this Agreement shall inure to and be binding upon NBME and FSMB and their successors and assigns, but the rights and obligations of Grant hereunder are personal and may not be assigned to any other person.

## Severability

22.     If any provision of this Agreement is determined to be invalid or

unenforceable, the remaining provisions of this Agreement shall not be affected thereby

and shall be binding upon and enforceable against the parties, and any provision

determined to be invalid or unenforceable shall be reformed as necessary to render it

valid and enforceable and to reflect the intent of the parties, to the maximum extent

possible under applicable law.

## Entire Agreement

23.     This Agreement constitutes the entire agreement between the parties with

respect to the subject matter hereof and supersedes all prior agreements and

understandings, oral and written, between the parties with respect to the subject matter

hereof. Neither party shall be bound by, or liable for, any alleged representation,

warranty, promise, inducement or statement of intention not embodied in this Agreement.

This Agreement may not be modified, altered or changed in any respect, except upon the

express written consent of all parties.

## Construction

24.     The parties acknowledge that each party and its counsel have reviewed

and have had an opportunity to revise and comment upon this Agreement and that the

normal rule of construction to the effect that any ambiguities are to be resolved against

the drafting party shall not be employed in the interpretation of this Agreement or any

amendments hereto.

<u>Voluntary and Knowing Action</u>

25.    Grant acknowledges that he has been represented by his own attorney, that he has read and understands the terms of this Agreement, and that he is voluntarily entering into the Agreement based upon the advice and recommendation of his attorney.

<u>Headings</u>

26.    The subject headings of this Agreement are included for convenience only and shall not affect the construction or interpretation of any of its provisions.

<u>Counterparts</u>

27.    This Agreement may be executed in counterparts and, when taken together, shall constitute the entire agreement between the parties.

<u>Governing Law</u>

28.    This Agreement will be construed and interpreted in accordance with the laws of the State of New York.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be signed below.


Dated:  April ___, 2008            _____
                                   C. Earl Grant


Dated:  April ___, 2008            National Board of Medical Examiners


                                   By:  _____
                                   Its:  _____


Dated:  April ___, 2008            Federation of State Medical Boards


                                   By:  _____
                                   Its:  _____

EXHIBIT A

**EXHIBIT B**

EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---

C. EARL GRANT,

      Plaintiff,

v.                                                    7:07-CV-996
                                                      (TJM/GJD)

NATIONAL BOARD OF MEDICAL
EXAMINERS and FEDERATION OF
STATES MEDICAL BOARD,

      Defendants.

---

## STIPULATION OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned,

the attorneys for the parties, that  the above entitled action be, and the same hereby is,

dismissed with prejudice, each party to bear its own attorneys' fees and costs.  This

Stipulation may be filed without further notice with the Clerk of the Court.

Dated: April __, 2008

BERG LAW OFFICE                          WARD NORRIS HELLER & REIDY LLP


_____              _____
Stefan D. Berg, Esq.                     Thomas D'Antonio, Esq.
Attorneys for Plaintiff C. Earl Grant    Heidi S. Martinez, Esq.
309 Arnold Avenue                        Attorneys for Defendants National
Syracuse, New York 13210                 Board of Medical Examiners and
                                         Federation of State Medical Boards, s/h/a
                                         Federation of States Medical Board
                                         300 State Street
                                         Rochester, New York 14614

SO ORDERED:       _____
                  United States District Judge

## EXHIBIT L:

1. **LETTERS DATED MAY 29, 2008, AND SEPTEMBER 2, 2008, AND E-MAILS FROM DEBORAH CUSSON.**



*Federation of*
# STATE
# MEDICAL
# BOARDS

May 29, 2008

**Confidential**
*Confirmation of Test Accommodations*

Carrol Earl Grant
P O Box 551
Fort Drum NY 13602

Re:    Test Accommodation Request received for the USMLE Step 3 administration cycle

Dear Dr. Grant:                                                USMLE ID # 4-048-306-7

**The Federation of State Medical Boards has reviewed your request and approved the following test accommodation(s):**

- **extended testing time - time and one half:**    The exam is administered over three days. Day one will be 8 hours 45 minutes in length and will include a 30-minute tutorial and 45 minutes of break time, including lunch. Day two will be 8 hours 30 minutes in length and will include 58 minutes of break time, including lunch. Day three will be 6 hours 30 minutes in length and will include a 15-minute tutorial and 46 minutes of break time, including lunch.  Testing on day one is divided into blocks of approximately 45 minutes each. Testing on day two is divided into blocks of approximately 34-45 minutes each. Testing on day three is divided into blocks of approximately 36 minutes each with one case per block. The total number of questions is the same as the standard time exam.  ***If you complete the tutorial or an examination block in less time than allotted, you may add the unused time to your available break time.***

> You will be notified under a separate e-mail, with information, on how to obtain your electronic Scheduling Permit through our new Candidate website. The electronic Scheduling Permit will contain all of the information that you need to schedule your examination. To facilitate the scheduling of your exam, **please call Prometric at the number listed on your scheduling permit as soon as you receive it.**

INFORMATION ABOUT YOUR TEST ACCOMMODATIONS
**To protect your confidentiality,** test center proctors do not have information about your accommodations. If you have any questions concerning your accommodations, please call the USMLE Disability Services at (215) 590-9869.

