UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

C. EARL GRANT,

                           Plaintiff,

vs.                                                  Civil Action No.
                                                       7:07-cv-00996
NATIONAL BOARD OF MEDICAL EXAMINERS and     (TJM-GJD)
FEDERATION OF STATES MEDICAL BOARD,

                           Defendants.
_____

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS'**
**CROSS MOTION FOR SUMMARY JUDGMENT**

                                                            WARD NORRIS HELLER & REIDY LLP
                                                            *Attorneys for defendants*
                                                               *National Board of Medical Examiners*
                                                               *and Federation of State Medical Boards*
                                                             300 State Street
                                                             Rochester, New York 14614
                                                            (585) 454-0700

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................... ii

**ARGUMENT** ........................................................................................ 1

    POINT I -- THE COURT SHOULD DEEM DEFENDANT'S RULE 7.1(a)(3) STATEMENT ADMITTED AND GRANT THEM SUMMARY JUDGMENT BECAUSE PLAINTIFF FAILED TO FILE A RESPONSIVE STATEMENT OF MATERIAL FACTS ... 1

    POINT II -- PLAINTIFF FAILS TO OFFER EVIDENCE OF A GENUINE ISSUE OF MATERIAL FACT IN OPPOSITION TO DEFENDANTS'CROSS MOTION FOR SUMMARY JUDGMENT. 3

**CONCLUSION** ................................................................................... 7

# TABLE OF AUTHORITIES

*Cardoza v. Healthfirst, Inc.*, 210 F.Supp.2d 224 (S.D.N.Y. 1999) ……………………….. 7

*Hill v. Rayboy-Brauestein*, 467 F.Supp.2d 336 (S.D.N.Y. 2006) ……………………….. 7

*Krug v. County of Rennselaer*, 559 F.Supp.2d 223 (N.D.N.Y. 2008) ………………….... 1

*Legant v. Chase Bank USA, N.A.*, No. 06-CV-1271, 2008 WL 510314 (N.D.N.Y. Dec. 1, 2008) ……………………………………………………………………………….. 1, 3

*McKnight v. Dormitory Auth. of State of N.Y.*, 189 F.R.D. 225 (N.D.N.Y. 1999) ……………. 3

*Osier v. Broome County*, 47 F.Supp.2d 311 (N.D.N.Y. 1999) …………………………... 2

*Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir.2004) ………………………………….. 4

*Saunders v. Ricks*, No. 9:03-CV-598, 2006 WL 3051792 (N.D.N.Y. Oct. 18, 2006) …………... 7

*Tatta v. Wright*, No. 05-CV-007, 2007 WL 2993823 (N.D.N.Y. Oct. 10, 2007) ……………….. 4

## **ARGUMENT**

### **POINT I**

### **THE COURT SHOULD DEEM DEFENDANTS' RULE 7.1(a)(3) STATEMENT ADMITTED AND GRANT THEM SUMMARY JUDGMENT BECAUSE PLAINTIFF FAILED TO FILE A RESPONSIVE STATEMENT OF MATERIAL FACTS**

Local Rule 7.1(a)(3) requires a party moving for summary judgment to file a statement that sets forth, in separately numbered paragraphs and supported by citations to affidavits or other admissible evidence, the material facts to which the moving party believes there is no dispute. The party opposing the summary judgment is then required to file a response that "mirror[s] the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." N.D.N.Y. Local Rule 7.1(a)(3). For each denial or additional fact set forth in his response, the non-movant must provide "a specific citation to the record where the factual issue arises." *Id.*

Defendants NBME and FSMB filed a properly supported Statement of Undisputed Material Facts in support of their Cross Motion for Summary Judgment. *See Docket Entry 38(18).* Plaintiff failed to file a responsive statement as required by the Local Rule. "The responding Statement of Material Facts is not a mere formality, and the courts apply this rule strictly." *Krug v. County of Rennselaer*, 559 F.Supp.2d 223, 235 (N.D.N.Y. 2008) (McAvoy, J.). Plaintiff's *pro se* status does not excuse his failure to respond to defendants' Rule 7.1(a)(3) statement. *See Legant v. Chase Bank USA, N.A.*, No. 06-CV-1271, 2008 WL 5105314, fn.1 (N.D.N.Y. Dec. 1, 2008) (McAvoy, J.) (defendant's "properly supported statement of material facts" deemed admitted because *pro se* plaintiff failed to file a response); *Krug,* 559 F.Supp.2d at

1

234-35 (*pro se* plaintiff, "like all parties, must follow the procedural formalities of Local Rules, including Local Rule 7.1(a)(3)").

