UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

*7:07cv996*

RE:   Civil No. CV 3-96-310
RE:   File No. 99-66 DSD/JMM

C. Earl Grant,

        Plaintiff,

SUPPLEMENTAL RESPONSE TO THE
DEFENDANTS MOTION
FOR SUMMARY JUDGMENT

vs.

L. Thompson-Bowles, Brian Wilsford, Deborah Cusson
David Johnson, Gerald S. Golden, National Board of Medical Examiners
Federation of States Medical Boards

        Defendants

---

      The Plaintiff supplements his Affidavit In Opposition to the Defendants' Motion for Summary Judgment, as follows:

      Paragraphs 1, 2, 3, and 4 of the Defendants' Statement of Undisputed Material Facts ("Defendants' Statement) are specifically addressed in paragraphs 1,2,3, and 4 of the Plaintiff's Affidavit in Opposition To Motion for Summary Judgment (Plaintiff's Affidavit).

      Paragraphs 5, 6, and 7 of the Defendant's Statement are admitted.

      Paragraphs 8 and 9 of the Defendant's Statement are addressed in paragraphs 6 and 7 of the Plaintiff's Affidavit.

      Plaintiff denies paragraphs 10. Plaintiff paid the fees and requested the hand-scoring of all Step 1 USMLE examinations except the June 1994 and the June 1996 examinations.

      Plaintiff denies paragraph 11. The NBME refused to regrade each examination by hand-scoring using the respective answer keys and issued a reply on each occasion indicating that the scores were correct as originally reported.

1

Plaintiff denies paragraph 12. Paragraph 12 of the Defendant's Statement is addressed in paragraphs 8 of the Plaintiff's Affidavit. Plaintiff paid the fees and requested the hand-scoring of all Step 1 USMLE examinations except the June 1994 and the June 1996 examinations.

Paragraph 13 of the Defendant's Statement also addressed in paragraph 13 of the Plaintiff's Affidavit. Plaintiff received a passing grade for the June 1996 Step 1 USMLE only after a joint claims by African-American female, Cele Watts and plaintiff were filed against the NBME (RE: Civil No. CV 3-96-310).

Paragraph 14 of the Defendant's Statement is addressed in paragraphs 15 to 21 of the Plaintiff's Affidavit.

Paragraph 15 of the Defendant's Statement is admitted.

Paragraph 16 of Defendant's statement is admitted.

Paragraph 17 of the Defendant's Statement is addressed in paragraphs 20, 21, 22, 23, 24, 25, of the Plaintiff's Affidavit.

Paragraph 18 of the Defendant's Statement is addressed in paragraphs 26 of the Plaintiff's Affidavit.

Paragraph 19 of the Defendant's Statement is addressed in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of Plaintiff's Affidavit.

Plaintiff disagrees with paragraph 20 of the Defendant's Statement.

Plaintiff disagrees with paragraph 21 of the Defendant's Statement.

Plaintiff disagrees with paragraph 22 of the Defendant's Statement. Paragraph 22 of the Defendants' statement is addressed in paragraphs 27 to 38 of Plaintiff's Affidavit.

Paragraph 23 of the Defendant's Statement is denied by Plaintiff.

Paragraph 24 of the Defendant's Statement is admitted by Plaintiff.

Paragraph 25 of the Defendant's Statement is admitted.

Paragraph 26 of the Defendant's Statement is admitted.

Paragraph 27 of the Defendant's Statement is denied. The facts have been addressed on paragraph 34 of Plaintiff's Affidavit.

Paragraph 28 of the Defendant's Statement is denied by Plaintiff.

Paragraph 29 of the Defendant's Statement is admitted by Plaintiff.

Paragraph 30 of the Defendant's Statement is admitted by Plaintiff.

Paragraph 31 of the Defendant's Statement is addressed in paragraphs 35 of the Plaintiff's Affidavit.

Paragraph 32 of the Defendant's Statement is denied by Plaintiff.

Paragraph 33 of the Defendant's Statement is admitted by Plaintiff

Paragraph 34 of the Defendant's Statement also addressed in paragraph 36, 37 and 38 of the Plaintiff's Affidavit.

Paragraph 35 of the Defendant's Statement is denied by the Plaintiff. The facts have been addressed in Paragraphs 37 through 44 of the Plaintiff's Affidavit.

Paragraph 36 of the Defendants' Statement is addressed in paragraph 49 of the Plaintiff's Affidavit.

Paragraph 37 of the Defendants' Statement is admitted.

Paragraph 38 of the Defendants' Statement is admitted.

Paragraph 39 of the Defendants' Statement is addressed in paragraph 49 of the Plaintiff's Affidavit.

Paragraph 40 of the Defendants' Statement is admitted.

Paragraph 41 of the Defendants' Statement is addressed in paragraphs 45 through 53 of the Plaintiff's Affidavit.

Paragraph 42 of the Defendants' Statement is addressed in paragraphs 45 through 53, and 56 through 58 of the Plaintiff's Affidavit.

Paragraph 43 of the Defendants' Statement is addressed in paragraphs 54 and 55 of the Plaintiff's Affidavit.

Plaintiff denies any and all other allegations not specifically addressed herein.

Regarding the Defendants' argument that my claims have been barred by various statutes of limitations, the Servicemembers' Civil Relief Act, at 50 USC app Section 526(a), indicates in relevant part that, "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the brining of any action or proceeding in a court, or in any board, bureau, commission, department or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns." Since the Plaintiff has been on continuous active duty since 4 August 2003, the entire period must be excluded from any computation of a period under the statute of limitations.

**WHEREFORE**, the Plaintiff requests that the Defendants' motion be denied.

Date: *17 March 2009*

C. Earl Grant
P.O. Box 1067
Fort Belvoir, VA 22060

---

Subscribed and sworn before me
This *17* day of March, 2009

*Pamela A. Jeosu*
Notary Public

*Customer ID. # 365367*
*My Commission Expires - 31AUG09*

4

## CERTIFICATE OF SERVICE

I, C. Earl Grant, the Plaintiff in this case, do hereby certify that on this _17th_ day of March 2009, I mailed a true copy of the foregoing by postage prepaid first class mail, to all counsel of record.

Dated: _17-March 09_

BY: _C. Earl Grant, M.D._
C. Earl Grant, M.D., Ph.D.
Plaintiff, *Pro Se*
9501 Farrell Road
P.O. Box 1067
Fort Belvoir, VA 22060
(561) 537-0229

Pamela S. Pessin
Fairfax Co, VA
Customer I.D. # 365367
My Commission Expires 31AUG09