U.S. DISTRICT COURT - N.D.
FILED
MAR 27 2009
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Ba

# THE JUDGE ADVOCATE GENERAL'S SCHOOL GUIDE TO THE SERVICEMEMBERS CIVIL RELIEF ACT

7:07-CV-996
EXHIBIT IN SUPPORT OF
SUPPLEMENTAL RESPONSE

Cover design by ABA Publishing

The materials contained herein represent the opinions and views of the authors and/or the editors, and should not be construed as necessarily reflecting the views of the Judge Advocate General of the United States Army or any government agency, nor as reflecting the views and opinions of the American Bar Association, unless adopted pursuant to the by-laws of the Association.

Nothing contained in this book is to be considered as the rendering of legal advice for specific cases, and readers are responsible for obtaining such advice from their own legal counsel. This book and any forms and agreements herein are intended for educational and informational purposes only.

© 2007 American Bar Association. All rights reserved. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the publisher. For permission contact the ABA Copyrights & Contracts Department, copyright@abanet.org or via fax at (312) 988-6030.

This volume is published by the American Bar Association with the cooperation and agreement of The Judge Advocate General's Legal Center & School, U.S. Army. The materials contained herein comprise publication JA 260 of The Judge Advocate General's Legal Center & School, U.S. Army.

11 10 09 08 07   5 4 3 2 1

Cataloging-in-Publication data is on file with the Library of Congress

The servicemembers civil relief act guide
    ISBN: 1-59031-815-3

Discounts are available for books ordered in bulk. Special consideration is given to state bars, CLE programs, and other bar-related organizations. Inquire at Book Publishing, ABA Publishing, American Bar Association, 321 North Clark Street, Chicago, Illinois 60610.

www.ababooks.org

There have been only a few reported decisions addressing the statute's predecessor. Those that have, discuss the matter along lines very similar to ordinary stays. For example, the courts are vested with a degree of discretion in deciding what constitutes material effect[233] and a mere showing that the person is in or is now in the military service is not sufficient.[234]

### B. Department of Defense Directive 1344.9

This section does not apply to actions to involuntarily allot military pay to civil creditors pursuant to Department of Defense Directive 1344.9,[235] and Department of Defense Instruction 1344.12.[236] These involuntary allotments are not court-ordered executions or garnishments, and thus this section will not stay enforcement of such an involuntary allotment for non-marital debts.

## IX. Tolling of the Statue of Limitations

### 50 U.S.C. app. § 526

Another significant procedural protection is the provision tolling the running of the statute of limitations:

(a) Tolling of statutes of limitation during military service. The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

(b) Redemption of real property. A period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment.

(c) Inapplicability to internal revenue laws. This section does not apply to any period of limitation prescribed by or under the internal revenue laws of the United States.[237]

---

[232] 50 U.S.C.S. app. § 524 (LEXIS 2006).
[233] See, e.g., Halstead v. Halstead, 165 P.2d 513 (1946); McKinney v. McKinney, 50 N.Y.S.2d 8 (N.Y. Sup. Ct. 1944).
[234] See, e.g., Pope v. United States Fid. & Guar. Co., 20 S.E.2d 618 (1942).
[235] U.S. DEP'T OF DEFENSE, DIR. 1344.9, INDEBTEDNESS OF MILITARY PERSONNEL (27 OCT 1994) [Hereinafter DOD DIR. 1344.9].
[236] U.S. DEP'T OF DEFENSE, INSTR. 1344.12, INDEBTEDNESS PROCESSING PROCEDURES FOR MILITARY PERSONNEL (18 Nov. 1994) [hereinafter DOD INSTR. 1344.12].
[237] 50 U.S.C.S. app. § 526.

*Procedural Protections* 59

This section of the Act tolls statutes of limitation during the period of military service of any military plaintiff or defendant and "once [military service] . . . is shown, the period of limitations is automatically tolled for the duration of the service."[238] The courts have held that this section is applicable to state[239] and municipal governments.[240] It applies in probate,[241] bankruptcy[242] and administrative proceedings[243] to include actions before the boards of correction of military records[244] and matters before the Merit Systems Protection Board.[245] Whether the cause of action accrued prior to or during the period of service is immaterial.[246] This section is inapplicable, however, to periods of limitations imposed by federal internal revenue laws.[247]

Unlike other general relief provisions, section 526 does not require that servicemembers show their military service materially affected their ability to participate in the proceedings. Although there had been some confusion over this point in the past, the Supreme Court said, in a case involving a career servicemember, that "[t]he

---

[238] Ricard v. Birch, 529 F.2d 214, 2117 (4th Cir. 1975). *But see, In re* Sarah C. v. Paul D., 11 Cal. Rptr.2d 414 (1992) (court seems to add an additional, and questionable, requirement that the servicemember seek a stay rather than seek relief simply under the tolling provision). *See also In re* Melicia L. v. Raymond L., 254 Cal. Rptr. 541 (1988).