**You may not change these accommodations** at the test center on your scheduled exam day. If you choose not to use these accommodations, please notify the Federation of State Medical Boards immediately for instructions on re-registering for your exam at (817) 868-4041.

SCORE REPORTING
As indicated in the Guidelines, your score report and transcripts of your scores (sent to third parties at your request) may note that this examination was administered with test accommodations.

Sincerely,

Deborah Cusson
Supervisor, Registration Services

cc: Disability Services



*Federation of*
**STATE**
**MEDICAL**
**BOARDS**

September 2, 2008

C. Earl Grant
P. O. Box 551
Fort Drum, NY 13602

Dear Dr. Grant:

I have received your letter dated August 18, 2008 indicating that you have not received a follow up email from the Federation of State Medical Boards regarding your Step 3 examination scheduling permit and your request for refund due to your not being able to test at this time due to your military commitments.

This letter confirms that emails were sent to you on April 16, 2008, indicating that Federation of State Medical Boards was processing your application and another email on June 6, 2008, indicating that your Step 3 examination scheduling permit was available for you to access and print from the Candidate website. Another email was sent on July 29, 2008 (this was an email sent by myself) indicating that we had not seen that you had scheduled your Step 3 exam. All of the emails were returned to us stating the following: "The sender is not authorized to send to the destination. This can be the result of per-host or per-recipient filtering. Client host blocked using blackholes.excite.com; Sender address rejected: Access denied." If the usmle@fsmb.org or dcusson@fsmb.org email addresses are blocked, you will not receive your email notifications. I have included copies of the information that was provided to us when the emails were returned. To ensure receipt of emails from the Federation of State Medical Boards will require that you give permissions either through your own filtering or by contacting your email service to ensure that emails sent from the Federation of State Medical Boards are allowed.

As we have discussed previously over the phone and via email, your scheduling permit and score report are only accessible through the Candidate website. You do not have to wait for an email to access your Step 3 exam information, you can access the Candidate website at any time to know the status of your application and print your scheduling permit and/or score report.

If you wish to cancel your current Step 3 application and request a refund, you will need to submit an explanation of the reason for the request for a refund and the supporting documentation (a copy of the orders from the military changing your duty station or status), as you have done with your previous Step 3 application based on a letter from me dated March 3, 2008.

I tried to contact you by phone, however, no phone number was provided on your most recent Step 3 application.

Sincerely,

Debbie Cusson
Supervisor, Registration Services

Enclosures

## Deborah Cusson (FSMB)

**From:**       System Administrator [donotreply@fsmb.org]
**Sent:**       Tuesday, July 29, 2008 6:08 PM
**To:**         Deborah Cusson (FSMB)
**Subject:**    Non delivery report: 5.7.1 (Delivery not authorized)

**Attachments:**    delivery-status.txt; message-header.txt; USMLE Step 3 Application - 40483067

delivery-status. message-heade USMLE Step 3
txt (553 B)     r.txt (1 KB)   pplication - 404.

                            Your message

   From:       Deborah Cusson (FSMB) <DCusson@fsmb.org>

   To:   grant965@excite.com

   Subj:       USMLE Step 3 Application - 40483067
   Sent:       2008-07-29 16:06

has encountered a delivery problem.


Reason: Delivery not authorized
The sender is not authorized to send to the destination.
This can be the result of per-host or per-recipient filtering.

Transcript of session:
RCPT TO:<grant965@excite.com>
554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19




---
Delivery status:
Date: Tue, 29 Jul 2008 18:08:12 -0500
Reporting-MTA: dns; oper-xwall.fsmb.org
Received-From-MTA: dns; mail.fsmb.org
Arrival-Date: Tue, 29 Jul 2008 16:06:34 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
 RCPT TO:<grant965@excite.com>
 554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19

1

delivery-status.txt

Date: Tue, 29 Jul 2008 18:08:12 -0500
Reporting-MTA: dns;oper-xwall.fsmb.org
Received-From-MTA: dns;mail.fsmb.org
Arrival-Date: Tue, 29 Jul 2008 16:06:34 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
RCPT TO:<grant965@excite.com>
554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: ws-19