Plaintiff received three separate written warnings regarding the consequences of his failure to file a response to defendants' Rule 7.1(a)(3) statement, and the Court provided him with a printed copy of the Local Rules. *See Docket Entries 38(22), 39 and 45.* Moreover, plaintiff is highly educated, holding both an M.D. and a Ph.D., and is no stranger to litigation, having brought two previous lawsuits against NBME. Clearly, plaintiff is capable of reading and understanding the explicit requirements of Local Rule 7.3(a)(3), yet he failed to submit a responsive statement of material facts, as the rule requires.

Even if the Court were to treat plaintiff's affidavit as his response to defendants' Statement of Undisputed Material Facts, it still would not satisfy the requirements of Local Rule 7.1(a)(3). Plaintiff's affidavit does not mirror defendants' Statement by admitting or denying their factual assertions in matching numbered paragraphs. *See* Local Rule 7.1(a)(3). And although plaintiff does admit some of the facts set forth by defendants, *see Grant Aff.*, ¶¶ 1, 2, 6, 7, 40, and 48, he does not specifically deny any of them. Moreover, plaintiff's affidavit -- replete with conclusory and often inflammatory allegations -- is made almost entirely without record citation to any admissible facts.[1] Under these circumstances, plaintiffs' affidavit cannot be considered a proper Rule 7.1(a)(3) statement. *E.g., Osier v. Broome County*, 47 F. Supp.2d 311, 317 (N.D.N.Y. 1999) (McAvoy, J.) (deeming movant's properly submitted Rule 7.1(a)(3) statement to be admitted where plaintiff filed a 13 page response filled with purported facts

---

[1] The few references to Exhibits often do not support the facts alleged. *See, e.g., Grant Aff.*, ¶ 5 (citing Plaintiff's 1996 complaint in support of his claim that "NBME intentionally denied its involvement with the Step 3 USMLE in its effort to limit a settlement agreement with plaintiff...."); *Grant Aff.*, ¶ 25 (p. 10) (citing a settlement proposal from defendants in support of his claim that "FSMB/NBME did not perform a score recheck by hand-scoring using the appropriate key as requested by plaintiff."). Those few record citations that do support plaintiff's purported facts are immaterial to this dispute. *See infra,* Point II(B).

2

without record citation); *McKnight v. Dormitory Auth. of State of N.Y.*, 189 F.R.D. 225, 227 (N.D.N.Y. 1999)(McAvoy, J.) ("deem[ing] portions of the Defendants 7.1(a)(3) statement that are not specifically controverted to be admitted"). Because plaintiff failed to comply with Local Rule 7.1(a)(3), the Court should deem defendants' properly supported Statement of Facts to be admitted and grant defendants' Cross Motion for Summary Judgment.

## POINT II

### PLAINTIFF FAILS TO OFFER EVIDENCE OF A GENUINE ISSUE OF MATERIAL FACT IN OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

**A.  Plaintiff Does Not Dispute That His Claims Regarding His Step 1 and Step 2 Examinations Are Barred By The Statute of Limitations.**

Plaintiff does not dispute that his claims regarding his Step 1 and Step 2 examinations are time-barred. In fact, in his affidavit, plaintiff confirms that all of the alleged wrongdoing regarding his Step 1 and 2 examinations arose prior to 2001. *Id.*, ¶¶ 6-26. Because the 6 year statute of limitations for breach of contract claims passed well before plaintiff filed his complaint in September 2007, summary judgment is warranted on plaintiff's first, second, and third causes of action insofar as they relate to plaintiff's Step 1 and 2 exams. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend and in Support of Their Cross-Motion for Summary Judgment ("Defendant's Memorandum of Law"), pp. 14-15; *see Legant*, 2008 WL 5105314, *4 (in breach of contract claim, summary judgment granted on the unopposed material facts set forth by the movant).