[239] Parker v. State, 57 N.Y.S.2d 242 (Ct. Cl. 1945).

[240] Calderon v. City of New York, 55 N.Y.S.2d 674 (Sup. Ct. 1945).

[241] State *ex rel.* Estate of Perry v. Roper, 168 S.W.3d 577 (Mo. Ct. App. 2005).

[242] Baxter v. Watson (*In re* Watson), 292 B.R. 441, (Bankr. S.D. Ga. 2003; A.H. Robins Co., Inc. v. Dalkon Shield Claimants Trust, 996 F.2d 716 (4th Cir. 1993).

[243] Shell Oil Co. v. Indus. Comm'n, 94 N.E.2d 888 (1950).

[244] Detweiler v. Pena, 38 F 3d 591 (D.C.Cir., 1994). *Accord* Hanes v. United States, 44 Fed. Cl. 441 (1999); Kosnik v. Peters, 31 F. Supp.2d 151 (D. D.C. 1998); Ortiz v. Sec'y of Defense, 41 F.3d 738 (D.C. Cir. 1994); There is, however, some lingering "debate" about the applicability of the SCRA's tolling provision to the boards of correction statute of limitations. Randall v. United States, 95 F.3d 339, 341 n.3 (4th Cir. 1996). *See also* Mouradian v. John Hancock Cos., 930 F.2d 972 (1st Cir. 1991), *cert. denied*, 503 U.S. 951 (1992) (more specific military tolling provision in National Labor Relations Act requiring showing of material effect held applicable instead of former SSCRA tolling provision).

[245] Davis v. Dep't of the Air Force, 51 M.S.P.R 246 (1991).

[246] Oberlin v. United States, 727 F.Supp. 946 (E.D. Penn. 1989); *In re* Thompson v. Reedman, 201 F. Supp. 837 (E.D. Pa. 1961); Wolf's Estate, 264 F.2d 82 (3rd Cir. 1959).

[247] 50 U.S.C. app. § 526(c) (LEXIS 2006). *See also* Stone v. C.I.R., 73 T.C. 617 (1980). Even those revenue laws benefiting taxpayers, such as those allowing for claims for overpayments, are not tolled. *See, e.g.*, Allen v. United States, 439 F. Supp. 463 (D.C. Cal. 1977).

60   CHAPTER THREE

statutory command... is unambiguous, unequivocal, and unlimited."[248] In other words, the servicemember need make no showing that the military service has materially affected his or her ability to bring a cause of action and the protection is available to career servicemembers.[249]

Notwithstanding the Supreme Court's statements on this point, there is the possibility that the other party will succeed on a claim of laches.[250] In these cases, the court "must have indications of both elements of laches—inexcusable delay in filing suit and prejudice resulting to defendant."[251]

Section 526 can, of course, be a two-edged sword. It can operate both to the advantage and to the disadvantage of a servicemember because it applies to actions by or against the servicemember.[252] It is not applicable to suits involving family members

---

[248] Conroy v. Aniskoff, 507 U.S. 511, 514 (1993). The issue in the case revolved around a career servicemember who failed to pay taxes on real estate and who then failed to seek the property's redemption. *Id.* at 513. Although holding that the former SSCRA's tolling provision worked to the servicemember's advantage, the Court did remark that "we are confident that Congress would have corrected the injustice—or will do so in the future." *Id.* at 518. Thus, it is interesting to compare the older provision with the modern, SCRA, version. Under the prior legislation, the statute stated that "nor shall any part of such [military service] period which occurs after 6 October 1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment." 50 U.S.C. app. § 525 (2000). Congress obviously felt it was being anything but unfair as the new provision explains that "[a] period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment." 50 U.S.C.S. app. § 526(b) (LEXIS 2006). The general tolling provisions have also changed very little. *Compare id.* app. § 526(a), *with* 50 U.S.C. app. § 525 (2000).

[249] In *Conroy*, the Supreme Court not only overruled the Maine Supreme Court, but indicated its specifically its disapproval of certain decisions which had felt there was a need for career servicemembers to show material effect. *See Conroy*, 511 U.S. at 514 n.4 (citing Pannell v. Continental Can Co., 554 F.2d 216 (5th Cir. 1977)); Bailey v. Barranca, 488 P.2d 725 (1971); King v. Zagorski, 207 So.2d 61 (Fla. App. 1968).