Page 1

```
                           message-header.txt
Received: from mail.fsmb.org [192.168.1.3]
        by oper-xwall.fsmb.org
        with XWall v3.40 ;
        Tue, 29 Jul 2008 16:06:33 -0500
X-MimeOLE: Produced By Microsoft Exchange V6.5
Content-class: urn:content-classes:message
MIME-Version: 1.0
Content-Type: multipart/alternative;
        boundary="----_=_NextPart_001_01C8F1BE.F73744E0"
Subject: USMLE Step 3 Application - 40483067
Date: Tue, 29 Jul 2008 16:06:27 -0500
Message-ID: <3BBB4236D90D454A8DBB796927F60E84030329D3@svr-exchange03.fsmb.org>
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
Thread-Topic: USMLE Step 3 Application - 40483067
Thread-Index: Acjxvvcsqjwnwty4TYijv644PrlnPg==
From: "Deborah Cusson \(FSMB\)" <DCusson@fsmb.org>
To: <grant965@excite.com>
```

## Deborah Cusson (FSMB)

**From:** Deborah Cusson (FSMB)
**Sent:** Tuesday, July 29, 2008 4:06 PM
**To:** grant965@excite.com
**Subject:** USMLE Step 3 Application - 40483067

Dear Dr. Carrol Earl Grant:

I just wanted to communicate with you in reference to your Step 3 application and the scheduling of your Step 3 exam.

I have noticed that your current eligibility expires on September 11, 2008 and that I don't show that you have scheduled your exam or accessed your scheduling permit.

Emails that were sent to you regarding the processing of your application have been returned to us stating "failed" or 'Delivery not authorized, the sender is not authorized to send to the destination. This can be the result of per-host or per-recipient filtering, or 'access denied'.

I know that we have discussed that permits are no longer mailed and that you must access them from the Candidate website. I just wanted to be sure that you were aware that your eligibility would soon expire. Should you need an extension you would be required to submit an eligibility extension request along with the appropriate fee to be received not later than 10 days after your current ending eligibility period.

Please contact me if you have any questions.

Sincerely,

Debbie Cusson, Supervisor, Registration Services

## USMLE Inbox

**From:**          System Administrator [donotreply@fsmb.org]
**Sent:**          Friday, June 06, 2008 10:58 AM
**To:**            USMLE Inbox
**Subject:**       Non delivery report: 5.7.1 (Delivery not authorized)

**Attachments:**   delivery-status.txt; message-header.txt; USMLE Step 3 Scheduling Permit Notice (40483067)

delivery-status. message-heade USMLE Step 3
txt (551 B)      r.txt (1,014 B) heduling Permit

```
                                 Your message

  From:     usmle@fsmb.org

  To:    grant965@excite.com

  Subj:     USMLE Step 3 Scheduling Permit Notice (40483067)
  Sent:     2008-06-06 11:00

has encountered a delivery problem.


Reason: Delivery not authorized
The sender is not authorized to send to the destination.
This can be the result of per-host or per-recipient filtering.

Transcript of session:
RCPT TO:<grant965@excite.com>
554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19




---
Delivery status:
Date: Fri, 6 Jun 2008 10:57:52 -0500
Reporting-MTA: dns; oper-xwall.fsmb.org
Received-From-MTA: dns; mail.fsmb.org
Arrival-Date: Fri, 6 Jun 2008 10:57:40 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
 RCPT TO:<grant965@excite.com>
 554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19
```

1

```
                              delivery-status.txt
Date: Fri, 6 Jun 2008 10:57:52 -0500
Reporting-MTA: dns; oper-xwall.fsmb.org
Received-From-MTA: dns; mail.fsmb.org
Arrival-Date: Fri, 6 Jun 2008 10:57:40 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
 RCPT TO:<grant965@excite.com>
 554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19
```

Page 1

## USMLE Inbox

**From:** USMLE Inbox

**Sent:** Friday, June 06, 2008 11:01 AM

**To:** grant965@excite.com

**Subject:** USMLE Step 3 Scheduling Permit Notice (40483067)

Name: Carrol Earl Grant
USMLE: 40483067
Request ID: 19205498

Your USMLE Step 3 **SCHEDULING PERMIT IS NOW AVAILABLE** on the Step 3 Candidate Website . **YOU MUST PRINT YOUR SCHEDULING PERMIT AND BRING IT WITH YOU TO THE TEST CENTER ON YOUR SCHEDULED TEST DATE.** You will be unable to test if you do not bring your Scheduling Permit to the test center. A link to this site is also available on the Examination Services, Step3 Home page under Candidate Website at the FSMB website: www.fsmb.org

Please be aware that test centers fill up quickly and you are advised to schedule a test date as soon as possible.

Please note that you will **NOT** receive a Scheduling Permit for this exam by mail.

If you have any questions about your Scheduling Permit, please reply to this email or call the Federation of State Medical Boards at 817-868-4041.