**B.  Plaintiff Failed To Demonstrate A Genuine Material Issue Exists As To His Step 3 Breach of Contract Claims.**

3

Plaintiff alleges that defendants breached the 1998 settlement agreement by failing to score his Step 3 exams objectively, and that they violated his rights as a test taker and their own internal rules by not scoring his exams objectively and not rescoring his examinations when requested. Complaint ¶¶ 35, 37, 39. Plaintiff's affidavit in opposition to defendants' Cross Motion for Summary Judgment expands somewhat upon the allegations of his complaint, alleging that defendants refused to preserve examination materials or to recheck his Step 3 scores "by hand," and that they delayed in processing his applications. Neither plaintiff's affidavit nor the attached exhibits are sufficient to create a genuine issue of material fact with respect to his breach of contract claims and, therefore, defendants are entitled to summary judgment.[2]

Initially, plaintiff's allegations in his affidavit are made largely without personal knowledge, are unsupported by admissible evidence, and/or are based on inadmissible hearsay. Those allegations are, therefore, insufficient to defeat defendants' Cross Motion for Summary Judgment. *Tatta v. Wright*, No. 05-CV-007, 2007 WL 2993823 (N.D.N.Y. Oct. 10, 2007) (affidavit asserting facts not personally known to the declarant may not be considered in opposition to a motion for summary judgment); *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004) (affidavit containing conclusory allegations, statements or information not based on declarant's personal knowledge, or hearsay which would not be admissible at trial will not be considered on motion for summary judgment).

Moreover, many of the plaintiff's unsupported allegations are inaccurate and misleading. For example, in support of his claim of retaliation in violation of the 1998 settlement agreement,

---

[2] Plaintiff also raises a claim for "discriminatory scoring." Plaintiff's complaint offers no insight into the basis for that claim, and his opposition to defendants' Cross Motion for Summary Judgment sheds no further light on his claim. Other than his own, subjective belief that he could not have failed the Step 3 exam, plaintiff offers nothing to suggest that defendants engaged in any discrimination in the scoring of his exams. In the absence of any evidence to support a claim of discriminatory scoring, defendants are entitled to summary judgment. *See* Defendants Memorandum of Law, pp. 22-23.

plaintiff insinuates that FSMB lied about the reason for a purported delay in the processing of his application to take the 2003 Step 3 exam. *See Grant Aff.*, ¶¶ 29 – 31. Plaintiff claims an FSMB employee informed him that it "was awaiting the State Medical Board of Ohio approval of [his] application," but that, in actuality, the State Medical Board of Ohio ("SMBO") does not approve or disapprove medical licensing applications. *See Grant Aff.*, ¶ 29. In support, plaintiff submits a letter from the State Medical Board of Ohio ("SMBO"),[3] which states that there was no communication between the SMBO and FSMB "in reference to Dr. Grant's application," and that the SMBO "does not customarily verify eligibility, and it is the responsibility of the applicant to apply for Step 3 directly with the FSMB." *See Docket Entry 52.*

However, as set forth in the Supplemental Declaration of David A. Johnson, FSMB contacted the SMBO regarding plaintiff's request for exam accommodations, *not* to verify plaintiff's eligibility for the Step 3 examination, as plaintiff contends. *Johnson Suppl. Decl.*, ¶ 5. On April 7, 2003, FSMB requested that the SMBO approve its recommendation regarding plaintiff's accommodation request. *Id.* at ¶ 6. Approximately 5 weeks later, on May 15, 2003, the SMBO faxed its approval to the FSMB. *Id.* Thus, plaintiff's unsupported and inadmissible "evidence" of defendants' purported retaliation is belied by the facts.

But even if the Court were to accept the unsupported and inadmissible allegations in plaintiffs' affidavit as true, they do not raise a question of material fact sufficient to defeat summary judgment. Plaintiff does not and cannot point to a single term in the 1998 settlement agreement or a single policy or procedure which requires them to perform score rechecks of his Step 3 examinations by hand, to preserve his Step 3 examination materials, or to process his Step 3 applications in a time frame conforming to his personal needs and preferences. Similarly,

---

[3] The letter appears to be a response to a request from Dr. Grant (which request was not submitted to the Court). The letter does not, therefore, appear to be a business record made in the ordinary course of the SBMO's business and is inadmissible hearsay.