[250] Detweiler v. Pena, 38 F 3d 591 (D.C.Cir., 1994). *See also* Neptune v. United States, 38 Fed. Cl. 510 (1997).

[251] Deering v. United States, 620 F.2d 242, 245 (1980) (despite tolling, laches proved). *See also* Cornetta v. United States, 851 F.2d 1372 (Fed. Cir. 1988) (laches not proved); (Foster v. United States, 733 F.2d 88 (Fed. Cir. 1984) (laches proved). Many cases dealing with laches and the former tolling provisions revolve around military pay claims and the like, but the doctrine of laches has been applied notwithstanding the tolling provision in the context of purely civilian controversies. *See, e.g.*, Landis v. Hodgson, 706 P.2d 1363 (Ida. App. 1985).

[252] *See* Ricard v. Birch, 529 F.2d 214, 216 (4th Cir. 1975) ("the parallel purpose of the Act [is] to protect the rights of individuals having causes of action against members of the armed forces"). *See also* Hamner v. BMY Combat Sys. 869 F. Supp. 888 (D. Kan., 1994), *aff'd*, 79 F.3d 1156 (10th Cir. 1996) (suit dismissed where injured servicemember files suit 2 years and one day after release from active duty, one day after running of two year statute of limitations).

and their claims.[253] While the statute's "heirs, executors, administrators, or assigns"[254] language may be of utility to a servicemember's estate, it does not work to extend the protection to family members.[255]

Courts may also decide that the time period in question is not actually a statute of limitation.[256] In addition, the provision only applies to the time period before bringing a suit. It does not extend time periods within a suit, such as time periods to avoid motions to dismiss for failure to prosecute an action.[257] It is inapplicable if the servicemember has no interest in the suit or proceeding.[258] This provision also applies to Reserve Component active military duty service, but not weekend drill or individual unit training[259] and it is, of course, inapplicable to the National Guard when not in federal service.[260] Although a statute of limitations is tolled during periods of active duty, it has been noted that the SSCRA, like the current SCRA, defines "military service" a bit more broadly. It can also encompass "any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause."[261] Thus, a person who was no longer performing ordinary duties but who "was . . . on the 'temporary disability retired list'" would be covered.[262]

## X. Revocation of Interlocutory Orders

A final procedural rule is found in section 583. In straightforward fashion, it provides that "[a]n interlocutory order issued by a court under this Act may be revoked, modified, or extended by that court upon its own motion or otherwise, upon notification to affected parties as required by the court."[263]

---

[253] Ray v. Porter, 464 F.2d 452 (6th Cir. 1972) (statute of limitations tolled as to defendant servicemember, but not as to defendant non-servicemember spouse; cause of action properly maintained against former and properly dismissed as to latter). *Accord* Card v. American Brands Corp., 401 F. Supp. 1186 (D.C.N.Y. 1975) (non-servicemember's loss of consortium barred); Wanner v. Glen Ellen Corp., 373 F. Supp. 983 (D.C. Vt. 1974) (loss of consortium claim barred even though derivative to servicemember's claims).
[254] 50 U.S.C. app. § 526(a) (LEXIS 2006).
[255] Miller v. United States, 803 F.Supp. 1120 (E. D. Va. 1992).
[256] *See, e.g., In re* a Child Whose First Name is Baby Girl, 615 N.Y.S. 2d 800, 801 (N.Y. App. Div. 1994) ("father failed to do all that he could to establish a parental relationship within the six months immediately preceding the child's placement for adoption").
[257] Dellape v. Murray, 651 A. 2d 638 (Pa. Commw. Ct. 1994).
[258] *See, e.g.,* Wells v. Brown, 9 Vet. App. 293 (1996); Carr v. United States, 422 F.2d 1007 (4th Cir. 1970) (no tolling where United States was substituted for servicemember as party to the suit).
[259] Min v. Avila, 991 S.W.2d 495 (Tex. App. 1999).
[260] Bowen v. United States, 49 Fed. Cl. 673, 676 (2001), *aff'd*, 292 F.3d 1383 (Fed. Cir. 2002)
[261] 50 U.S.C.S. app. § 511(2)(C) (LEXIS 2006).
[262] Mason v. Texaco, 862 F.2d 242, 244 (10th Cir. 1988).
[263] 50 U.S.C. app. § 583.