## USMLE Inbox

| | |
|---|---|
| **From:** | System Administrator [donotreply@fsmb.org] |
| **Sent:** | Wednesday, April 16, 2008 8:15 PM |
| **To:** | USMLE Inbox |
| **Subject:** | Non delivery report: 5.7.1 (Delivery not authorized) |

**Attachments:** delivery-status.txt; message-header.txt; Now Processing your USMLE Step3 Application Notice (40483067)

delivery-status.message-header Now Processing
txt (553 B)    r.txt (774 B)  our USMLE Step

```
                              Your message

 From:     usmle@fsmb.org

 To:   grant965@excite.com

 Subj:     Now Processing your USMLE Step3 Application Notice (40483067)
 Sent:     2008-04-16 19:45

has encountered a delivery problem.


Reason: Delivery not authorized
The sender is not authorized to send to the destination.
This can be the result of per-host or per-recipient filtering.

Transcript of session:
RCPT TO:<grant965@excite.com>
554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19




---
Delivery status:
Date: Wed, 16 Apr 2008 20:14:44 -0500
Reporting-MTA: dns; oper-xwall.fsmb.org
Received-From-MTA: dns; mail.fsmb.org
Arrival-Date: Wed, 16 Apr 2008 19:44:08 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
 RCPT TO:<grant965@excite.com>
 554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19
```

delivery-status (2).txt
Date: Wed, 16 Apr 2008 20:14:44 -0500
Reporting-MTA: dns; oper-xwall.fsmb.org
Received-From-MTA: dns; mail.fsmb.org
Arrival-Date: Wed, 16 Apr 2008 19:44:08 -0500

Final-Recipient: rfc822; grant965@excite.com
Remote-MTA: dns; xmxatip.excite.com
Action: failed
Status: 5.7.1
Diagnostic-Code: smtp;
 RCPT TO:<grant965@excite.com>
 554 5.7.1 Service unavailable; Client host [216.65.195.134] blocked using
blackholes.excite.com; Sender address rejected: Access denied Error: WS-19

## USMLE Inbox

**From:**   USMLE Inbox
**Sent:**   Wednesday, April 16, 2008 7:46 PM
**To:**   grant965@excite.com
**Subject:** Now Processing your USMLE Step3 Application Notice (40483067)

**THIS IS AN AUTOMATICALLY GENERATED EMAIL.**
**Any replies or questions must be routed through the following email address: <u>usmle@fsmb.org</u> or by calling**
**817-868-4041.**

Dear Doctor:

FSMB has started processing your Step 3 application submitted online. Please remember that we cannot complete processing of your application until we receive the following:

- Step 3 Certification of Identity (CID) page with your photo ID ( Note: Beginning with the 2005 application, the Step 3 CID page is valid for 5 years. If a valid Step 3 CID page is already on file with FSMB, it is not necessary to resubmit a new form when reapplying for Step 3.)
- Any required documents, if applicable (e.g., postgraduate training form)

If you have not already done so, mail the Step 3 CID page and/or any required documents (if applicable) to:

> FSMB
> Attn: Exam Department
> 400 Fuller Wiser Rd, Ste 300
> Euless, TX 76039

Processing of your online application should be completed within 10 business days of receipt of your Step 3 CID page and/or any additional documents. You will receive another email once your application has been approved.

If you have not received notification of you approval within 10 business days, you should contact FSMB at 817-868-4041. You can monitor the progress of your application's status on the Step 3 Candidate web page: <u>Candidate Website</u>. Please allow 2-3 business days for status information to reach the Candidate web page.


Sincerely,
Examination Services

Federation of State Medical Boards

req# Name: Carrol Earl Grant - RequestID: 19205498

```
                               message-header (2).txt
Received: from mail.fsmb.org [192.168.1.3]
         by oper-xwall.fsmb.org
         with XWall v3.40 ;
         Wed, 16 Apr 2008 19:43:26 -0500
Received: from spock ([192.168.1.40]) by svr-exchange03.fsmb.org with Microsoft
SMTPSVC(6.0.3790.3959);
         Wed, 16 Apr 2008 19:43:25 -0500
Message-ID: <-1267148626.1208393153689.JavaMail.javamailuser@localhost>
Date: Wed, 16 Apr 2008 19:45:53 -0500 (CDT)
From: usmle@fsmb.org
To: grant965@excite.com
Subject: Now Processing your USMLE Step3 Application Notice (40483067)
MIME-Version: 1.0
Content-Type: text/html; charset=us-ascii
Content-Transfer-Encoding: 7bit
Return-Path: usmle@fsmb.org
X-OriginalArrivalTime: 17 Apr 2008 00:43:25.0989 (UTC) FILETIME=[0BF45D50:01C8A024]
```