5

plaintiff cannot demonstrate that defendants' refusal to grant his untimely score recheck requests was in violation of their policies or procedures. Plaintiff does not dispute that defendants' policy is that score recheck requests must be submitted within 90 days of the date the score was released, nor does he dispute that his rescore requests were submitted well outside that 90 day window. *See Grant Aff.*, ¶¶ 27-35, 49.

Nor can plaintiff demonstrate that defendants violated the 1998 settlement agreement or their internal policies and procedures by failing to make additional efforts to notify plaintiff of the status of his Step 3 applications when his email account rejected FSMB emails. *See Grant Aff.*, pp. 8-9, ¶¶ 28-30. To the contrary, the undisputed evidence shows that FSMB clearly advised Step 3 candidates that email was its primary means of communicating with them and that they were responsible for providing FSMB with a working email address. *Johnson Suppl. Decl.*, ¶ 10. Moreover, FSMB clearly advised candidates that they were free to check the status of their applications and permits through its Candidate Website at any time. *Id.* at 12.

Finally, even if taken as true, plaintiff's unsupported allegations do not support his claim that defendants retaliated against him, in violation of the 1998 settlement agreement. Plaintiff concedes that FSMB was not a party to that settlement agreement. *See Grant Aff.*, ¶ 48. Moreover, the 1998 Settlement Agreement provides that "NBME agrees not to retaliate against Grant in any manner *in connection with the testing or scoring* of any future examination taken by Grant and administered or scored by NBME, or in connection with the exercise of Grant's rights under this Agreement." Cross-motion Appendix Exhibit 51, ¶ 6(a). Even if plaintiff's complaints about administrative delays and failure to advise him of changes in policies are accepted as true, those complaints have nothing to do with the testing or scoring of any Step 3 examination. Beyond his conclusory assertions that defendants "willfully reported falsified

6

grades," *see Grant Aff.*, p. 8, plaintiff proffers no evidence whatsoever to suggest any impropriety in the scoring of his Step 3 exams. Plaintiff's conclusory allegations are not evidence of willful falsification of grades *Saunders v. Ricks*, No. 9:03-CV-598, 2006 WL 3051792, *3 (N.D.N.Y. Oct. 18, 2006)(to be sufficient to create a factual issue that would defeat summary judgment, an "affidavit must not be conclusory," even if the plaintiff is *pro se*); *Cardoza v. Healthfirst, Inc.*, 210 F.Supp.2d 224, 234 (S.D.N.Y. 1999)("Conclusory allegations made by the Plaintiff of (alleged) discriminatory conduct are insufficient to avoid summary judgment."). Moreover, even if taken as true, neither the alleged delay in processing his Step 3 application nor the purported failure to advise him of policy changes is sufficient to establish that defendants retaliated against him in the exercise of his rights under the 1998 settlement agreement. *Hill v. Rayboy-Brauestein*, 467 F.Supp.2d 336, 352 (S.D.N.Y. 2006)(even taking plaintiff's conclusory allegations as true, plaintiff's evidence was not sufficient to overcome summary judgment where the actions asserted were not materially adverse). Because plaintiff offers no admissible evidence to establish a genuine issue of material fact with respect to any of his causes of action, summary judgment in favor of defendants is warranted.

## CONCLUSION

For the foregoing reasons, this Court should grant defendants' Cross Motion for Summary Judgment and dismiss plaintiff's complaint in its entirety.

7

Dated: February 27, 2009

        Respectfully submitted,

        WARD NORRIS HELLER & REIDY LLP

        s/Pamela S. C. Reynolds

        Heidi S. Martinez
        Ward Norris Heller & Reidy, LLP
        300 State Street
        Rochester, New York 14614
        (585) 454-0700

        *Attorneys for National Board of Medical Examiners and Federation of State Medical Boards*

        Of Counsel:

        Thomas S. D'Antonio
        Ward Norris Heller & Reidy, LLP
        300 State Street
        Rochester, New York 14614

        Pamela S. C. Reynolds
        Ward Norris Heller & Reidy, LLP
        300 State Street
        Rochester, New York 14614

TO: C. Earl Grant, M.D. Ph.D.
    P.O. Box 551
    Fort Drum, NY 13602

    C. Earl Grant, M.D. Ph.D.
    US Army Medical Department
    DHCN-Fort Belvoir
    P.O. Box 1067
    Fort Belvoir, VA 22060